N3F5kwoA

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,                New York, N.Y.

         v.                              23 Cr. 118 (AT)(KHP)

HO WAN KWOK,

              Defendant.

------------------------------x
                                         March 15, 2023
                                         4:55 p.m.


Before:

                    HON. KATHARINE H. PARKER,

                                         U.S. Magistrate Judge



                           APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  RYAN B. FINKEL
     JULIANA MURRAY
     MICAH FERGENSON
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  TAMARA L. GIWA


ALSO PRESENT:  LILY LAU, Mandarin Interpreter
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

N3F5kwoA

1       (Case called)

2       THE DEPUTY CLERK:  Beginning with the government,
3  please make your appearance for the record.

4       MR. FINKEL:  Good afternoon, your Honor.  Ryan Finkel,
5  Juliana Murray, Micah Fergenson for the United States.  We are
6  joined at counsel table by Geoffrey Mearns, who is a paralegal
7  in our office.

8       THE DEPUTY CLERK:  Counsel for Mr. Kwok, please make
9  your appearance for the record.

10      MS. GIWA:  Federal Defenders of New York by Tamara
11 Giwa appearing today for Mr. Miles Guo.  Good afternoon, your
12 Honor.

13      THE COURT:  Good afternoon.  And good afternoon
14 Mr. Kwok.

15      THE DEFENDANT:  (In English)  Your Honor, good
16 afternoon.

17      THE COURT:  I'm Judge Parker.

18      Before we get started, Mr. Kwok, I want to make sure
19 that you can understand and hear the interpreter.

20      THE DEFENDANT:  (In English)  Yes, your Honor.

21      THE COURT:  The purpose of today's proceeding is to
22 inform you of certain rights that you have, to inform you of
23 the charges against you, to consider whether counsel should be
24 appointed for you, and decide under what conditions, if any,
25 you shall be released pending trial.

|   |   |
|---|---|
| 1 | Now, can the government provide the date and time of |
| 2 | arrest, please? |
| 3 | MR. FINKEL:  Yes, your Honor.  The defendant was |
| 4 | arrested this morning at approximately 6:24 a.m. |
| 5 | THE COURT:  And has the government given notice of |
| 6 | this proceeding to any victims of the alleged crimes? |
| 7 | MR. FINKEL:  Your Honor, we have, given the multitude |
| 8 | of thousands of victims in this case, we have posted and |
| 9 | disseminated information on the government's website to inform |
| 10 | victims of these proceedings and to continue to keep them |
| 11 | informed. |
| 12 | THE COURT:  Thank you. |
| 13 | Mr. Kwok, I am now going to explain certain |
| 14 | constitutional rights that you have.  You have the right to |
| 15 | remain silent.  You are not required to make any statements. |
| 16 | Even if you have already made statements to the authorities, |
| 17 | you do not need to make any further statements.  Anything you |
| 18 | do say can be used against you. |
| 19 | You have the right to be released, either |
| 20 | conditionally or unconditionally, pending trial, unless I find |
| 21 | that there are no conditions that would reasonably assure your |
| 22 | presence at future court appearances and the safety of the |
| 23 | community.  If you are not a U.S. citizen, you have the right |
| 24 | to request that a government attorney or a law enforcement |
| 25 | official notify a consular officer from your country of origin |

N3F5kwoA

1   that you have been arrested and, in some cases, a treaty or
2   other agreement may require the U.S. government to give that
3   notice, whether you request it or not.
4           You have the right to be represented by an attorney
5   during all court proceedings, including this one, and during
6   all questioning by the authorities.  You have the right to hire
7   your own attorney but if you cannot afford one, I will appoint
8   one to represent you.
9           Do you understand your rights as I have just explained
10  them?
11          THE DEFENDANT:  Your Honor, I completely understand.
12          THE COURT:  Now, you have been arrested based on
13  charges filed against you in an indictment issued by a grand
14  jury from the Southern District of New York.  I am just going
15  to summarize those, the charges against you in a moment, but
16  first I want to talk about appointment of counsel.
17          Ms. Giwa, you are here today but there is no financial
18  affidavit provided.
19          MS. GIWA:  That's correct, your Honor.  Mr. Guo is not
20  eligible for representation by the Federal Defenders' office.
21  I have spoken with his retained counsel, he has retained Josh
22  Klein and Guy Petrillo.  Mr. Klein is currently out of New York
23  City, he is returning shortly, and so he asked me to appear
24  today just for today's purposes but the representation will not
25  be ongoing.

N3F5kwoA

THE COURT:  So what I am going to do then is appoint you solely for purposes of today's proceeding to act as Mr. Kwok's counsel just for today.  OK?

MS. GIWA:  Thank you.

THE COURT:  So, the indictment against you, Mr. Kwok, charges you with various crimes, I'm going to summarize them now.

Count One charges that you participated in a conspiracy to commit wire fraud, securities fraud, bank fraud, money laundering, and concealment of money laundering, all in violation of Title 18 of the United States Code, Section 371. In brief, this count alleges that from in or about 2018, through in or about March of 2023, you conspired, with others, to defraud victims of more than approximately $1 billion, by soliciting investments in various entities and programs including GTV, G|CLUBS, G|MUSIC, G|FASHION and the Himalaya Exchange, a cryptocurrency exchange or environment, instead of actually investing victims' money, using the money as promised and/or providing the promised benefits, you allegedly took money to enrich yourself, your family and co-conspirators including, by among other things, purchasing extravagant homes, cars, a yacht, among other luxury items.  As part of the conspiracy, you allegedly utilized multiple entities, individuals, and bank accounts to launder money and conceal the fraud, and you are alleged to have committed various acts in

furtherance of the conspiracy including by making false statements on social media about what victims' investments would be used for and the nature of the investments.

Counts Two, Four, Six, and Eight all charge you with committing wire fraud in violation of Title 18 of the United States Code, Sections 2 and 1343.  Count Two is wire fraud in connection with the GTV private placement; Count Four is wire fraud in connection with the so-called Farm Loan Program; Count Six is wire fraud in connection with G|CLUBS; and Count Eight is wire fraud in connection with the Himalaya Exchange.

Counts Three, Five, and Seven charge you with securities fraud in violation of Title 15 of the United States Code Section 78j(b) and 78ff, 17 CFR 240.10b-5, and United States Code Section 2, and more specifically, Count Three charges you with securities fraud in connection with the GTV private placement, Count Five charges with you securities fraud in connection with the Farm Loan Program, and Count Seven charges you with securities fraud in connection with G|CLUBS.

Count Nine of the indictment charges you with international promotional money laundering in violation of Title 18 of the United States Code Section 1956(a)(2)(A) and 2. In connection with this, you are alleged to have directed and made international transfers of funds into and out of and through the United States with the intent to promote the fraud offenses charged in Counts Two through Eight.

1      In Count Ten you are charged with international
2 concealment of money laundering in violation of Title 18 of the
3 United States Code Section 1956(a)(2)(B)(2)(i) and Section 2.
4 In connection with this count you are alleged to have conducted
5 international financial transactions into, and out of, and
6 through the United States involving fraud proceeds, including,
7 among other transactions, transactions involving bank accounts
8 held in the names of entities nominally owned by other
9 individuals and by entities not overtly associated with you and
10 the other defendants in order to conceal the ownership,
11 control, and receipt of the proceeds of the fraud and the
12 illegal nature and sources of the proceeds.
13      In Count Eleven you are charged with engaging in
14 unlawful money transactions in violation of Title 18 of the
15 United States Code, Sections 2 and 1957.  It alleges that you
16 engaged and attempted to engage in a monetary transaction in
17 criminally derived property of value of greater than $10,000
18 that was derived from specified unlawful activity, and you made
19 and/or directed others to make a wire transfer of $100 million
20 derived from the offenses charged in Counts Two and Three to a
21 specified fund.
22      The indictment also contains forfeiture allegations
23 with respect to the offenses charged in Counts One through
24 Eight of the indictment and it identifies specific property
25 subject to forfeiture.  I'm not going to list them all but they

1   include various deposits at Silvergate Bank, FV Bank,
2   Mercantile Bank International, Manufacturers & Traders Trust
3   Company, U.S. Bank, property in Mahwah, New Jersey, a Bugatti,
4   Lamborghini, a Rolls Royce, a super yacht, and other property.
5            Ms. Giwa, have you had a chance to review the
6   indictment with Mr. Kwok and does he waive a full public
7   reading?
8            MS. GIWA:  Yes, your Honor.  I have reviewed it with
9   him using an interpreter.  He waives a reading at this point.
10           THE COURT:  Now, has Judge Torres also referred this
11  for arraignment?
12           MR. FINKEL:  She has, your Honor.
13           THE COURT:  And does Mr. Kwok wish to enter a plea at
14  this time?
15           MS. GIWA:  Your Honor, he enters a plea of not guilty.
16           THE COURT:  A plea of not guilty will be entered and
17  the record should reflect that Mr. Kwok has been arraigned.
18           Now, before we go any further, I want to remind the
19  government of certain obligations it has pursuant to Federal
20  Rule of Criminal Procedure 5(f) and its obligations under *Brady*
21  *v. Maryland* and its progeny, to disclose to the defense all
22  information, whether admissible or not, that is favorable to
23  the defendant, material either to guilt or to punishment and
24  known to the government.  The government must make good faith
25  efforts to disclose such information to the defense as soon as

1    reasonably possible after its existence becomes known to the
2    government.  The information to be disclosed also includes any
3    information that can be used to impeach the trial testimony of
4    any government witness.  The disclosures must be made
5    sufficiently in advance of trial in order for the defendant to
6    make effective use of it at trial.
7         Now, I remind the government these obligations are
8    continuing and that they apply to information whether you
9    credit it or not, and I further remind you that for these
10   purposes "government" includes federal, state, and local
11   prosecutors and law enforcement officials who have participated
12   in the investigation and prosecution of this matter, and that
13   you have an affirmative obligation to seek from all of these
14   sources all information subject to disclosure.  And I further
15   caution the government that if it fails to comply with this
16   order, there will be serious consequences including, without
17   limitation, evidentiary sanctions, dismissal of the charges,
18   and sanctions on any responsible lawyer for the government.
19        Does the government understand these obligations and
20   confirm that it has and will fulfill them?
21        MR. FINKEL:  Yes, your Honor.  The government
22   understands its obligations and we will comply with them.
23        THE COURT:  Thank you.
24        After these proceedings I will enter a written order
25   confirming the government's *Brady* obligations.

      Now, what is the government's position as to bail, detention, or release?

      MR. FINKEL:  Your Honor, the government seeks detention in this case as has been laid out in the memorandum that has been sent to your Honor.  It is my understanding that the defense is, for the moment, consenting without prejudice to future application.

      THE COURT:  Ms. Giwa, is the defendant making a bail application today?

      MS. GIWA:  No, your Honor, not today.  Mr. Klein, Mr. Guo's retained counsel, anticipates providing to the Court a robust bail package but for today Mr. Guo is consenting to detention.

      THE COURT:  All right.  So the defendant will be detained without prejudice to a future bail application.

      Is there anything further from the government on this matter?

      MR. FINKEL:  Yes, your Honor.  Just a few points.

      First, I would just like to note for the record that the government has made consular notification to the government of China.  I also want to note that Judge Torres has set an initial pretrial conference for April 4th at 11:30 a.m., and the government would move to exclude time between now and April 4th, given that the defendant is retaining counsel, so the government can produce discovery to the defendant, and

N3F5kwoA

1  apparently deal with bail motions.
2          THE COURT:  What is defendant's position with respect
3  to exclusion of time?
4          MS. GIWA:  No objection, your Honor.
5          THE COURT:  Time will be excluded through April 4th in
6  the interest of justice.
7          Anything further from the government?
8          MR. FINKEL:  No, your Honor.  Thank you.
9          THE COURT:  Anything further from defense?
10          MS. GIWA:  Nothing further.  Thank you.
11          THE COURT:  Thank you.  We are adjourned.
12                                o0o