

147 WEST 25TH STREET, 12TH FLOOR
NEW YORK, NEW YORK 10001
CHAUDHRYLAW.COM

April 4, 2023

*Via* ECF

The Honorable Judge Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Yanping Wang*, S1 1:23-cr-00118-AT

Dear Judge Torres:

      Along with Alex Lipman, we represent defendant Yanping Wang in the above-referenced matter. We learned yesterday that the government had an *ex parte* communication with the Court about the circumstances of the adjournment of the bail hearing scheduled to be held before the Honorable Robert W. Lehrburger last Friday, March 31, 2023. That communication misstated our position and the circumstances leading to the adjournment. We are therefore writing to Your Honor to correct the record.

      Ms. Wang was arrested on a complaint on March 15, 2023. The government did not oppose bail, and, among other things, the parties agreed to a $5 million bond secured by her apartment (valued at approximately $1 million) and co-signed by two sureties. Ms. Wang was ordered remanded pending the satisfaction of her bail conditions. Despite diligent efforts and proposal of several qualified candidates as potential sureties, we were unable to obtain the government's approval of any co-signers for Ms. Wang's bond.

      We then sought the Magistrate Court's assistance on March 21, 2023. Judge Netburn heard the parties on March 22, 2023, but thought that the issue needed to be properly briefed and presented. She set a briefing schedule and a hearing date, March 30, 2023. In accordance with the schedule, on March 24, 2023, Ms. Wang filed a Motion for an Order directing she has complied with the terms of her bail conditions and to rule that the government's refusal to approve her bond co-signers has been arbitrary. In the alternative, Ms. Wang requested the Court to amend her bail conditions to eliminate the requirement that she obtain two financially responsible persons to co-sign her bond.

      On March 29, 2023, a grand jury returned a superseding indictment, S1 1:23-cr-00118-AT, which added Ms. Wang as a defendant in the indictment charging her co-conspirators, Ho

Wan Kwok and Min King Je, with conspiracy to commit wire fraud, securities fraud, money laundering, and obstruction (only as to Mr. Je). The superseding indictment charged Ms. Wang with four counts: conspiracy to commit fraud and money laundering, as well as three substantive counts (wire fraud, securities fraud, and unlawful monetary transaction). Also, on March 29, the government submitted its letter in opposition to Ms. Wang's bail motion; the government's letter included reference to a number of items which had not been provided to defense counsel. The parties were scheduled to appear on March 31, 2023, at 10:00 a.m. for a bail hearing before Magistrate Judge Lehrburger.

On March 30, at 11:52 a.m., we asked the government to provide the items referred to in its March 29 submission, including photographs relating to the search of Ms. Wang's apartment that was conducted on the day of her arrest, to wit:

> In your opposition to our bail-related motion, you made several representations about the phones that were found in Ms. Wang's apartment, as well as a computer that was found in a closet. Please provide to us immediately all photos and videos taken in Ms. Wang's apartment that support your assertions. Please also provide all photos of the contents of the safe that was found, including all photos of the passports and cash.

The government responded at 3:08 p.m. on March 30, stating that it would provide us access to the photos, and, having obtained our agreement at 4:25 p.m. to treat the photos confidentially, gave us access to the photos at approximately 5:00 p.m. For the record, we have not been able to find photos supporting certain critical factual assertions set out in the government's March 29 submission to the Court. Indeed, the photo log and the log of seized items appear to contradict directly certain of those factual assertions.

Perhaps knowing that, and to bolster its opposition to our motion, at approximately 9:10 a.m. on March 31, less than an hour before the scheduled hearing, the government filed a supplemental letter in further opposition to Ms. Wang's motion. In this letter, the government made certain new factual assertions purportedly based on its review (purportedly the previous day, i.e., only after we asked for it) of evidence collected during the search of Ms. Wang's Manhattan apartment on March 15, 2023. Given the time that had elapsed since the search—sixteen days—the government had ample opportunity to review and present this information in a timely manner; indeed, it had an obligation to do so before making factual assertions about what had been obtained and observed in the search.

Instead, the late submission of the supplemental letter effectively ambushed us, hindering our ability to provide effective assistance to our client. The timing of this submission left our team with insufficient time to review the contents of the letter and consult with our client. And clearly, we could not have conducted our own investigation into the government's allegations made only thirty minutes prior. Consequently, we had no choice but to request an adjournment, not due to a lack of preparedness but because of the circumstances created by the government's late submission.

      In addition, although the government did not make a formal detention motion under 18 U.S.C. Section 3142(f) at any time, in its March 29 opposition, the government asked the court to either increase Ms. Wang's bail conditions or order her detained.  We were uncertain whether a detention hearing, should one be required, would be appropriate before Judge Lehrburger, given that Ms. Wang had now been indicted, and the case had already been assigned to Your Honor.  We therefore advised Judge Lehrburger that we would write to Your Honor seeking guidance on how to proceed.  Judge Lehrburger kindly agreed to hold the 2:00 p.m. time for us on April 4, 2023, in case Your Honor wanted him to preside over the hearing on our motion.

      We respectfully request the Court to consider these circumstances as we continue to advocate for Ms. Wang's interests.

Very truly yours,

/s/

Priya Chaudhry

Cc:    AUSAs Juliana Newcomb Murray, Micah Festa Fergenson, and Ryan B. Finkel (via email)