```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                            Docket #23cr118/
 UNITED STATES OF AMERICA,              :   23m2007

                    Plaintiff,          :

  - against -                           :

 WANG, YANPING,                         :   March 31, 2023
                                            New York, New York
                    Defendant.          :

------------------------------------:   BAIL HEARING


                       PROCEEDINGS BEFORE
              THE HONORABLE ROBERT W. LEHRBURGER,
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                      BY:  JULIANA MURRAY, ESQ.
                           RYAN FINKEL, ESQ.
                           MICAH FERGENSON, ESQ.
                      One Saint Andrew's Plaza
                      New York, New York 10007

For Defendant:        CHAUDHRY LAW PLLC
                      BY:  PRIYA CHAUDHRY, ESQ.
                      147 West 25th Street
                      New York, New York 10001

INTERPRETER PRESENT




Transcription Service: Carole Ludwig, Transcription Services
                       155 East Fourth Street, #3C
                       New York, New York 10009
                       Phone:  (212) 420-0771
                       Email:  Transcription420@aol.com

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

**INDEX**

**E X A M I N A T I O N S**

| **Witness** | **Direct** | **Cross** | **Re-Direct** | **Re-Cross** | **Court** |
|---|---|---|---|---|---|
| None | | | | | |

**E X H I B I T S**

| **Exhibit Number** | **Description** | **ID** | **In** | **Voir Dire** |
|---|---|---|---|---|
| None | | | | |

```
                                                                    3
 1
 2              THE CLERK:  We're here in the matter for a bail
 3   hearing, U.S.A. v. Yanping Wang, 23m2007.  Parties,
 4   please state your name for the record starting with the
 5   Government.
 6              MS. JULIANA MURRAY:  Good morning, Your Honor,
 7   Juliana Murray, Ryan Finkel, and Micah Fergenson on
 8   behalf of the United States.  We're joined by
 9   (inaudible).
10              THE COURT:  Good morning.
11              MS. PRIYA CHAUDHRY:  Good morning, Your Honor,
12   Priya Chaudhry from Chaudhry Law along with Alice Lipton
13   of Lipton Law PLLC for Ms. Yanping Wang who is present
14   seated all the way to my right (inaudible).
15              THE COURT:  Thank you, good morning. Good
16   morning, Ms. Wang.  Can you hear and understand
17   everything the interpreter is saying?
18              MS. WANG:  Yes.
19              THE COURT:  All right.  So, yes, this is
20   scheduled for a bail hearing this morning in further
21   follow-up to previous proceedings before Judge Parker
22   and then Judge Netburn.  And I understand though that
23   the defense has an application in regard to whether they
24   are ready to proceed today?
25              MS. CHAUDHRY:  Yes, Your Honor, if I can
```

                                                                4

(inaudible).  We are requesting that this hearing be adjourned and (inaudible) in front of Judge Torres (inaudible).  First, for context, Ms. Wang was arrested on March 15, 2023, which is 16 days ago.  At the time of her arrest, the Government (inaudible) and obtained all of the documents that they (inaudible).  Since that time we have asked the Government for a (inaudible) obtained; they did not provide it to us.  We asked them previously for photos of what they received, and only last night did they provide them, and to be fair, we did ask for them yesterday because in their response to our motion that started referencing evidence that we had never seen.

So the Government has had all of the information that it today provided the Court and on its own surreply to our reply without getting permission they provided (inaudible).  And we have had constant contact with the Government since Ms. Wang was arrested, more than in most cases, as we have been trying to satisfy the (inaudible).  Ms. Lipton has had nearly daily contact with the Government discussing the issues, trying to comply (inaudible), trying to come up with a different package.  Never before did the Government tell us that this is what they have or that this was doing to

```
 1                                                                    5
 2  be what they asked for.
 3            And now 30 minutes before this hearing in their
 4  surreply they ambush us with this information that we
 5  have not had a chance to discuss with our client, and
 6  barely in the back we got to show her what it is they're
 7  saying.  And in addition to (inaudible) that we had no
 8  chance to procure or obtain, they're now asking for a
 9  detention which is, first of all, not an appropriate
10  thing in a reply memo, it's a separate motion.  And,
11  two, this Court no longer has original jurisdiction over
12  a request for detention.  This is now a district court
13  case.  So it is not appropriate for them to bring in
14  front of this court which is supposed to, according to
15  Judge Torres, just discuss our bail application.  Now
16  they have made in their reply a new application
17  (inaudible) surreply for detention without any
18  conditions.
19            It would be, Your Honor, ineffective of us to
20  proceed today given what the Government has done.  We
21  have not had an adequate opportunity to discuss this
22  with our client and to (inaudible) to research any of
23  the issues they have brought up here or investigate them
24  independently.  There are now evidentiary issues that
25  (inaudible).  The Government has made some allegations
```

```
 1                                                          6
 2  of what the relationships are between documents they
 3  found and Ms. Wang.  They have made representations
 4  about items they had found in her possession that they
 5  have not provided to us yet.  And as the Court knows,
 6  typically the Government would need to put some sort of
 7  evidence forth, whether it would be in an affidavit from
 8  an agent or something like that, and we would have a
 9  chance to examine that and reply.  We can't do any of
10  that.
11            And for all of those reasons we are unable to
12  proceed today, and we would ask that this Court adjourn
13  this hearing and send it back to Judge Torres so that we
14  can adequately address all these issues.  I believe you
15  already have us here (inaudible) Judge Torres set for
16  Tuesday, April 5.  And that's when we'd like this
17  hearing to be adjourned to (inaudible).
18            THE COURT:  Now, did Judge Torres previously
19  refer the application that you have made to this Court?
20            MS. CHAUDHRY:  Our application she did refer to
21  this Court, but the Government in their surreply for the
22  first time brought in all these allegations and evidence
23  has now made a new application for detention.  Judge
24  Torres did not have the opportunity to look at that
25  (inaudible) to this Court.  So our view is that now
```

```
                                                               7
there are two different issues.  One was our bail
hearing which we separately are unprepared to address
because they did not provide this to us, and, in fact,
in their original reply they did not provide it, which
would have given us the opportunity to go to the
(inaudible) with an interpreter and Ms. Wang and go
through these things and be ready for today.  That's
one.  And then separately they have now made a new
application which Judge Torres has not referred to this
Court which is for a detention hearing.
          THE COURT:  I mean it's all one and the same,
right?  You've had turns for bail and release, and the
question arose as to whether those conditions have been
met, whether the Government is being unreasonable in
determining whether those conditions have been met, and
what the consequences should be which might include the
Court finding that the suretors are appropriate or not
and/or potential modification which I believe the
defendant asked for.  And as I saw in the surreply this
morning, the Government, as I saw it, was, yes, putting
some new evidence before the Court and suggesting that
if the Court were so inclined to release, that the
conditions would have to be modified for that.  I mean
I'll view this as all one and the same.
```

```
1                                                         8
2              However, I do think that there may be some
3   concern about your opportunity to be able to
4   sufficiently respond to what was submitted this morning.
5   So let me ask Ms. Murray if she can respond to that.
6              MS. MURRAY:  Yes, Your Honor.  We agree with
7   Your Honor that all these matters (inaudible) and that
8   is exactly what Judge Torres (inaudible).  Yesterday
9   morning we laid out the procedural history of this
10  matter including that the initial bail hearing had been
11  held by Judge Parker on March 15.  The defendant then
12  asked for a hearing in front of Judge Netburn the next
13  week which was determined to be not ripe (inaudible)
14  presented to the Court.  (inaudible) at the defendant's
15  request (inaudible) defense to file a motion last
16  Friday, (inaudible) file our response on Wednesday,
17  (inaudible) hearing to proceed today.  And Judge Torres
18  was aware of all of that when she referred, generally
19  speaking, the bail hearing to this Court.
20             So we do believe that all (inaudible).  The
21  defendant has made a motion, the Government has
22  responded, it's been fully briefed.  To the extent the
23  Government submitted a supplemental opposition today,
24  that contains new information that we only learned
25  yesterday, and we're putting it before the Court
```

```
 1                                                             9
 2   (inaudible), but there's no reason for the Court to
 3   defer a decision on the motion which the defendant chose
 4   to bring before this Court (inaudible).
 5            THE COURT:  Ms. Chaudhry.
 6            MS. CHAUDHRY:  And, Your Honor, Ms. Murray did
 7   not address why (inaudible) for 15 days and she knew
 8   this yesterday, and she didn't even give us a heads up
 9   and why she waited to let us know after she filed it on
10   the docket.  That is just not appropriate.  There's no
11   way we could have been prepared.  It seems clearly
12   designed to make it so that we either (inaudible)
13   situation of proceeding ineffectively (inaudible) or
14   we're required now to ask for more time.
15            THE COURT:  Well, look, I do think it's only
16   fair for the defense to be able to have some time to
17   respond, particularly since this did arise out of the
18   defendant's application.  And the defendant is currently
19   being detained on the proviso that she has to meet all
20   conditions before she is released.  There's that
21   restriction and provision that is at issue.  So since
22   the defendant is currently being detained and it is her
23   application to have the Court either agree that the
24   qualifications of the suretors are sufficient or to
25   modify the provisions, I will put this over.
```

```
                                                              10
          I do think it's highly inefficient to continue
having this go from duty judge to duty judge.  I would
be happy to keep it, and now that I am familiar with it
and to have you back for a hearing next week.  Ms.
Murray, what do you think of that?
          MS. MURRAY:  Yes, Your Honor, we agree, and to
the extent that the defense would like to proceed in
front of Judge Torres, we think it would be appropriate
(inaudible).
          THE COURT:  Do you have a position on that, Ms.
Chaudhry?  And let me be clear, I'm not – this would not
be to the exclusion of your raising with Judge Torres if
you want her to consider it.
          (pause in proceeding)
          MS. CHAUDHRY:  Your Honor, when would you be
able to schedule (inaudible)?
          THE COURT:  Well, I assume you want it for
after seeing Judge Torres.  And is Judge Torres being
seen on Tuesday?
          MS. CHAUDHRY:  (inaudible)
          THE COURT:  Okay.
          (pause in proceeding)
          THE COURT:  I could see her afterwards.  So I
could see you after you see Judge Torres on Tuesday.  If
```

```
                                                              11
 1
 2   she's made a decision that she wants to deal with it,
 3   then we don't need to have a hearing.  And if she still
 4   wants me to consider it, we can have a hearing after you
 5   have seen her.  All right, Ms. Murray?
 6            MS. MURRAY:  (inaudible)
 7            THE COURT:  All right, so we – no?  Yeah, when
 8   you have any estimate of when you would be out of Judge
 9   Torres' courtroom, I don't know what it is you'll
10   necessarily be going over with her, why don't I set it
11   down for – you said it was 11:30 with --
12            MS. MURRAY:  It's 11:30, Your Honor.  It's an
13   initial pretrial conference for Ms. Wang and her
14   coconspirators (inaudible), and then we'll (inaudible).
15            THE COURT:  Ah.  Okay, why don't we set it down
16   for 1:30.  If you're ready earlier, let me know.  If
17   it's going to run late, just try to get in touch with my
18   deputy and we'll take care of it.  All right?  Thank
19   you, we're adjourned on this matter.
20            (Whereupon the matter is adjourned.)
21
22
23
24
25
```

C E R T I F I C A T E

     I, Carole Ludwig, certify that the foregoing transcript of proceedings in the United States District Court, Southern District of New York, United States of America versus Wang, Docket #23cr118/23m2007, was prepared using PC-based transcription software and is a true and accurate record of the proceedings.


Signature____*Carole Ludwig*_____

             Carole Ludwig

Date:  April 3, 2023