**LIPMAN LAW PLLC**

April 17, 2023

*VIA ECF*
Hon. Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

  *Re: United States v. Yanping Wang aka "Yvette,"* S1 23 Cr. 118 (AT)

Dear Judge Lehrburger:

  Along with ChaudhryLaw PLLC, we represent Ms. Wang. At 4:37 p.m. today, the government filed a letter confessing to making misrepresentations to the Court regarding the search of Ms. Wang's home. (ECF No. 47). The government has made these misrepresentations multiple times, to multiple judges; these are the misrepresentations that the government relied on to argue for the strict bail package that was imposed on Ms. Wang and for her remand until her bail conditions were met. Because Ms. Wang has been remanded (and has been detained now for over a month at the MDC) in large part on the basis of these misrepresentations, we ask the Court to order her immediate release and give her a reasonable amount of time to meet the remaining bail conditions that would be outstanding after the Court rules on our present motion for approval of two co-signers or for altering her bail conditions so as to eliminate the need for co-signers.

  We note that the government appears to blame the FBI agent in charge of the search for its misrepresentations. That explanation is difficult to credit. To begin, we started asking questions about the government's factual assertions almost immediately after Ms. Wang was presented on March 15, 2023. For example, on March 31, we wrote to the government to specifically challenge the factual assertions (some of which) it now admits were not true and to ask for proof of those allegations. Here is what we wrote:

> Counsel,
>
> You have made a number of factual assertion (sic) in your bail-related filings with the court. To facilitate our analysis of and response to these factual assertions, please provide immediately all of the evidence obtained during the search of Ms. Wang's apartment, including:

**LIPMAN LAW PLLC**

Hon. Robert W. Lehrburger
April 17, 2023
Page 2 of 3

>All photographs taken in relation to the search;
>All videos taken in relation to the search;
>All photographs of the cash discovered and seized; please make sure the resolution is high enough to make the dates on bills legible. If you do not have high-resolution photographs, please take them and provide them;
>All photographs and videos of cell phones "inside original iPhone packaging";
>All photographs and videos related to the discovery of a cellphone "found between mattresses of [Ms. Wang's] bed";
>All photographs and videos related to the discovery of the laptop in Ms. Wang's closet;
>All photographs and videos of any and all passports found in Ms. Wang's apartment;
>All documents that support your assertions that Ms. Wang received "$699,980 worth of HCN" in 2021 and that she owns these assets now;
>All documents substantiating your assertion that Ms. Wang controls the accounts containing $34 million;
>All documents supporting your assertion that there are bank accounts in the name of "her BVI-registered company";
>All other evidence the government plans to rely on in support of its application that Ms. Wang be detained or be subject to more strict bail conditions, as set out in your letter to the court from this morning;
>The search warrant inventory; and
>Notes of the pretrial services officer and her intern who conducted Ms. Wang's pretrial interview.

If the government is to be believed that it discovered the truth only today, one must conclude that it did not bother to review the evidence in its possession even after we asked for proof of its assertions.  Indeed, it did not do so even after the hearing before Your Honor on April 4, 2023, in which we challenged the veracity of these same assertions on the basis that they were contradicted by the evidence (*i.e.,* photo logs prepared at the search and the photos taken by the agents).  The very specificity of descriptions in the evidence log and the photo log made contemporaneously by the agents conducting the search cast doubt on the explanation that the (unnamed) FBI agent in charge of the search gave the government bad information at the start.  It is also hard to credit that an agent would misremember something like the presence of documents and phones secreted between couch cushions or mattresses.

Finally, rather than do the right thing and withdraw its application for remand, even in the face of its admission that it misrepresented critical facts, the government persists in spinning the results of the search.  As we described for the Court and as the government well knows, Ms. Wang lives in a 740-square-foot apartment with very little extra furniture, without a desk, and without any kind of storage for documents or old phones.  Of course, her old phones were found in bags in the closet.  Of course, documents were found in bags in the living room and

**LIPMAN LAW PLLC**

Hon. Robert W. Lehrburger
April 17, 2023
Page 3 of 3

bedroom, including her purse.  The photo log and evidence log make that clear.  These ordinary circumstances cannot fill the government's hollow arguments that Ms. Wang is a flight risk requiring detention, or even the current onerous bail conditions.

The only thing the government has established is that it will do anything—including making misrepresentations to the Court—to keep Ms. Wang locked up.  We respectfully request the Court order Ms. Wang immediately released and allow Ms. Wang ten days to comply with whatever bail conditions the Court deems appropriate in light of the unique circumstances here.

Respectfully submitted,

**Lipman Law PLLC**

Alex Lipman

ALEX LIPMAN   |   ALEXLIPMAN@LIPMANPLLC.COM   |   DIRECT 212-401-0070   |   147 WEST 25TH STREET, 12TH FLOOR, NY, NY 10001