

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 20, 2023

<u>VIA ECF</u>

Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

     **Re:**    ***United States v. Kwok et al.*, S1 23 Cr. 118 (AT)**

Dear Judge Torres:

    The Government respectfully submits this joint letter on behalf of the parties in response to the Court's April 6, 2023 order. (Dkt. 36). In that order, the Court scheduled a pretrial conference for June 6, 2023, and directed the parties to "advis[e] the Court of the amount of time the parties anticipate will be needed to complete discovery and propos[e] a control date for trial." (*Id.*).

    **<u>The Government's Position</u>**

    A.  <u>Discovery</u>

    With respect to discovery, the Government's Rule 16 materials are voluminous and generally include the following categories of materials: subpoena returns, Stored Communications Act warrant returns, seized electronic devices, premises search warrant returns, materials from victims, publicly available materials, and translations of statements by Kwok. The Government will diligently produce these voluminous Rule 16 materials. The Government has already made an initial production of materials and a further production, consisting of over a terabyte of data, has been awaiting entry of a protective order.[1] (*See* Dkt. 49). The Government anticipates that it will have substantially completed Rule 16 discovery by the June 6 pretrial conference, with the following qualifications.

    The Rule 16 discovery in this case includes a large number of seized electronic devices. On March 15, 2023, the Government seized, for example, approximately 49 phones, 47 USB

---

[1] The Government sent its proposed protective order to Kwok's counsel on March 27, 2023, and to Wang's counsel on March 29, 2023 (*i.e.*, the same day that Wang was charged in the Superseding Indictment), advising them that the Government would begin productions upon entry of a protective order. The Government received responses from the defense on April 14 and 17, and after the Government made a change on April 18, it filed its application for the entry of the proposed protective order on April 19, 2023. (Dkt. 49).

drives, 32 computing devices, and 15 hard drives. The Government does not yet know the quantity of data that will be extracted from these (and other) seized devices, but anticipates that it will be voluminous. The contents of the seized devices are in the process of being extracted. Once extracted,[2] the device extractions will be screened for potentially privileged materials before being made available to the case team for review.[3] To facilitate a filter team privilege review, on March 27, 2023, the Government requested a list of attorneys and their contact information from Kwok's counsel. Kwok provided a list on April 14, 2023 of 23 law firms and two Mandarin / English interpreters (including co-defendant Wang). The list, however, did not identify which entities or people each of those firms represent, nor did it indicate the time period of the representations. The Government requested that information and awaits it from Kwok's counsel. To date, the Government has not received a list of attorneys from Wang's counsel.

Additionally, to the extent the Government receives additional Rule 16 materials in its active and ongoing investigation, it will continue producing those materials on a rolling basis.

In light of the foregoing, the defendants' proposal to complete Rule 16 discovery production eight days from today does not reasonably reflect the complexity of this case.

B. Trial Control Date

With respect to a control date for trial, the Government respectfully submits that a control date in early Q2 of 2024 is appropriate in this case. The Government estimates that its case at trial, not including any defense cross examination or defense case, would be at least three weeks.

The Government respectfully requests that the Court set a trial date and pretrial motions schedule at the June 6 conference. The Government respectfully submits that proposed approach will be most efficient, given that an appropriate pretrial motion schedule will depend, in part, on the trial date, which depends, in turn, upon the Court's availability.[4]

**The Defendants' Position**

Currently, both defendants are detained before trial. Assuming the defendants remain detained, the defense proposes the following **case schedule**:

1. The government fully produces all discovery by April 28;

---

[2] The Government may not be able to extract data from some devices, and / or the extraction process may take months or longer.

[3] The Government anticipates that much of the device contents will also require translation from Mandarin to English.

[4] With respect to the defendants' position below, the Government notes that the Court did not direct the parties to submit a proposed pretrial disclosure schedule, and the parties have not yet had a full opportunity to discuss one. Additionally, the Government notes that the defendants' proposed trial date and schedule for this matter does not account for, among other things, the time necessary for the Government's anticipated motion under the Classified Information Procedures Act or the review of devices seized on March 15, 2023. (*See* Dkt. 52).

2. Defense motions due two months later, by June 30;
3. Set a control date for trial in four months, August 25.

Given the large volume of discovery and the need for interpreters while we review the materials with our clients to prepare for trial, we ask for pre-trial disclosure well in advance of trial.  The defense proposes the following **pre-trial disclosure schedule**:

- 7 weeks before trial:  The government provides expert notice for its case in chief.

- 6 weeks before trial:

    o The government provides its witness list for its case in chief.
    o The government provides detailed 404(b) notice.
    o The government provides Rule 3500 material that is in any language other than English.

- 4 weeks before trial:

    o The defendants provide expert notice for the defense case.
    o The parties file proposed *voir dire.*
    o The parties file proposed jury instructions (except for defense theory of the case instructions).
    o The parties file motions *in limine.*
    o The government provides exhibit list for its case in chief.
    o The government provides Rule 3500 material that is in English and *Giglio* materials.

- 3 weeks before trial: The parties file responses to motions *in limine.*

- 2 weeks before trial: The parties file oppositions to their motions *in limine.*

- 1 week before trial:

    o The defendants provide witness lists.
    o The defendants provide exhibit lists.

- 3 days before the anticipated start of the defense case: The defendants provide the government material covered by FRCP 26.2.


Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


By: /s/ _____
Ryan B. Finkel
Micah F. Fergenson
Juliana N. Murray
Assistant United States Attorneys
(212) 637-6612 / 2314 / 2190


Cc:     All Counsel (By ECF)