

147 WEST 25TH STREET, 12TH FLOOR
NEW YORK, NEW YORK 10001
CHAUDHRYLAW.COM

April 28, 2023

<u>*Via* ECF</u>

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

>    Re:   *United States v. Yanping Wang*, S1 1:23-cr-00118-AT
>          **Request for Court Order for Amendment of the Proposed Protective Order**

Dear Hon. Judge Torres:

     Along with Lipman Law PLLC, we represent Defendant Yanping Wang in the above-referenced matter. On April 19, 2023, the government requested the Court to enter a Protective Order to facilitate the production of discovery in this case, noting our objections to two provisions of the proposed Protective Order. On April 21, 2023, the Court issued an order requiring Ms. Wang to file her response by April 28, 2023, including an explanation of any objections to the proposed Protective Order, the reason for such objections, and any alternative proposal.

     We write to request: (i) an amendment to Paragraph 7(e) of the Proposed Protective Order to include interpreters as Designated Persons authorized to receive and review Confidential Material and Highly Confidential Material necessary for purposes of defending this action; (ii) an amendment to Paragraph 8 of the proposed Protective Order so that the restrictions on Highly Confidential Material are the same as Confidential Material for Designated Persons and apply only to Ms. Wang; and (iii) an amendment to Paragraph 9 of the Proposed Protective Order to remove the "Attorneys' Eyes Only" restriction, thus allowing Ms. Wang to review the protected materials with her counsel but maintaining all of the restrictions relating to Highly Confidential Material.[1]

---

[1] Counsel for Defendant Ho Wan Kwok advised that Mr. Kwok joins in the requests contained in Sections I and II of this letter.

PRIYA CHAUDHRY          PRIYA@CHAUDHRYLAW.COM          212.785.5551

**I.     The Court Should Order an Amendment to Paragraph 7(e) of the Proposed Protective Order to Include Interpreters as Designated Persons Authorized to Receive and Review Confidential Material and Highly Confidential Material Necessary for the Purposes of Defending This Action**

The discovery materials in this case are expected to contain a significant volume of documents in Mandarin, and many of these documents may only be comprehensible with the assistance of Mandarin interpreters. These interpreters are likely to play a critical role in facilitating effective communication between the defense team and Ms. Wang as well as ensuring that the defense team can fully comprehend the content of the Mandarin documents. For these reasons, it is also essential that the defense team be able to communicate freely with the interpreters it will employ. Without the inclusion of interpreters in the list of Designated Persons in Paragraph 7(e) of the Proposed Protective Order, thus, the defense team will be severely hindered in its ability to represent Ms. Wang effectively. Therefore, to facilitate an effective representation of our client, we respectfully request that the Court modify Paragraph 7(e) of the Proposed Protective Order to explicitly include interpreters as Designated Persons.

**II.    The Court Should Order an Amendment To Paragraph 8 Of The Proposed Protective Order So That The Restrictions On Highly Confidential Material Are The Same As Confidential Material For Designated Persons And Apply Only To The Defendant**

Paragraph 8 contains several restrictions on the handling of Highly Confidential Material, including requirements that it be reviewed only at the offices of defense counsel in the presence of counsel or any member of the defense team, that copies not be retained outside of those offices, and that notes not be made outside of those offices. We request that these restrictions apply only to Ms. Wang and not to anyone else, including prospective witnesses and members of the defense team, such as attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff. This will enable the defense team to collaborate effectively and prepare the case while ensuring that the Highly Confidential Material remains secure and not compromised.

The government argues that the restrictions on Highly Confidential Material are necessary because lay witnesses are unlikely to treat sensitive materials with appropriate care. That concern is speculative, and, in any event, can be addressed with proper instruction and admonition as well as by informing the relevant persons that the information they receive is subject to a Protective Order of the Court. Furthermore, the government's argument that defense

counsel has not identified how this restriction interferes with their ability to defend their client is myopic.  The government ignores Ms. Wang's strong constitutional interest in effective collaboration and communication within the defense team, to wit: to provide effective assistance to our client, it is essential that members of the defense team have access to the Highly Confidential Material in a manner that allows for easy and speedy collaboration.  This is particularly true here given the complexity and scale of the case at hand.

### III.    The Court Should Order an Amendment to Paragraph 9 of the Proposed Protective Order to Remove the "Attorneys' Eyes Only" Restriction, Thus Allowing Ms. Wang to Review the Protected Materials with Her Counsel

Paragraph 9, which addresses "Restrictions on Attorneys' Eyes Only Materials," keeps us from effectively representing our client by preventing us from obtaining her critical assistance in reviewing, understanding, and investigating her case.  We ask that the Court order to modify this section to treat these materials in the same manner as "Highly Confidential Material."

As the Supreme Court has long held, a defendant's constitutional right to counsel "requires the guiding hand of counsel at every step in the proceedings."  *Powell v. Alabama*, 287 U.S. 45, 69 (1932).  Among other things, the Court has held that it was a constitutional violation of a right to counsel to deprive a defendant of access to counsel during an overnight recess in the trial.  *Geders v. United States*, 425 U.S. 80, 96 (1976).  Similarly, the Court has held that a defendant's constitutional right to be present at his trial requires "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding."  *Dusky v. United States*, 80 S. Ct. 788, 789 (1960) (per curiam).

There is precedent for the Department of Justice acting in conformity with these constitutional concerns.  The United States Attorney's Office for the Western District of New York had previously agreed to such a modification in *United States v. Castricone*, No. 120-CR-00133 (LJV) (MJR), 2021 WL 841405 (W.D.N.Y. Mar. 5, 2021).  In *Castricone*, the defendant filed a motion to modify a protective order, which had been entered with the consent of the parties.  The protective order required the government to disclose certain documents and recordings to the defense counsel with the condition that they not be disclosed to the defendant or disseminated to the public and be provided "for attorney's eyes only."  The defendant asserted that he is entitled to discovery of these documents and recordings under Rule 16, which expressly provides that records must be made available for inspection and copying by a defendant.  The defendant therefore requested that the court modify the protective order to allow him access to the discoverable materials with a continued prohibition against public

dissemination. The government "consent[ed] to modifying the protective order to remove the 'for attorney's eyes only' restriction, thus allowing defendant to review the protected materials with his counsel, but not possess them." *Id.* at *2. The court agreed that "the protective order should be modified to allow defendant to view the materials, as consented to by the Government, but [would] not allow defendant to possess or retain any of the protected materials. Accordingly, an amended protective order [was] issued." *Id.*

We ask for a similar modification to Paragraph 9 of the Proposed Protective Order to remove the "Attorneys' Eyes Only" restriction, thus allowing Ms. Wang to review the protected materials with her counsel but maintaining all the restrictions relating to Highly Confidential Material. Here, the Court should consider the critical importance of Ms. Wang's review and assistance in understanding and interpreting any documents in Mandarin contained within the discovery. The sheer expected volume of documents in Mandarin and the potential need to identify the handwriting of people only Ms. Wang can identify underscore the critical nature of her assistance to the defense team. The defense team cannot rely only on third-party interpreters, translators, or experts to accurately identify the authors of these documents. In addition, the fact that the documents may contain specific cultural or linguistic references (and possibly regional variations) that are difficult to discern for non-native speakers highlights the need for Ms. Wang to be able to review the materials with her counsel. Without her review and assistance, the defense team may miss critical pieces of evidence or misunderstand their significance. Allowing Ms. Wang to review and assist in the review of these materials, therefore, is essential to defense counsel's ability to be effective.

The requested amendments are indispensable for us to provide effective assistance to our client. The proposed Protective Order in its current form puts us at risk of breaching our ethical obligation to perform a zealous and thorough investigation in defending our client. The "Attorneys' Eyes Only" restriction in particular imposes an onerous barrier to the defense team's ability to effectively represent Ms. Wang in this case. This restriction prevents her from providing critical assistance in reviewing and understanding her case, which is a fundamental aspect of the defense team's investigation and preparation.

With respect to any materials which may be provided to defense counsel in a SCIF, we would be bound by those rules but would seek to share the content of those materials with our client for the reasons stated above.

## Conclusion

In light of the above, we write to request: (i) an amendment to Paragraph 7(e) of the Proposed Protective Order to include interpreters as Designated Persons authorized to receive and review Confidential Material and Highly Confidential Material necessary for the purposes of defending this action; (ii) an amendment to Paragraph 8 of the proposed Protective Order so that the restrictions on Highly Confidential Material are the same as Confidential Material for Designated Persons and apply only to Ms. Wang; and (iii) an amendment to Paragraph 9 of the Proposed Protective Order to remove the "Attorneys' Eyes Only" restriction, thus allowing Ms. Wang to review the protected materials with her counsel but maintaining all of the restrictions relating to Highly Confidential Material.

Respectfully submitted,

/s/

Priya Chaudhry

SO ORDERED.

_____
HON. ANALISA TORRES, U.S.D.J.

Cc:    AUSA Juliana N. Murray (*via* ECF)
        AUSA Micah Fergenson (*via* ECF)
        AUSA Ryan Finkel (*via* ECF)