**brownrudnick**

STEPHEN R. COOK
direct dial: 949.752.7100
fax: 949.252.1514
scook@brownrudnick.com

June 5, 2023

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

RE:   *United States v. Kwok, et al.*, Case No. 1:23-cr-00118 (AT)

Dear Judge Torres:

  We write on behalf of our client, Mr. Ho Wan Kwok, to respectfully request that the Court order the Bureau of Prisons ("BOP") to permit Mr. Kwok access to a Government-provided, internet-disabled laptop computer while detained at the Metropolitan Detention Center ("MDC") in Brooklyn for the limited purpose of allowing his review of the voluminous and complex discovery in this case.  For the reasons stated below, Mr. Kwok's access to a laptop is critical to his ability to assist in his own defense.

  Defense counsel has conferred with the Government on this issue in an attempt to resolve the matter informally.  Having no objection to Mr. Kwok's request, the Government discussed the issue with MDC, which has thus far refused to allow Mr. Kwok access to a laptop.  The MDC Legal Department's position appears to be that Mr. Kwok's limited access to a public desktop computer—which must be shared with his entire housing unit, is only available at certain times of the day, and provides no privacy for reviewing confidential material—is sufficient.  This "option" is plainly insufficient given the circumstances.

  The staggering volume of the discovery alone necessitates Mr. Kwok's access to a laptop.  To date, the Government has sent defense counsel six discovery productions, consisting of *at least six terabytes* of data.[1]  In addition, the Government's productions contain a variety of document types (*e.g.*, PDF files, Excel files, emails, videos), as well as full extractions of more than 25 electronic devices.  Many of the documents, such as the financial records, are complex and require significant time to review and understand.  Notably, there are documents produced in Mandarin Chinese *and* in English, the latter of which needs to be translated in order for Mr. Kwok to effectively review them.  Given the

---

[1] It goes without saying that providing Mr. Kwok with hard copies of six terabytes of data would be impractical, as the MDC would have to organize and securely maintain an unfathomable amount of paper discovery.



June 5, 2023
Page 2

size and complexity of the data, it is patently unreasonable to expect Mr. Kwok to review this discovery on the *sole* public desktop computer that is theoretically "available" to him. In reality, access to this desktop computer is frequently blocked by other inmates who crowd around the single screen; the public computer is frequently unavailable; there is no privacy whatsoever for Mr. Kwok to view confidential documents; and Mr. Kwok requires more extensive computer access than what is currently permitted. The public desktop computer is "available" on weekdays from 7:00 a.m. to 7:00 p.m. (barring temporary lockdowns) and during modified hours on the weekends. Not only is this time insufficient for Mr. Kwok to review the many terabytes of discovery, but it is not possible for Mr. Kwok to monopolize all access to a single desktop computer that is intended to be shared with all other inmates in his housing unit.

In addition, the discovery here is subject to a protective order ("Protective Order"), which Your Honor so ordered on May 4, 2023. *See* Protective Order (May 4, 2023), ECF No. 63. The Protective Order, *inter alia*, prohibits disclosure of confidential discovery material to any individual other than Mr. Kwok, his counsel, and those individuals retained by his counsel in preparation of his defense. This fact also weighs in favor of providing Mr. Kwok laptop access. If Mr. Kwok were to use the public desktop computer, his screen and the confidential information displayed on it would be visible to everyone in the room—inmates and MDC personnel alike. The MDC simply cannot guarantee Mr. Kwok the privacy needed to review his confidential discovery on a desktop computer without the risk of prying eyes viewing that material in violation of this Court's order.

MDC's response to Mr. Kwok's request is to recite its policy of allowing inmates, in limited circumstances, access to a laptop only one month before trial if there is a large volume of 3500 material. As an initial matter, this policy is itself an acknowledgment that the laptop provides superior access to discovery material. More to the point, Mr. Kwok cannot wait until *one month* before trial to properly review this voluminous and complex material. The request for an internet-disabled laptop is a reasonable accommodation, and counsel for Mr. Kwok will work with the Government and the MDC to ensure that any laptop meets the required specifications.

Mr. Kwok's request is not novel. Courts in both the Southern and Eastern Districts have ordered the BOP/MDC to give defendants in similar situations access to internet-disabled laptops. *See, e.g.*, Memo Endorsement, *United States v. Maxwell*, Case No. 20 Cr. 330 (AJN) (S.D.N.Y. Jan. 15, 2021) ("Maxwell Memo Endorsement"), ECF No. 116 (ordering that the BOP permit defendant housed at the MDC further access to a government-provided laptop computer, including on weekends and holidays, to review voluminous discovery comprised of multiple hard drives); *United States v. Zhukov*, 18-CR-633(EK), 2020 WL 6302298, at *2 (E.D.N.Y. Oct. 27, 2020) (ordering the MDC to give defendant access to an internet-disabled laptop loaded with the government's discovery production), *aff'd*, 2023 WL 3083284 (2d Cir. Apr. 26, 2023). In line with this precedent, we similarly request that the Court



June 5, 2023
Page 3

order the BOP/MDC to allow Mr. Kwok to use a laptop to review discovery while he is detained pending trial both during the week, and on weekends and holidays.  *See generally* Maxwell Memo Endorsement.

Sincerely,

**BROWN RUDNICK LLP**

STEPHEN R. COOK

cc: All counsel of record (via ECF)
    MDC-Brooklyn Legal Department (bro-execassistant@bop.gov)