# EXHIBIT A

*United States v. Yanping Wang*, Case No.: S1 23-CR-118 (AT)

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. BARBARA JAFFE | PART | IAS MOTION 12EFM |
| | *Justice* | | |

-----------------------------------------------------------------------X

YANPING WANG a/k/a YVETTE WANG,

                Plaintiff,

- v -

XIANMIN XIONG a/k/a XI NUO a/k/a SINO, XIA YELIANG, LI HONGKUAN, GAO BINGCHEN,

                Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157786/2019 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 39-46 were read on this motion for            order of protection           .

      On September 11, 2019, the parties entered into a so-ordered stipulation whereby defendant agreed not to "appear or linger outside" plaintiff's place of employment except to the extent of "brief or innocent passing" . . . "if for legitimate reasons for the party's business." Plaintiff also agreed that she would refrain from engaging in the same conduct outside defendant's residence with the same exception. (NYSCEF 20).

      By email to the court's Ex Parte Office, dated Friday, April 26 at 5:36 pm, plaintiff sought authorization, pursuant to AO-78-20, to obtain by order to show cause an order "enjoining defendant from harassing, confronting, threatening or intimidating [her] or "appearing in the immediate vicinity of [her] work place or residence" and from "making death threats of bodily injury against [her], including without limitation, in person or through any media."

      By affidavit dated April 24, 2020, plaintiff alleges the following:

      (1) On April 4, 2020, defendant took photographs through the first-floor window of her office and posted them on Twitter.

(2) On April 6, 2020, defendant was outside her office, taking photographs of her and threatening to kill her if she continued to work for a certain nonparty. She called the police who arrived during the incident. The officers told her that they are conducting an ongoing investigation of defendant. She showed them the so-ordered stipulation and they directed defendant to leave immediately. She filed a police report. Soon thereafter, after having seen defendant use his phone, another individual arrived at the scene and engaged in the same conduct engaged in by defendant. Defendant posted a video on Twitter of himself outside plaintiff's office and encouraged viewers to join in his threatening conduct against her.

(3) On April 8, 2020, defendant posted on Twitter the photographs he had taken of plaintiff.

A video conference was held with the parties on April 28 in an effort to settle the application. Defense counsel agreed that he would advise his client to comply with the so-ordered stipulation. Plaintiff's counsel reiterated the need for further injunctive relief.

As plaintiff seeks relief from conduct that is not encompassed by the so-ordered stipulation, namely "harassing, confronting, threatening or intimidating" and "making death threats of bodily injury against [her], including without limitation, in person or through any media," and given the seriousness of defendant's alleged recent conduct, on April 29, I deemed this application essential within the meaning of AO-78-20. (NYSCEF 43). Plaintiff then efiled her order to show cause which I signed, giving defendant until 5 pm on May 6, 2020 to efile his opposition. (NYSCEF 44).

In opposing the application, defendant offers counsel's statement and a memorandum of law based thereon, several photographs with captions, and several signed statements. (NYSCEF 45, 46). The statement of counsel consists of unaffirmed factual allegations with no asserted

basis of knowledge; none of the photographs are authenticated; none of the statements are notarized. Consequently, none of defendant's submissions is considered, except to the extent that defendant therein admits that he violated the so-ordered stipulation by seeking to excuse it.

Accordingly, it is hereby

ORDERED, that upon plaintiff's service of a copy of this order with notice of entry on defendant and in addition to the injunctive relief stipulated to on September 11, 2019, defendant Xianmin Xiong a/k/a Xi Nuo a/k/a Sino is immediately enjoined from harassing, confronting, threatening or intimidating plaintiff YanPing Wang a/k/a Yvette Wang; and it is further

ORDERED, that defendant Xianmin Xiong a/k/a Xi Nuo a/k/a Sino is also enjoined from appearing in the immediate vicinity of plaintiff YanPing Wang a/k/a Yvette Wang's residence and from making death threats of bodily injury against her, including without limitation, in person or through any media.

| 5/7/2020 | | | | |
|---|---|---|---|---|
| **DATE** | | | **BARBARA JAFFE, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |