# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT
# BRIDGEPORT DIVISION

---------------------------------------------------------x
:
In re:                                      :    Chapter 11
                                            :
HO WAN KWOK, *et al.*,                      :    Case No. 22-50073 (JAM)
                                            :
                Debtors.¹                   :    Jointly Administered
                                            :
---------------------------------------------------------x

## ORDER REGARDING PARTIAL RESOLUTION OF
## TRUSTEE'S CONTEMPT MOTION

Upon the motion (the "Motion")² of Mr. Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor"), for the entry of an order (this "Order"), pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9014 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), holding Ho Wan Kwok (the "Debtor") in civil contempt for failure to comply with the Corporate Governance Rights Order and imposing appropriate sanctions, all as further detailed in the Motion; and this Court having jurisdiction to consider the Motion to Compel and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut (as amended); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and upon consideration of and in reliance on the evidence presented, including (a) the transcript of the April 6, 2022 meeting of creditors

---

¹ The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595) (the "Debtor") and Genever Holdings Corporation ("Genever BVI"). The mailing address for the Trustee and Genever BVI is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

² Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

under section 341 of the Bankruptcy Code [Trustee Exhibits 7 and 10]³ (the "Section 341 Meeting"), (b) the Particulars of Claims [Trustee Exhibit 6] (the "U.K. Complaint"), dated September 23, 2020, filed in the case styled as *Kwok Ho Wan & Ors. v. UBS*, Cl-2020-000345, High Court of Justice of England and Wales Queen's Bench Division Commercial Court, and (c) the Debtor's affidavit, dated February 5, 2016 [Trustee Exhibit 15] (the "Kwok Affidavit"), filed in the case styled as *Ace Decade vs. UBS AG*, Index No. 653316/2015 (N.Y. Sup. Ct.), which exhibits have been admitted into evidence (without objection); and the Debtor having not opposed or otherwise objected to entry of this Order; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Court hereby finds that (i) the Debtor exclusively beneficially owned and controlled Ace Decade Holdings Limited ("Ace Decade") on the February 15, 2022 petition date (the "Petition Date") and maintained such exclusive beneficial ownership and control up to and including immediately prior to the date of the Trustee's appointment, and (ii) Dawn State Limited ("Dawn State" and, together with Ace Decade, the "Ace Decade Entities") is Ace Decade's wholly-owned subsidiary and is exclusively owned and controlled by Ace Decade. For the avoidance of doubt, Yanping "Yvette" Wang is not and has never been a beneficial owner of the shares in Ace Decade or Dawn State. The Debtor does not contest the findings in this paragraph and will not appeal such findings.

2. The Debtor represents that he has never transferred or purported to transfer any ownership or control of Ace Decade to any other person or entity since the Petition Date. Accordingly, the Court further finds that, but for the Trustee's appointment and his rights under the Bankruptcy Code and the Corporate Governance Rights Order, the Debtor would still exclusively beneficially own and control Ace Decade as of the date of this order. The Debtor does not contest the findings in this paragraph and will not appeal such findings.

3. The Court shall hold a hearing on November 17, 2022 (the "Compliance Hearing") on the unresolved portion of the Motion. The parties reserve all rights as to the unresolved portion of the Motion, and, for the avoidance of doubt, the Trustee specifically reserves the right to request entry of a separate order requiring the Debtor to cause title to the shares in the Ace Decade Entities to be transferred to the Trustee by a date certain, and the

---

³ References to the Trustee Exhibits are to the exhibits filed with the *Amended Exhibits List*, dated November 15, 2022 [Docket No. 1096].

2

Debtor specifically reserves the right to request an order finding that the actions he has taken to comply with the Corporate Governance Rights Order and the Bankruptcy Code are sufficient not to be held in contempt.

4. For purposes of the Compliance Hearing, the Debtor stipulates to the admissibility of Trustee Exhibits 13 (at page 3), 28-30, 34, 36-37, and 39 (at page 55:23-25) on the issue of the relationship between the Debtor and Yanping "Yvette" Wang. The Debtor reserves the right to represent through his counsel that the Debtor would testify that Ms. Wang is not his employee and does not take direction from him. The parties reserve all rights with respect to the weight, if any, the Court should give to the foregoing exhibits and representations.

5. The Debtor shall not in any way interfere with or impede the Trustee's exercise of ownership and control over the Ace Decade Entities, nor shall the Debtor (a) argue in any setting or seek any order from any judicial or arbitral body that (i) the Debtor did not exclusively beneficially own and control, directly or indirectly, the Ace Decade Entities immediately prior to the date of the Trustee's appointment, (ii) the Trustee does not now exclusively beneficially own and control Ace Decade, or (iii) the Debtor ever transferred or purported to transfer any ownership or control of Ace Decade to any other person or entity (other than the Trustee) following the Petition Date; or (b) voluntarily assist, including by providing testimony or statements, any other party in advancing any of the positions set forth in items (a)(i) through (a)(iii) of this paragraph.  Notwithstanding the foregoing, nothing in this Order shall prevent the Debtor from testifying truthfully under oath in response to a valid subpoena or equivalent process from a court or other body having jurisdiction over the Debtor legally compelling him to provide testimony.

6. Nothing in this Order shall preclude the Trustee, in the context of any further litigation against any third party, from arguing that any purported transfer by the Debtor of the ownership or control of either or both of Ace Decade or Dawn State was or is avoidable under any applicable law, or that any such purported transfer should be disregarded under applicable law.

7. The Debtor has represented that he does not contest any findings in this Order and, accordingly, he will not appeal this Order.

8. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

3

      9.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

      10.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated at Bridgeport, Connecticut this 17th day of November, 2022.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut