# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>ALI SADR HASHEMI NEJAD,<br><br>                    Defendant. | DECLARATION<br><br>18 Cr. 224 (AJN) |

I, EMIL J. BOVE III, pursuant to Title 28, United States Code, Section 1746, declare under penalty of perjury:

1) I am an attorney admitted to the bar of the State of New York and the bar of this Court. I respectfully submit this declaration in response to the Court's September 16, 2020 Order. That Order requested, among other things, information concerning my awareness of and involvement in disclosure issues relating to a document marked GX 411 at the trial in this matter, which took place between March 2 and March 16, 2020. (*See* Dkt. No. 379 at 32).

2) I have been an Assistant United States Attorney at the U.S. Attorney's Office for the Southern District of New York since October 1, 2012. Since September 19, 2019, Shawn G. Crowley and I have been Co-Chiefs of the Office's Terrorism and International Narcotics Unit (the "Unit"). Prior to becoming a Co-Chief of the Unit, I served as a line prosecutor in the Unit for approximately five years beginning on July 30, 2014.

3) As one of the two Co-Chiefs of the Unit, I share responsibility for overseeing investigations and prosecutions by prosecutors in the Unit, including the investigation and prosecution of this matter, which was handled by AUSAs assigned to the Unit and by a prosecutor from the Manhattan District Attorney's Office cross-designated as a Special Assistant United States Attorney for purposes of the case. My oversight responsibilities include providing guidance

to prosecutors regarding discovery and disclosure issues, helping to train prosecutors, and fostering a culture that prioritizes ethical conduct and candor to the Court and to adversaries. As a Unit chief, I necessarily share responsibility for any failures in this regard, and for remediating those failures.

4) On March 9, 2020, I committed to the Court that Co-Chief Crowley and I would undertake efforts to address the discovery and disclosure issues in this matter. (Tr. 996). These steps have included the following:

a) Overseeing the post-trial discovery diligence that led to additional disclosures to the defense and to the decision to seek dismissal of Indictments in this case;

b) Discussing this case with each AUSA in the Unit, individually and as a group;

c) Talking to each AUSA in the Unit about other assigned cases and investigations in order to evaluate and identify any other staffing, resource, discovery, or disclosure issues;

d) Participating in a training session with members of the Unit regarding disclosure issues, which included a segment conducted by a member of the Office's Disclosure Committee as well as a segment that was specific to the Unit's work, such as classified information handling, the Classified Information Procedures Act, and prudential searches involving reviewing case files and related holdings at other agencies for potentially discoverable information; and

e) Discussing with the executive staff of the Office issues related to Office policy, training, staffing, and technological support, based in part on our findings from the foregoing post-trial diligence, review, and training activities, as part of the effort to address the concerns identified in the Court's September 16, 2020 Order.