

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                              pryorcashman.com

**Sidhardha Kamaraju**
Partner

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

September 4, 2023

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>*United States v. Ho Wan Kwok, et al.*, No. 23-cr-118 (AT)</u>

Dear Judge Torres:

  We write on behalf of Defendant Ho Wan Kwok to respond to the letter, dated September 2, 2023, filed by counsel for the Chapter 11 trustee, Luc A. Despins, Esq. (the "Trustee"), in the bankruptcy cases captioned *In re Ho Wan Kwok, et al.*, Case No. 22-50073(JAM) (Jointly Administered) (the "Bankruptcy Cases"), currently pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). Mr. Kwok will respond before the Bankruptcy Court in detail to the Trustee's attempt to prevent this Court from addressing critical constitutional issues that threaten to undermine the fairness and integrity of these proceedings. We write now, however, to respond to a few points in the Trustee's letter.

  First, as the authority cited in our memorandum in support of Mr. Kwok's motion to stay the Bankruptcy Cases shows, this Court unquestionably has the authority to stay the Bankruptcy Cases. The Court's authority under both the All Writs Act and its own supervisory authority to stay a parallel proceeding that interferes with its jurisdiction is indisputable and has been recognized repeatedly by courts in this circuit. *See, e.g., United States v. Gerace*, No. 21-2419, 2023 WL 3243477 (2d Cir. May 4, 2023); *Caleb and Brown Pty. Ltd. v. Thompson*, No. 20-cv-8612(LAP), 2020 WL 6887680 (S.D.N.Y. Nov. 24, 2020) (staying civil proceeding pending final judgment in criminal case); *United States v. Amrep Corp.*, 405 F. Supp. 1053 (S.D.N.Y. 1976) (staying parallel FTC proceedings against defendant until one month after jury's verdict in criminal trial). Moreover, for the reasons set forth in our motion papers, the Bankruptcy Cases are plainly



The Honorable Analisa Torres
September 4, 2023
Page 2

and significantly impairing this Court's jurisdiction over this case and its duty to ensure that Mr. Kwok's constitutional rights are protected.[1]

Second, the automatic stay imposed in connection with Bankruptcy Cases has no relevance here. The Bankruptcy Code explicitly carves out criminal actions from the automatic stay and does not provide for any exceptions to that carve-out. *See* 11 U.S.C. § 362(b)(1) (filing of bankruptcy petition "does not operate as a stay . . . of the commencement or continuation of a criminal action or proceeding against the debtor"). Nor does the automatic stay preclude the filing of a motion—which is what Mr. Kwok did—but only the filing of a separate action. As a result, the Trustee is asking the Bankruptcy Court to read into this statutory carve out an exception that has no basis in the statute's text or in any case law. Indeed, the Trustee's position is particularly puzzling given that, in his view, the automatic stay apparently does not enjoin the government from proceeding with forfeiture in this case (as evidenced by the settlement agreement concerning the Mawah Facility), but prevents Mr. Kwok from even filing a motion to protect his rights with the Court tasked with ensuring he receives the full protection afforded to him by the Constitution. Whatever importance the Bankruptcy Cases have, it is not so significant that it can prevent Mr. Kwok from asserting his constitutional rights to this Court, and any interpretation of the automatic stay that purports to do so would be unconstitutional.

Third, Mr. Kwok has no objection to the Trustee responding in this action, because this is the proper forum to adjudicate Mr. Kwok's constitutional rights with respect to this prosecution. That the Trustee chose to run to the Bankruptcy Court to seek to prevent this Court from even hearing those issues—rather than simply defending his actions to this Court—speaks volumes and only further demonstrates the need for this Court to intervene.

Respectfully submitted,

Sidhardha Kamaraju
Matthew S. Barkan
Daniel J. Pohlman
John M. Kilgard
Clare P. Tilton

*Attorneys for Defendant Ho Wan Kwok*

cc:   All Counsel of Record (via ECF)
      Counsel for the Trustee (via email)

---

[1] The Trustee's motion does not even address Mr. Kwok's co-defendant, Yvette Wang, who, as detailed in her submission to the Court, (Dkt. No. 135), is suffering independent prejudice from the Bankruptcy Cases, even though she is not a party there.