

1 (202) 551-1902
nicholasbasset@paulhastings.com

September 2, 2023

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York

**Re:** *United States v. Ho Wan Kwok, et al.*, No. 23 Cr. 118 (AT)

Dear Judge Torres:

We represent Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the voluntary chapter 11 case (the "Bankruptcy Case") of defendant Ho Wan Kwok (the "Debtor") pending in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court"). We write in reference to the Debtor's Motion for an Order and Writ Staying Bankruptcy Cases or in the Alternative for Other Relief [ECF No. 129] (the "Stay Motion") and co-defendant Yvette Wang's joinder in such motion.

The Trustee respectfully believes the Bankruptcy Court is the only court that has jurisdiction to consider a stay of the Bankruptcy Case under 28 U.S.C. § 1334 and that the Debtor's filing of the Stay Motion in this Court violates the automatic stay imposed by 11 U.S.C. § 362. Accordingly, on September 1, 2023, the Trustee filed the attached emergency motion in the Bankruptcy Court, asking the Bankruptcy Court to enforce the automatic stay and enjoin the Debtor from further prosecution of the Stay Motion. The Trustee has asked for the Stay Motion to be heard on September 6, 2023, or as soon as the Bankruptcy Court is available.

To be clear, the Trustee's motion does not ask the Bankruptcy Court to enjoin the alternative relief sought in the Stay Motion to the extent such relief has properly been presented to this Court. In particular, the Trustee has no objection to the Debtor's request for an order modifying the protective order in this case to permit the sharing of information with the Trustee.

In the event the Bankruptcy Court does not grant the Trustee's motion, or has not ruled on such motion prior to the deadline of September 21, 2023 this Court has set for the Government to file any response to the Stay Motion, the Trustee respectfully requests the opportunity to file a response to the Stay Motion by September 21 and to be heard at any hearing on such motion.

Respectfully Submitted,

/s/ Nicholas A. Bassett

Nicholas A. Bassett
of PAUL HASTINGS LLP

Encl.

cc:  All Counsel of Record (by ECF)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

------------------------------------------------------x
                                                              :

In re:                                        :        Chapter 11

HO WAN KWOK, *et al.*,[1]           :        Case No. 22-50073 (JAM)

        Debtors.                 :        (Jointly Administered)

------------------------------------------------------x

**EMERGENCY MOTION OF CHAPTER 11 TRUSTEE,
UNDER 11 U.S.C. §§ 105(a) AND 362, TO ENJOIN DEBTOR'S PROSECUTION OF
MOTION IN CRIMINAL CASE FOR ORDER STAYING CHAPTER 11 CASES AND
ASSOCIATED ADVERSARY PROCEEDINGS**

Luc A. Despins, in his capacity as the Chapter 11 Trustee (the "Trustee") appointed in the above-captioned chapter 11 case of Ho Wan Kwok (the "Debtor"), by and through his undersigned counsel, hereby files this emergency motion (the "Motion") seeking entry of an order under 11 U.S.C. §§ 105(a) and 362, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), enjoining the prosecution of the Debtor's *Motion for an Order and Writ Staying Bankruptcy Cases or in the Alternative for Other Relief* [Criminal Case ECF No. 129] (the "Stay Motion")[2] filed in the criminal case pending against him in the United States District Court for the Southern District of New York [Case No. 1:23-cr-00118-AT] (the "Criminal Court" and the case,

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]    The Stay Motion can be found at Ex. A and Ex. B to the Trustee's *Notice Of Debtor's Motion In Criminal Case For An Order Staying These Chapter 11 Cases And Associated Adversary Proceedings* [Docket No. 2158].

the "Criminal Case") seeking to stay the above-captioned chapter 11 cases and all related adversary proceedings. In support of his Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Through the Stay Motion, the Debtor asks the Criminal Court to, among other things, stay this chapter 11 case in its entirety until the conclusion of the Criminal Case. In addition to being meritless, the Stay Motion is a flagrant violation of the automatic stay and a direct encroachment upon this Court's jurisdiction over this case and the chapter 11 estate. By this Motion, the Trustee requests an order immediately enjoining the Debtor's prosecution of the Stay Motion. If the Debtor wishes to seek to a stay of this chapter 11 case, he can file a motion in this Court, the only Court that has jurisdiction to consider it, and the Trustee will respond accordingly. The Debtor cannot, however, unilaterally ask another court to usurp this Court's jurisdiction.

2.      The Criminal Court has instructed that the Government file any response to the Stay Motion by September 21, 2023. The Criminal Court has not expressly permitted any other parties, such as the Trustee, to respond, although the Trustee will request the opportunity to do so if necessary. In light of the timing of the Stay Motion, the Trustee respectfully requests that the Court grant the relief requested herein as soon as possible on an emergency basis so the estate does not have to spend any resources litigating in the Criminal Court.

3.      Although the Trustee does not address herein the merits of the Stay Motion, he reserves all rights to do so if and when necessary. For the avoidance of doubt, no basis exists to stay any aspect of this chapter 11 case. The Debtor voluntarily commenced the case in this Court in February 2022 for his own benefit; staying the case at this juncture, after more than eighteen months of extensive docket activity and in the midst of the Trustee's ongoing Rule 2004 investigation and asset-recovery litigation, would be extraordinarily prejudicial to the Debtor's

2

creditors, especially given the abundant evidence that the Debtor (despite his incarceration) and his associates are presently continuing their efforts to move and conceal assets. The Debtor's purported Fifth Amendment concerns are without merit and, in any event, could be addressed, if necessary, through other measures short of staying this entire case.

## JURISDICTION AND VENUE

4. The Court has jurisdiction to entertain this application under 28 U.S.C. §§ 157 and 1334. Venue to hear this Application is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

5. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

6. The bases for the relief requested herein are sections 105(a) and 362 of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

7. On February 15, 2022 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Bankruptcy Code.

8. On March 21, 2022, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee") in the Debtor's chapter 11 case (the "Chapter 11 Case"). No examiner has been appointed in the Chapter 11 Case.

9. On June 15, 2022, the Court entered a memorandum of decision and order [Docket No. 465] (the "Trustee Order") directing the United States Trustee to appoint a chapter 11 trustee in the Chapter 11 Case. Pursuant to the Trustee Order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Docket No. 523].

10. Since his appointment, the Trustee has been conducting an in-depth investigation into the Debtor's assets and affairs, including by seeking discovery from the Debtor and his

3

associates. The Debtor refused to comply with his discovery obligations and, on January 20, 2023, following multiple hearings, the Court issued an order compelling the Debtor to produce documents [Docket No. 1353] (the "Order Compelling Production").

11.  On March 15, 2023, a twelve-count indictment (the "Indictment") was unsealed in the Criminal Court in which the United States Government (the "Government") has charged the Debtor and certain of his associates with various federal crimes.

12.  After the announcement of the criminal charges, on April 10, 2023, the Debtor, through his prior criminal counsel, Brown Rudnick LLP, filed a motion to stay the Order Compelling Production; he did not, however, seek to stay this chapter 11 case. In fact, he expressly declined to do so. *See Debtor's Motion for a Limited Stay of Order Granting in Part Motion to Compel Compliance with Rule 2004 Subpoena*, ¶25 [Docket No. 1649].

13.  On or about July 11, 2023, the Debtor retained his current counsel in the Criminal Case, and Brown Rudnick LLP withdrew as counsel.

14.  On July 26, 2023, the Court entered a further order holding the Debtor in contempt of Court [Docket No. 2035] (the "Contempt Order") for failing to comply with the Order Compelling Production. The Contempt Order allows the Debtor to purge his contempt by, among other things, requesting the Criminal Court's permission to provide certain documents to the Trustee. The Debtor has appealed the Contempt Order.

15.  On August 30, 2023, without prior notice to the Trustee, and with no notice to any other party in this chapter 11 case,[1] the Debtor filed the Stay Motion, requesting that the Criminal Court stay the chapter 11 case and all related adversary proceedings, or, in the alternative, (i)

---

[1]  The Debtor's criminal counsel emailed a copy of the Stay Motion to counsel for the Trustee after the Stay Motion was filed. To the Trustee's knowledge, the Debtor has not provided any notice of the Stay Motion to other key parties in interest, such as the Official Committee of Unsecured Creditors and PAX.

4

modify the protective order in the Criminal Case to allow production of the discovery in the Criminal Case to the Trustee; (ii) direct that the Debtor's criminal counsel defense team continue to be permitted access to the property located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430 (the "Mahwah Mansion") through the pendency of the Criminal Case; (iii) preclude the government from facilitating the sale of the Mahwah Mansion in this Case through the pendency of the Criminal Case; and (iv) order that the government not solicit or receive from the Trustee any information or records that are subject to any privileges belonging to the Debtor and identify any such materials already provided by the Trustee.[1]

16. On August 31, 2023, the Criminal Court entered an order instructing the Government to file any response to the Stay Motion by September 21, 2023 [Criminal Case Docket No. 132]. The Criminal Court order does not expressly permit any other parties to respond.

## BASIS FOR RELIEF REQUESTED

17. Pursuant to 28 U.S.C. 1334, this Court has exclusive jurisdiction over the administration of this chapter 11 case and over property of the estate. *See Lehman Bros. Special Fin. Inc. v. Bank of Am. N.A. (In re Lehman Bros. Holdings)*, 535 B.R. 608, 627 (Bankr. S.D.N.Y. 2015) ("The court in which a bankruptcy proceeding is pending has exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."); *see also Sinatra v. Gucci (In re Gucci)*, 309 B.R. 679, 681 (S.D.N.Y. 2004) ("Section 1334(e) of the Judicial Code confers on the district court in which a bankruptcy proceeding is pending 'exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.'").

---

[1] For the avoidance of doubt, the Trustee is not asking this Court to stay aspects of the requested alternative relief that do not seek to interfere with this chapter 11 case. Specifically, the Trustee does not object to the request for modification of the protective order in the Criminal Case.

5

18. Under section 362 of the Bankruptcy Code, it is a violation of the automatic stay to interfere with or seek to exercise control over property of the estate without this Court's permission. *See In re Madoff*, 848 F. Supp. 2d 469, 478 (S.D.N.Y. 2012), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 740 F.3d 81 (2d Cir. 2014) ("The automatic stay provision of the Bankruptcy Code operates to enjoin, among other things, 'any act to obtain possession of ... or to exercise control over property of the estate.'" (quoting 11 U.S.C. § 362(a)(3)). The automatic stay applies to judicial actions taken in other courts that may interfere with estate property and/or the administration of a chapter 11 case. *See, e.g., Bayview Loan Servicing LLC v. Fogarty (In re Fogarty)*, 39 F.4th 62, 71 (2d Cir. 2022) ("The Bankruptcy Code's automatic stay provisions, set forth in Section 362, protect bankruptcy estates by restraining any formal or informal action or legal proceeding that might dissipate estate assets or interfere with the trustee's orderly administration of the estate."). A bankruptcy court has broad authority to enjoin any judicial action that violates the stay and to impose sanctions upon any party who has violated the stay willfully. *Id*. at 77 ("Because Bayview willfully violated the automatic stay [in state court proceeding], Fogarty is entitled to sanctions under Section 362(k) [of the Bankruptcy Code].").

19. Relatedly, the Supreme Court held in *Barton v. Barbour,* 104 U.S. 126 (1881), that "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." The so-called "*Barton* doctrine" remains good law. *See In re Crown Vantage, Inc.,* 421 F.3d 963, 970 (9th Cir. 2005) ("We join our sister circuits in holding that a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee . . . for acts done in the officer's official capacity.") (citing, *inter alia*, *In re Lehal Realty Assocs.*, 101 F.3d 272 (2d Cir. 1996)). The principle underlying

6

*Barton* is that issues going to the administration of a bankruptcy case must be brought to the attention of the bankruptcy court (not to any other court) in the first instance.

20. Here, there is no question that the Stay Motion constitutes a violation of the automatic stay that this Court can and should immediately enjoin. Indeed, the Stay Motion is the ultimate violation of the automatic stay because it seeks not merely to interfere with or exercise control over certain estate property or certain matters within the case but rather to stop the entire case and all adversary proceedings in their entirety. A stay of this case and all adversary proceedings would necessarily interfere with *all* of the estate's property, including the causes of action the Trustee is presently pursuing, as well as cash and valuable hard assets, such as the assets that are the subject of pending adversary proceedings. The Stay Motion must be enjoined. *See In re Johns-Manville Corp.*, 91 B.R. 225, 227 (Bankr. S.D.N.Y. 1988) (enjoining state court case which "will cause irreparable damage to the Debtors and their respective estates, and if continued will totally undermine the reorganization proceedings").[1]

21. The fact that the Debtor is the party seeking the relief makes the stay violation all the more egregious. While other examples of bankruptcy courts enjoining litigation in other courts that interfere with a chapter 11 case may often involve actions by creditors who were unaware of the pending bankruptcy, here the Debtor voluntarily commenced the chapter 11 case in this Court, for his benefit, and he has since participated extensively in all aspects of the case. The Debtor and his counsel know full well that, if the Debtor wants to obtain relief impacting this chapter 11 case, including especially a stay of any aspect of it, he needs to seek such relief in this Court. Indeed, in his response to the Order Compelling Production, the Debtor expressly mentioned the possibility

---

[1] Section 362(b)(1) of the Bankruptcy Code provides that criminal prosecutions against the debtor are excepted from the automatic stay. Here, the Trustee is not seeking to stay the Criminal Case itself, but rather to prevent the Debtor from asking the Criminal Court to stay this chapter 11 case. Such relief must properly be sought in this Court.

7

of asking the Court to stay the entire chapter 11 case but he declined to seek such relief at that time. Within this context, the Debtor's decision to file the Stay Motion in the Criminal Court, with no prior notice to this Court, the Trustee, or any other party in interest, is especially brazen and can only be viewed as a collateral attack on the Court's prior orders, including the Contempt Order, which is currently on appeal to the district court.

22. To prevent an ongoing violation of the automatic stay, and to protect this Court's jurisdiction, the Trustee respectfully requests the entry of an order immediately enjoining the Debtor's prosecution of the Stay Motion in the Criminal Court. The Trustee reserves all rights to seek sanctions as a result of the Debtor's willful stay violation.

*[The rest of this page is intentionally blank.]*

WHEREFORE, the Trustee respectfully requests that the Court grant this Motion and enter the Proposed Order, enjoining the Debtor's Stay Motion, and for such other and further relief as the Court may deem just and proper.

Dated:    September 1, 2023        LUC A. DESPINS,
             New Haven, Connecticut    CHAPTER 11 TRUSTEE

By: */s/ Patrick R. Linsey*
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    plinsey@npmlaw.com

      *and*

    Nicholas A. Bassett (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    2050 M Street NW
    Washington, D.C., 20036
    (202) 551-1902
    nicholasbassett@paulhastings.com

      *and*

    Avram E. Luft (admitted *pro hac vice*)
    Douglass Barron (admitted *pro hac vice*)
    PAUL HASTINGS LLP
    200 Park Avenue
    New York, New York 10166
    (212) 318-6079
    aviluft@paulhastings.com
    douglassbarron@paulhastings.com

    *Counsel for the Chapter 11 Trustee*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

------------------------------------------------------x
                                                      :
In re:                                                :    Chapter 11
                                                      :
HO WAN KWOK, *et al.*,[1]                             :    Case No. 22-50073 (JAM)
                                                      :
        Debtors.                                      :    (Jointly Administered)
                                                      :
------------------------------------------------------x

### [PROPOSED] ORDER ENJOINING DEBTOR'S PROSECUTION OF MOTION IN CRIMINAL CASE FOR ORDER STAYING CHAPTER 11 CASES AND ASSOCIATED ADVERSARY PROCEEDINGS

The Court having considered the motion (the "Motion")[2] for entry of an Order enjoining of Ho Wan Kwok's (the "Debtor") *Notice of Motion for an Order and Writ Staying Bankruptcy Cases or in the Alternative for Other Relief* [Criminal Case ECF No. 129] (the "Stay Motion") filed in the criminal case pending against him in the United States District Court for the Southern District of New York [Case No. 1:23-cr-00118-AT] (the "Criminal Court" and the case the "Criminal Case") seeking to stay the above-captioned chapter 11 cases and all related adversary proceedings; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408(2) and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the estate, its creditors, and other parties in

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Motion.

interest; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be given; and upon all of the proceedings had before this Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED THAT:

1. The Motion is granted as set forth herein

2. The Debtor's Stay Motion before the Criminal Court is hereby stayed and enjoined until further order of this Court. The Debtor must immediately withdraw the Stay Motion.

3. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this order in accordance with the Motion.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.