# Exhibit 2

```
                   UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF CONNECTICUT
                        BRIDGEPORT DIVISION

In Re                             *    Case No. 22-50073 (JAM)
                                  *
HO WAN KWOK and GENEVER           *
 HOLDINGS CORPORATION,            *
                                  *
          Debtor.                 *


LUC A. DESPINS, et al.,           *    Adv. Proc. No. 23-05017
                                  *
                                  *    Bridgeport, Connecticut
              Plaintiffs,         *    September 12, 2023
                                  *
     v.                           *
                                  *
TAURUS FUND, LLC, et al.,         *
                                  *
              Defendants.         *
                                  *
* * * * * * * * * * * * * * * *

                     TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JULIE A. MANNING
                   UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


Chapter 11 Trustee:            LUC A. DESPINS, ESQ.
                               Paul Hastings LLP
                               200 Park Avenue
                               New York, NY  10166

For the Chapter 11 Trustee:    G. ALEXANDER BONGARTZ, ESQ.
                               Paul Hastings LLP
                               200 Park Avenue
                               New York, NY  10166




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, CT 06484 (203)929-9992**

```
APPEARANCES:   (Cont'd)

For the Chapter 11 Trustee:    PATRICK R. LINSEY, ESQ.
                               Neubert Pepe and Monteith
                               195 Church Street,13th Floor
                               New Haven, CT  06510


For the U.S. Trustee:          HOLLEY L. CLAIBORN, ESQ.
                               Office of U.S. Trustee
                               The Giaimo Federal Building
                               150 Court Street, Room 302
                               New Haven, CT  06510

For the Creditors Committee:   KRISTEN B. MAYHEW, ESQ.
                               Pullman & Comley
                               850 Main Street
                               Bridgeport, CT  06601


For The Sherry-Netherland,     SHERRY J. MILLMAN, ESQ.
 Creditor:                     Stroock & Stroock & Lavan
                               180 Maiden Lane
                               New York, NY  10038

                               TARUNA GARG, ESQ.
                               Murtha Cullina, LLP
                               107 Elm Street, Suite 1101
                               Stamford, CT  06902

For the Pacific Alliance       ANNECCA H. SMITH, ESQ.
 Asia Opportunity Fund, LP:    Robinson & Cole, LLP
                               280 Trumbull Street
                               Hartford, CT  06103
```

1  overturning the sale of the Lady May.
2  　　　　　The only change we'd need to make is just to add
3  the hearing date in the first paragraph of the proposed
4  order that appears on pages 5 and 6 of ECF 2186.
5  　　　　　So for all those reasons, the second interim
6  application for compensation of Neubert, Pepe and Monteith
7  is granted, and the proposed order will enter with the
8  minor, with the very minor changes noted on the record.
9  　　　　　MR. LINSEY:  Thank you, Your Honor.
10 　　　　　THE COURT:  Thank you.
11 　　　　　All right.  That concludes all the matters on
12 today's calendar, unless someone has something they have a
13 question about.
14 　　　　　MR. DESPINS: Yes, Your Honor.  If I may?
15 　　　　　THE COURT:  Yes.  Go ahead.
16 　　　　　MR. DESPINS:  I'm really duty bound to inquire
17 about the status of the criminal stay in our motion to stop
18 that the -- Kwok and Yvette Wang from pursuing that criminal
19 stay matter because we have a deadline coming up of
20 September 21st in that case.  And obviously we would want to
21 avoid that.  So I'm sorry.  I wanted to bring that up.
22 　　　　　THE COURT:  Well, there was an objection filed to
23 your motion in this, in this court.
24 　　　　　At the same time, my understanding is that, and
25 you can correct me if I'm wrong, that the district court in

1  the Southern District of New York criminal proceeding is
2  allowing you, as the Trustee of the estates, to file some
3  sort of repsonse, is that correct, to the motion --
4          MR. DESPINS:  That's correct, Your Honor.
5          THE COURT:  -- to the motion to stay filed by Mr.
6  Kwok's criminal counsel in the criminal proceedings,
7  correct?
8          MR. DESPINS:  That's correct.
9          THE COURT:  Okay.  So to -- so I'm going to wait
10 to see what the district court does.
11         This is -- this is not -- I don't know that the
12 bankruptcy court has any authority, and I haven't been able
13 to find any, that would allow a bankruptcy court to tell a
14 party in a criminal proceeding that they can't seek some
15 form of relief from the court in that criminal proceeding.
16 I haven't seen any authority that would provide this court
17 with the authority to do that.
18         MR. DESPINS:  Well, I -- I don't know if you've
19 had a chance to look at the joinder filed by --
20         THE COURT:  I did.  I did.
21         MR. DESPINS:  -- the committee in PAX because I
22 thought they cited a number of cases where --
23         THE COURT:  They cited -- they cited one case
24 which was helpful.  I think the committee cited one case
25 which held that the district court in the criminal

Ho Wan Kwok - September 12, 2023

31

1    proceedings ruled on that motion, not the bankruptcy court.
2            If I'm, Attorney Mayhew, if I'm saying something
3    incorrect, please correct me, but my recollection of the
4    review of the joinder was -- I understand the committee
5    joins and they cited a case which was helpful, because I
6    don't think there were any cases cited before that, but I
7    think what that case said, well, my recollection of what
8    that case said, is that the district court made that, in the
9    criminal action made that determination, not the bankruptcy
10   court, and I think that is an important distinction with a
11   difference.
12           I'm not sure that the bankruptcy court has
13   authority, any authority, to enjoin anyone from doing
14   anything in a criminal proceeding that is not part of the
15   bankruptcy -- I don't know how a criminal proceeding could
16   be part of the bankruptcy case.
17           So I understand you may be frustrated.  And I
18   understand that, you know, you may feel that you would
19   rather this court address the issue, and maybe I'll still
20   have to address the issue after the district court rules,
21   but I don't see -- I am not convinced or persuaded that
22   there's any authority that exists that would authorize a
23   bankruptcy court to stay a debtor who is no longer in
24   possession, who is not only the subject of a criminal
25   proceeding, but, in fact, incarcerated, from seeking relief

1    in that criminal proceeding.  It doesn't mean he's going to
2    obtain that relief, but I don't -- I don't see how the
3    bankruptcy court has the authority to do that, any
4    bankruptcy court.
5             MR. DESPINS:  Your Honor, it's because this is an
6    attempt to control property of the estate.  I mean, if this
7    Chapter 11 case is stayed, the effect on property of the
8    estate would be huge.  You know.  It's just I can't even
9    conceive of it.
10            We had a deadline, for example, the two-year
11   statute of limitations is coming up in February.  If this
12   case is stayed, what's going to happen to all these
13   important questions?
14            THE COURT:  Well, you're going to have to move to
15   extend that statute of limitations, number one.  Number two,
16   the Mahwah mansion is not property of the estate at this
17   time.  That determination hasn't been made.
18            MR. DESPINS:  I know.  No.  But I want to be
19   clear, they're seeking a stay of the entire Chapter 11 case.
20            THE COURT:  No.  I understand.
21            MR. DESPINS:  Not only --
22            THE COURT:  I read it.  I understand.
23            MR. DESPINS:  Okay.
24            THE COURT:  I understand what they're seeking.
25            MR. DESPINS:  Okay.

Ho Wan Kwok - September 12, 2023                          33

1           THE COURT:  But the case that the committee cited,
2     the district court did not grant that relief.
3           MR. DESPINS:  Understood.
4           But I don't think there's any precedent.  Your
5     point is that there's no precedent where a bankruptcy court
6     has enjoined such a proceeding.
7           THE COURT:  Correct.
8           MR. DESPINS:  I hear that.  But I don't think
9     there's any case where the relief was sought, except for
10    that Boston District Court case, which sought in the
11    district court, usually sought in the court where the case
12    is pending.
13          But I understand your -- understand your views and
14    I appreciate the feedback, Your Honor.
15          THE COURT:  It may -- I have no idea what's going
16    to occur, but I understand your request.  And it doesn't
17    mean that your request might not be addressed in some way,
18    shape or form at some point, but I don't see any authority
19    to have a bankruptcy court enjoin a criminal defendant from
20    seeking relief in a criminal case.
21          MR. DESPINS:  Understood.
22          THE COURT:  Thank you.
23          MR. DESPINS:  Thank you, Your Honor.
24          THE COURT:  Is there anything further anyone would
25    like to add to the record this afternoon?

1   (No response)

2   THE COURT: Okay. That conclude the hearings in
3   the Kwok and Genever-related Chapter 11 cases this
4   afternoon. Those are the last matters on the calendar, so
5   court is adjourned. Thank you, all.

6   ALL COUNSEL: Thank you, Your Honor.

7   (Proceedings concluded at 2:54 p.m.)

8   I, CHRISTINE FIORE, court-approved transcriber and
9   certified electronic reporter and transcriber, certify that
10  the foregoing is a correct transcript from the official
11  electronic sound recording of the proceedings in the above-
12  entitled matter.

*[Signature: Christine Fiore]*

September 14, 2023

Christine Fiore, CERT