# Exhibit 3

```
                    UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF CONNECTICUT
                        BRIDGEPORT DIVISION

 In Re                           *    Case No. 22-50073 (JAM)
                                 *
 HO WAN KWOK and GENEVER         *
  HOLDINGS CORPORATION,          *
                                 *
              Debtor.            *

 LUC A. DESPINS,                 *    Adv. Proc. No. 22-05027
                                 *
              Plaintiff,         *
                                 *
      v.                         *
                                 *
 BRAVO LUCK, LIMITED, et al.,    *
                                 *
              Defendant.         *

 LUC A. DESPINS,                 *    Adv. Proc. No. 23-05017
                                 *
                                 *    Bridgeport, Connecticut
              Plaintiff,         *    August 29, 2023
                                 *
      v.                         *
                                 *
 TAURUS FUND, LLC, et al.,       *
                                 *
              Defendants.        *
                                 *
 * * * * * * * * * * * * * * * * *


                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JULIE A. MANNING
                 UNITED STATES BANKRUPTCY JUDGE

 APPEARANCES:


 Chapter 11 Trustee:         LUC A. DESPINS, ESQ.
                             Paul Hastings LLP
                             200 Park Avenue
                             New York, NY  10166




 Proceedings recorded by electronic sound recording, transcript
 produced by transcription service.
```

2

APPEARANCES:   (Cont'd)

For the Chapter 11 Trustee:       PATRICK R. LINSEY, ESQ.
                                  Neubert Pepe and Monteith
                                  195 Church Street,13th Floor
                                  New Haven, CT  06510


For U.S. Trustee:                 HOLLEY L. CLAIBORN, ESQ.
                                  Office of U.S. Trustee
                                  The Giaimo Federal Building
                                  150 Court Street, Room 302
                                  New Haven, CT  06510


For the Creditors Committee:      IRVE J. GOLDMAN, ESQ.
                                  Pullman & Comley
                                  850 Main Street
                                  Bridgeport, CT  06601


For Bravo Luck:                   FRANCIS J. LAWALL, ESQ.
                                  Troutman Pepper Hamilton
                                   Sanders, LLP
                                  3000 Two Logan Square
                                  18th and Arch Street
                                  Philadelphia, PA  19103


For Hing Chi Ngok and             CHRISTOPHER J. MAJOR, ESQ.
 Greenwich Land, LLC:             Meister Seelig & Fein LLP
                                  125 Park Avenue
                                  New York, NY  10017


For Taurus Fund, LLC:             MICHAEL T. CONWAY, ESQ.
                                  Lazare Potter Giacovas &
                                   Moyle, LLP
                                  747 Third Avenue
                                  New York, NY  10017

1     held the status conference with regard to that matter.

2              The only other thing the U.S. Trustee's Office may

3     want, I have no idea, Attorney Claiborn, but that motion

4     that's seeking to remediate different issues at the Sherry-

5     Netherland apartment also seeks the employment.  So I don't

6     know if you want the order to refer to Section 327 or

7     something too.  I have no idea.  But maybe you can all work

8     that out before we have a hearing.

9              And maybe if you all come in and there's no

10    problem, you'll go first at 2 p.m.  Okay?

11             MR. DESPINS:  That's a good incentive.

12             THE COURT:  All right.  So with regard to the

13    status conference that was held today that -- the status

14    conference has been held.  There's no need for any -- no

15    further status conferences will be scheduled and a notice of

16    hearing will issue on ECF No. 2113.  Okay?

17             So then how would you like to proceed next?

18             MR. DESPINS:  We'll go to Mahwah at this point.

19             THE COURT:  Go right ahead.

20             MR. DESPINS:  Thank you, Your Honor.

21             So Your Honor, this is a motion to approve a

22    settlement with the Department of Justice.  That's under

23    document 24 in the adversary proceeding.  And I have already

24    testified as to this, but I think it's important that we set

25    the stage again on this because last time that was not the

Ho Wan Kwok - August 29, 2023                    20

1      main focus.  I wanted the Court to know about it, but

2      clearly that was not the purpose of that hearing.

3            So the first question is why enter into a

4      settlement with the DOJ?  Second question is what does the

5      settlement do or not do?  And so let me try to address that.

6            The first question is why?

7            As we state in the motion, the DOJ has expressly

8      targeted the Mahwah mansion as a -- that's not a verb --

9      forfeitable asset and they've actually identified that

10     asset.  We did not know about it.  So we have to be candid

11     with the Court.  We did not know about that asset until the

12     indictment was released.

13           And, however, the Department of Justice, their

14     tools are sort of limited in the pre-conviction phase in the

15     sense that they cannot obtain title to this property now or

16     do much with it before there's a conviction, which is a

17     final conviction.  Given that the trial is not going to last

18     -- not going to start until April I think, at least until

19     April of next year, obviously, the DOJ and we were aware of

20     what was going there and we're really concerned about this

21     very valuable asset being left in limbo for lack of a better

22     term.

23           So, however, because they identified this asset as

24     a potentially forfeitable asset, we did not want to begin

25     any adversary proceeding which could be perceived as hostile

Ho Wan Kwok - August 29, 2023                                   21

1     towards the DOJ because obviously it's important we believe

2     to work with them as cooperatively as possible.  Why?

3             Because they have all sorts of tools that we don't

4     have.  We don't want them to be fighting us and us being at

5     cross purposes with them with respect to this asset, and

6     this is where we came up with this idea of -- first of all,

7     we did our homework.  We believe that this asset through the

8     relief we're seeking in the adversary proceeding is an

9     estate asset.  We're convinced of that.  The Court will have

10    to determine if that's the case or not.  That's for another

11    day.

12            But we approached the DOJ and said we want to go

13    forward with this adversary proceeding to try to establish

14    that this is an asset of the estate.  And eventually, if the

15    Court rules in our favor, to sell this asset to liquidate it

16    for the benefit of holders of allowed claims.

17            And so we had this discussion about, okay, how is

18    that going to play out, because their view is that they have

19    superior claims.  And I'm not going to go into all the

20    details on this, but we pointed out and we cited in the

21    motion some case law, because there's a lot of cases on this

22    where Chapter 11 trustees or Chapter 7 trustees are battling

23    against the DOJ over issues like that as to who has first

24    dibs on an asset of the -- and I'm saying in those cases the

25    alleged wrongdoer -- and, you know, obviously we want to

Ho Wan Kwok - August 29, 2023                                    22

1     avoid that.

2             And we also wanted to avoid the following, which

3     is we filed this adversary proceeding.  In my dreams, we

4     prevail.  We sell the assets and the DOJ comes in and says

5     thank you very much, we will take that money, and thank you

6     for your work, and that's the end of it.  We could not have

7     that.

8             This estate cannot be in a position where it's

9     financing any other activity.  It has to net neutral.  And I

10    believe move than net neutral, and I'll get to that piece in

11    a second.  So that we negotiated the fact that if we

12    prevail, that's very important, only if we prevail.

13            This settlement agreement does not dictate the

14    sale of the property because it provides that certain things

15    will happen if we prevail.

16            So if we prevail and we sell the asset, we can use

17    the net proceeds to pay all the expenses that the estate

18    will have incurred.  At that time, we thought we would incur

19    not only legal fees, but security fees, a broker to sell the

20    property, a mortgage if -- there's no mortgage on the

21    property, but if there are people that have mechanics liens

22    that need to be paid, that of course comes off the top.

23            So that creates a concept of net proceeds.  And

24    the net proceeds under that stipulation, we're kicking down

25    -- that down the road, which is to be determined.  And I'll

Ho Wan Kwok - August 29, 2023                        23

1      come back to why there's not more progress on that.  So the

2      net proceeds are very important.

3              And what I said is, okay, that's great.  We're

4      going to get all our expenses back.  That's good.  But this

5      case is not being run for the professionals for the case.

6      There has to be a benefit to the estate.  That's where we

7      came in with the deemed expense of a million dollars.

8              So that assuming for a second that we prevail, the

9      mansion is sold, we get all the expenses paid, and the DOJ

10     and us cannot agree on the distribution of the net proceeds,

11     we're getting a million dollars to the estate guaranteed.

12     And it says in there to be paid to the holders of allowed

13     claims, so an allowed claim in your court, so it has to be

14     an allowed claim, allowed claims of victims.  And, you know,

15     people pointed out, well, victims is not defined.

16             That's not an accident.  Meaning, I want to have a

17     shot at convincing the DOJ that the victims -- first of all,

18     you have to have an allowed claim.  You cannot receive a

19     penny of this unless you have an allowed claim as determined

20     by Your Honor.  But if you have an allowed claim, the issue

21     of who's a victim or not, that's -- I would like that to be

22     subject to further discussion.

23             But the bottom line is this estate will end up

24     with a million positive, if we're right that this property

25     is part of the estate.  And we feel pretty strongly that is

1          the case, but of course Your Honor will have to rule on

2          that.

3                   So the estate is not worse off because the fees

4          and expenses are covered.  It's better off by a million

5          dollars.  And it can be better off by a lot more than that

6          if we are successful in convincing the DOJ that the

7          distribution of proceeds from this property -- and by the

8          way, we're going to try that with other -- you know, for

9          example, I've mentioned the cash that's being frozen right

10         now, $630 million we -- that's not today's issue, but the

11         game plan here, based on other cases where the DOJ has

12         sought and obtained forfeiture of assets, is for the Chapter

13         11 Trustee to wear two hats, Chapter 11 Trustee and

14         forfeiture receiver.  And it all comes back to this court

15         for distribution.

16                  And I know there are issues there.  And they know

17         that too, meaning the DOJ.  They're not naive.  They know

18         that.

19                  The question is, okay, who's a victim?  In their

20         book, a victim might be only the victim of certain alleged

21         schemes.  But, you know, I can see that there are other

22         people in this case that Mr. Goldman represents that also

23         are victims.

24                  For example, Bru Ma(ph), you don't know her, but

25         I'm using her as an example, because if you ever read her