

Sidhardha Kamaraju

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

January 12, 2024

**SUBMITTED VIA ECF**

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>*United States v. Kwok et al.*, Case No. 1:23-cr-00118 (AT)</u>

Dear Judge Torres:

As directed by this Court's January 5, 2024 Order (ECF No. 221) we write to advise the Court that Mr. Kwok intends to move to dismiss the superseding indictment filed by the government on January 4, 2024 (*see* ECF No. 215) (the "Superseding Indictment"). Below, the defendants set forth their position on a schedule for that motion and on the trial date.

**Defendant Ho Wan Kwok's Position**

Three months before the current trial date, the government has turned a "fraud"[1] case into a purported racketeering one. Moreover, with respect to the pre-existing charges, the Superseding Indictment adds new substantive allegations. (*See*, *e.g.*, Superseding Ind. ¶¶ 17(c) (adding allegations concerning a purported statement by Mr. Kwok about the Farm Loans); 19(e) (adding allegations that HCN and HDO were not "real cryptocurrencies" because they purportedly did not operate on a "publicly accessible blockchain").) Thus, to adequately address the government's reformulation of the charges, Mr. Kwok proposes the following briefing schedule on his motion to dismiss the Superseding Indictment:

February 7, 2024:   Mr. Kwok's motion to dismiss the Superseding Indictment due

February 21, 2024:  Government opposition to Mr. Kwok's motion to dismiss due

---

[1] Indeed, just days before seeking and obtaining a racketeering indictment, the government began its opposition to Mr. Kwok's motion to compel by stating "[t]his is a fraud case." ECF No. 205 at 3.



Hon. Analisa Torres
January 12, 2024
Page 2

   March 6, 2024:   Mr. Kwok's reply on motion to dismiss due

  Trial is scheduled for April 8, 2024. While the government has suggested an adjournment of the trial date to May 20, 2024, its proposal is based on a prejudicial and compressed briefing schedule. To allow Mr. Kwok sufficient time to brief his motion to dismiss and for the Court to consider it, Mr. Kwok respectfully requests a trial date of June 3, 2024 (subject to the Court's availability). The requested adjournment, which is less than 60 days from the currently scheduled trial date and includes a period for briefing on Mr. Kwok's new motion to dismiss, is a reasonable accommodation that will permit Mr. Kwok to address the government's late-filed Superseding Indictment while at the same time ensuring this case proceeds to trial as quickly as possible, particularly in light of Mr. Kwok's continued detention at the MDC since March 15, 2023.

**<u>Defendant Yanping Wang's Position</u>**

  The Superseding Indictment puts the defense between a rock and a hard place in terms of timing. First, without question, the case should proceed expeditiously towards trial. This investigation has been going on for at least three years, the case was charged ten months ago, and the government sought—and obtained—Ms. Wang's detention pending trial at the MDC, a facility Judge Furman recently described as "dreadful in many respects," characterized by near constant lockdowns, "slow in providing necessary medical and mental health" care, and riddled with poor physical conditions.[2] Ms. Wang is presumed innocent and a lengthy delay of her trial is improper.

  On the other hand, the government's Superseding Indictment now charges Ms. Wang in 11 of 13 counts (as opposed four counts in the prior indictment). The defense should be allowed adequate time to move to dismiss all or part of the Superseding Indictment, and the Court should be given adequate time to rule on that motion.

  Finally, as to Ms. Wang, she has moved for severance, reserves all rights in that regard, and nothing herein should be considered a waiver of those arguments.

  With all that in mind, we agree with the motion to dismiss schedule as proposed by counsel for Mr. Kwok and may join that motion in whole or in part. In addition, we would consent to a trial starting between May 20 and June 3, but would object to any trial date later than June 3.

---

[2] Opinion, *United States v. Chavez*, 22 Cr. 303 (JMF) (S.D.N.Y. Jan. 4, 2024), ECF No. 31 at 9.

**PRYOR CASHMAN LLP**

Hon. Analisa Torres
January 12, 2024
Page 3

         *    *    *

  We thank the Court for its attention to these matters and remain available should the Court require further information.

                Respectfully submitted,

                Sidhardha Kamaraju