UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>HO WAN KWOK,<br>  a/k/a "Miles Guo,"<br>  a/k/a "Miles Kwok,"<br>  a/k/a "Guo Wengui,"<br>  a/k/a "Brother Seven,"<br>  a/k/a "The Principal,"<br>  a/k/a "Boss," and<br><br>YANPING WANG,<br>  a/k/a "Yvette,"<br>  a/k/a "Y,"<br><br>                      Defendants. | S2 23 Cr. 118 (AT) |

**JOINT PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

HO WAN KWOK,
   a/k/a "Miles Guo,"
   a/k/a "Miles Kwok,"
   a/k/a "Guo Wengui,"
   a/k/a "Brother Seven,"
   a/k/a "The Principal,"
   a/k/a "Boss," and

YANPING WANG,
   a/k/a "Yvette,"
   a/k/a "Y,"

                    Defendants.

S2 23 Cr. 118 (AT)

---

The parties respectfully request that the Court include the following in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. Proposed text highlighted in blue is proposed solely by the Government and is objected to by the defendants. Proposed text highlighted in yellow is proposed solely by the defendants and is objected to by the Government.

The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## Introduction

We are about to select from among you the jurors who will sit in this case. Both sides are

entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendants receive the fairest possible trial. For this reason, I am going to ask you certain questions. They are not meant to pry unnecessarily into your personal life, but to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case. If your answer to one of my questions concerns private information, please let me know and we can discuss it out of the hearing of the other potential jurors.

### The Charges

1. Before I begin, let me tell you a little bit about the case. This is a criminal case. The defendants on trial, Ho Wan Kwok, a/k/a "Miles Guo," a/k/a "Miles Kwok," a/k/a "Guo Wengui," a/k/a "Brother Seven," a/k/a "The Principal," a/k/a "Boss" (whom I will refer to as "Guo"), and YANPING WANG, a/k/a "Yvette," a/k/a "Y" (whom I will refer to as "Wang"), have been charged with violating certain provisions of the criminal laws of the United States. The charges against the defendants are contained in an Indictment that was returned by a Grand Jury. The Indictment is not evidence. It simply contains the charges that the Government is required to prove beyond a reasonable doubt.

2. The Indictment charges Mr. Kwok with twelve counts, and Ms. Wang with eleven counts. The charges arise from Mr. Kwok's and Ms. Wang's alleged participation in a group of businesses and fundraising connected to those businesses.

3. Count One charges that Mr. Kwok and Ms. Wang conspired—that is, agreed—to conduct the affairs of an enterprise through a pattern of racketeering activity. This charge alleges that Guo and Wang agreed to operate an organization referred to in the Indictment as the Kwok Enterprise including through various acts of wire fraud, securities fraud, bank fraud, and money laundering. The counts that follow Count One focus on certain of those acts and

conspiracies to commit them. Count Two charges that Mr. Kwok and Ms. Wang conspired—again, that is, agreed—to commit wire fraud and bank fraud. Count Three charges that Mr. Kwok and Ms. Wang conspired to commit money laundering. Count Four charges that Mr. Kwok and Wang conspired to commit securities fraud and to make false statements to a financial institution. Count Five charges that Mr. Kwok and Ms. Wang committed wire fraud in connection with a stock offering for a business known as GTV. Count Six charges that Mr. Kwok and Ms. Wang committed securities fraud in connection with that GTV stock offering. Count Seven charges that Mr. Kwok and Wang committed wire fraud in connection with a loan program related to GTV stock. Count Eight charges that Mr. Kwok and Ms. Wang committed securities fraud in connection with a loan program related to GTV stock. Count Nine charges that Mr. Kwok and Ms. Wang committed wire fraud in connection with a company known as G|CLUBS. Count Ten charges that Mr. Kwok and Ms. Wang committed securities fraud in connection with a stock offering made through G|CLUBS. Count Eleven charges that Mr. Kwok committed wire fraud in connection with a company known as the Himalaya Exchange. Count Twelve charges that Mr. Kwok and Ms. Wang engaged in a monetary transaction of $100 million that was derived from a crime.

4. Each defendant denies the charges, each defendant has entered a plea of not guilty, and each defendant is presumed to be innocent. The government bears the burden of proving each of the defendants guilty beyond a reasonable doubt.

5. Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them? Have you heard anything about this case, in the newspaper, on the radio, on the internet, on television, in podcasts, from word of mouth or from any other sources? [*If answer is "Yes," the Court is respectfully asked to inquire about the extent and basis of knowledge, and whether that knowledge would affect impartiality.*]

**General Questions**

6. The trial is expected to last up to 8 weeks. Do you have any commitments that would interfere with your serving as a juror at a trial that is expected to last that long?

7. Do you have a problem with your hearing or vision that would prevent you from giving attention to all of the evidence at this trial?

8. Do you have any difficulty in understanding or reading English? Do you speak languages other than English? Which languages?

9. Do you have any other medical problems that might interfere with your service as a juror in this case?

**The Parties**

10. As I noted before, the defendants in this case are Ho Wan Kwok, a/k/a "Miles Guo," a/k/a who also goes by "Miles Kwok," a/k/a "Guo Wengui," and Yanping Wang, a/k/a "Yvette." [*Please ask the defendants to rise when they are identified.*] Does any juror know, or has any juror had any dealings, directly, or indirectly, with Mr. Kwok? With Ms. Wang?

11. To your knowledge, do any of your relatives, friends, or associates know Mr. Kwok? Ms. Wang?

12. Mr. Kwok is represented today by [*defense team to provide names that they would like on the record*]. Ms. Wang is represented today by [*defense team to provide names that they would like on the record*]. Do any of you know, or have you had any dealings with, [*defense team to provide names that they would like on the record*] or any individuals in their office?

13. The United States is represented in this case, as in all cases, by the United States Attorney for this District, who is Damian Williams. Appearing on his behalf in this case will be Assistant United States Attorneys Micah Fergenson, Ryan Finkel, Justin Horton, and Juliana Murray. They will be assisted by paralegals Michael Gartland, Isabel Loftus, and Geoffrey

Mearns. Do you know Mr. Williams or any of the members of the Government's trial team in this case? Does any juror know, or has any juror had any dealings, directly or indirectly, with any of them, or with any other member of the staff of the United States Attorney's Office for the Southern District of New York?

### Other Persons and Entities

14. During the trial, the Government will present evidence in the form of witness testimony. The parties expects that the following people may be witnesses or may be mentioned in testimony or exhibits:

[*To be provided prior to trial*]

15. Do any of you know any of the people I have just named? Have you had any dealings, directly or indirectly, with any of them? To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

16. During the trial, the parties expect that the following businesses or entities may be mentioned in testimony or exhibits:

[*To be provided prior to trial*]

17. Do any of you know any of the entities that I have just named? Have you had any dealings, directly or indirectly, with any of them? To your knowledge, have any of your relatives, friends, or associates had any dealings with them?

18. Events in this case took place at:

[*To be provided prior to trial*]

19. Are you familiar with any of those locations?

20. The witnesses in this case may include one or more of what is known as an accomplice or a cooperating witness—a person who has admitted to participating in crimes related

to the Indictment as well as other crimes. It is the law in federal courts that the testimony of an accomplice may be enough, in itself, for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt. Is there anything about the fact that cooperating witnesses may testify in this case that would make you unable to render a fair and impartial verdict?

### Relationship with Government

21. Does any of you know, or have any association—professional, business, or social, direct or indirect—with any member of the staff of the United States Attorney's Office for the Southern District of New York? The FBI? The Securities and Exchange Commission or "SEC"? Department of Homeland Security?

22. Have you, any member of your family, or any close friend ever been employed by any law enforcement agency—federal, state, or local? Would your dealings with this person prevent you from rendering a fair and impartial verdict here?

23. Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice, or other feelings for or against the United States Attorney's Office? For or against the FBI? For or against any other law enforcement agency?

24. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States I have mentioned? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome?

### Prior Jury Service

25. Have you ever at any time served as a member of a grand jury, whether in

the federal, state, or county courts? [*If answer is "Yes," the Court is respectfully asked to explain that the burden of proof in the grand jury – probable cause – is different from the burden of proof at trial – beyond a reasonable doubt*]

      26.    Have you ever served as a juror in either the state or federal courts?

          (a)    If so, when and in what court did you serve? What type of case?

          (b)    Without revealing the verdict, did the jury reach a verdict?

          (c)    Was there anything about that experience that would impact your ability to sit as a fair and impartial juror in this case?

### **Experience as a Witness, Defendant, or Crime Victim**

      27.    Have you, or any of your relatives or close friends, ever been involved in or appeared as a witness or complainant in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

      28.    Have you ever been a witness or a complainant in any federal or state prosecution?

      29.    Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal or civil case?

      30.    Have you, or has any member of your family, any associate, or any close friend, ever been charged with a crime ==or threatened to be charged with a crime==?

      31.    Have you, or have any of your relatives, associates, or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

32. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

33. Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of the FBI, or any other law enforcement agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by law enforcement.*]

### Case-Specific Questions

34. As I mentioned, during the trial, you will hear evidence concerning an alleged racketeering conspiracy involving wire fraud, securities fraud, bank fraud, and money laundering. Does the fact that the charges in this case involve racketeering, wire fraud, securities fraud, bank fraud, and money laundering affect your ability to render a fair verdict?

35. You will hear evidence in this case about what the Government alleges were acts to deceive victims, including as part of investment scams where high returns were promised, with no risk in connection with certain business opportunities. Do you have any experience or familiarity with these kinds of schemes?

36. Have you ever invested in a business where you lost money?

37. Have you (or anyone close to you) been involved in any proceedings involving the U.S. Securities and Exchange Commission, or SEC?

38. Have you (or anyone close to you) ever filed for bankruptcy, or been involved in a bankruptcy proceeding?

39. Do you (or anyone close to you) have any strong views about the Chinese

government or the Chinese Communist Party?

40. Have you (or anyone close to you) been involved in any movements to thwart activities of the Chinese Communist Party?

41. You may hear testimony about or from former senior members of the Trump administration, including Steve Bannon or Peter Navarro. Is there anything about the Trump administration, or anyone who worked for that administration or President Trump that would prevent you from being fair? Do you have any strong views about former advisors to President Donald Trump, including Steve Bannon or Peter Navarro?

42. Do you have any bias against extremely wealthy people?

43. Do you have any strong views about cryptocurrency?

44. Have you ever purchased any cryptocurrency?

45. Do any of you feel that you have strong policy views on the crimes charged in the Indictment that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

46. Have you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be crimes, or should not be prosecuted federally?

47. Have you been involved—as a defendant, victim, witness, or in any other way—in any prosecution for fraud or money laundering?

48. The defendants are charged with acting with others in committing the alleged crimes. Some of those other individuals are not on trial in this case. You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from that fact. You also may not speculate as to the reason why other persons are not on trial at this time. Would any of you have any difficulty following this instruction or have difficulty rendering a fair and

impartial verdict for this reason?

### Law Enforcement Witnesses

49. The Government witnesses in this case will include agents and analysts from the FBI. Would any of you be more likely to believe a witness merely because he or she is a law enforcement officer? Would any of you be less likely to believe a witness merely because he or she is a law enforcement officer?

50. Have you ever had an unpleasant experience with any law enforcement officer? [*Affirmative responses should be handled at sidebar so as not to influence or affect other jurors in venire.*]

### Evidence

51. Some of the evidence admitted at trial may come from searches performed by law enforcement officers. I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case. Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would interfere with your ability to be fair and impartial in this case?

52. You may hear evidence in the form of recordings, text messages, or other evidence, recovered from an individual's cellular phone. The use of a search warrant or a user's consent to gather such evidence is lawful. I will instruct you that such searches were lawfully conducted in this case. Do you have any feelings about the use of such evidence that would make it difficult for you to render a fair and impartial verdict?

53. You may hear evidence in the form of phone call recordings made by witnesses sometimes without the knowledge and consent of the individuals they recorded. I will instruct you that, the use of such recordings as evidence is lawful. Do you have any feelings about

the use of such evidence that would make it difficult for you to render a fair and impartial verdict?

54. You may hear evidence in the form of physical evidence or photographs that were obtained pursuant to searches of vehicles or residences by law enforcement. I will instruct you that such searches were lawfully conducted. Do you have any feelings about evidence obtained during a search conducted by a law enforcement officer that would make it difficult for you to render a fair and impartial verdict? Would you be more likely to discount such evidence merely because it was obtained during a search conducted by a law enforcement officer? Would you have any bias for or against the Government because of testimony obtained in this manner? Can each of you agree to consider such evidence obtained by law enforcement fairly and impartially?

55. Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

56. Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

**Function of the Court and Jury**

57. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. In other words, when I give you instructions about the law at the close of this trial, you are required to accept the law as stated and apply it to determine whether or not the defendant you are considering is guilty as charged in the Indictment. With this in mind, is there any juror who feels that for any reason he or she is not either willing or able to apply the law as stated by the Court?

58. Under the law, a defendant Mr. Kwok is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves the defendant's Mr. Kwok's guilt beyond a reasonable doubt with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

59. Similarly, under the law, Ms. Wang is presumed to be innocent and cannot be found guilty of the crime charged in a particular count of the Indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence separately proves Ms. Wang's with respect to that particular count. Would you have difficulty accepting and applying this rule of law?

60. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

61. Will each of you accept the proposition of law that sympathy or empathy your personal feelings or beliefs must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

62. It may not be a particularly pleasant duty to find another individual guilty of committing a crime. Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, they might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

63. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

### Other Biases

64. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice—and according to the law, as it will be explained to you? For example, do negative views of any particular nationalities, ethnicities, political ideologies, or any other groups or ideas that could impact your ability to be fair?

### Juror's Background & Affiliations

65. Please provide the following background information:

   (a) Where were you born?

   (b) How old are you?

   (c) What is the county and general section or community of your residence?

(d) Do you rent or own your home?

(e) Who else lives in your home with you, if anyone?

(f) Do you have any children? If so, what are their ages and what do they do?

(g) How long have you lived at your present address? [*If less than five years, please inquire as to prior residence.*]

(h) What is the highest level of schooling you have completed?

(i) What is your occupation?

(j) What is your current employment status? [*If retired, please inquire as to former occupation.*]

(k) What are your position and responsibilities at your job?

(l) How long have you been employed in your current job? [*If present employment is for less than five years, please inquire as to prior employment.*]

(m) Have you ever been let go from a job?

(n) [*If married or has domestic partner*]: What is your spouse's or partner's profession, business, or occupation? [*If spouse is retired, please inquire as to occupation before retirement.*]

(o) What newspapers, magazines or websites do you read and how often?

(p) What television programs do you regularly watch?

(q) To what associations, organizations, or clubs do you belong?

(r) What do you like to do in your spare time?

**Requested Instructions Following Impaneling of the Jury**

66. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family and your friends. If your friends or family ask you about the trial, you may simply tell them that you are a juror in a criminal case and that the judge has instructed you not to discuss it.

67. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should tell that person that you cannot discuss the case and immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

68. There may be some press coverage of this case. Please do not read or watch anything in newspapers, television, or on the Internet that relates to the case or any of its participants in any way. This means no Google searches, or looking anything up on the Internet regarding the case or anyone involved in it. The only evidence that you are to consider in this case will be admitted by me in this courtroom. Anything you see outside of this courtroom is not evidence and should not be considered by you. Further, my instruction that you cannot discuss the case also applies to instant messages, chats, texts, emails, and social media, including Facebook, Twitter (or X), Instagram, Snapchat, blogs, etc. Do not discuss the case at all, and do not write or post anything about the case at all.

Dated: New York, New York
April 9, 2024

                              Respectfully submitted,

                              DAMIAN WILLIAMS
                              United States Attorney

By: _____
                              Micah F. Fergenson
                              Ryan B. Finkel
                              Justin Horton
                              Juliana Murray
                              Assistant United States Attorneys


                              HO WAN KWOK
                              Defendant

By: _____
                              [names]
                              Attorneys for Ho Wan Kwok


                              YANPING WANG
                              Defendant

By: _____
                              [names]
                              Attorneys for Yanping Wang