```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

HO WAN KWOK and YANPING WANG,

                                Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/18/2024

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On January 3, 2024, a Manhattan grand jury returned a second superseding indictment charging Defendants, Ho Wan Kwok and Yanping Wang, with twelve counts of wire fraud, securities fraud, and unlawful monetary transactions, as well as conspiring to commit racketeering offenses, wire and bank fraud, money laundering, and securities fraud. ECF No. 215. The Government moves *ex parte*, pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Section 4 of the Classified Information Procedures Act ("CIPA"), for a protective order authorizing it to withhold certain classified materials from discovery. After extensive *in camera* review of the materials, the Court GRANTS the Government's motion.

## LEGAL STANDARD

"CIPA establishes procedures for handling classified information in criminal cases." *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008). CIPA is "meant to protect and restrict the discovery of classified information in a way that does not impair the defendant's right to a fair trial." *United States v. Stewart*, 590 F.3d 93, 130 (2d Cir. 2009) (citation omitted). Section 4 of CIPA establishes procedures for discovery of classified information and provides:

> The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such

> authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. app. 3 § 4. To decide a Government motion pursuant to Section 4, the Court engages in a multi-part inquiry. *Aref*, 533 F.3d at 80; *see, e.g.*, *United States v. Schulte*, No. 17 Cr. 548, 2019 WL 3764662, at *2–3 (S.D.N.Y. July 22, 2019).

First, the Court must determine whether the materials are discoverable under Rule 16, which requires the Government to provide the defense with evidence that is "material to preparing the defense, [is] intended to be used by the government in its case-in-chief at trial, or [was] obtained from or belong[s] to the defendant." *United States v. Hernandez*, No. 15 Cr. 379, 2023 WL 8804958, at *2 (S.D.N.Y. Dec. 20, 2023) (citation and quotation marks omitted); *accord* Fed. R. Crim. P. 16(a)(1)(E).

Second, if the materials are discoverable, the Court must then decide if the state-secrets privilege applies. The privilege applies where "(1) there is a reasonable danger that compulsion of the evidence will expose matters which, in the interest of national security, should not be divulged, and (2) the privilege is lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." *Hernandez*, 2023 WL 8804958, at *3 (cleaned up) (citing *Aref*, 533 F.3d at 80).

Third, if the state-secrets privilege applies, the Court must determine if it is superseded by "the criminal defendant's right to present a meaningful defense." *Aref*, 533 F.3d at 79. This occurs when the information "is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)). To be "helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under [*Brady*] to disclose exculpatory information." *Id.* at 80.

"Information that, even though not exculpatory, could still serve either to counter the [G]overnment's case, for example by discrediting a prosecution witness, or to bolster a defendant's arguments, for example by serving as a prior consistent statement corroborating a defense the accused may raise," can be material. *United States v. El-Hanafi*, No. 10 Cr. 162, 2012 WL 603649, at *4 (S.D.N.Y. Feb. 24, 2012). The Court "considers not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 125 (2d Cir. 2008) (citation omitted). Information that has only "theoretical relevance" or that is "irrelevant, cumulative, or corroborative" need not be disclosed. *United States v. Chi Ping Ho*, No. 17 Cr. 779, 2018 WL 6082514, at *2 (S.D.N.Y. Nov. 21, 2018) (citations omitted); *accord United States v. Abu-Jihaad*, 630 F.3d 102, 142 (2d Cir. 2010); *United States v. Liu*, No. 19 Cr. 804, 2021 WL 3374535, at *3 (S.D.N.Y. Aug. 3, 2021). "Whether evidence is 'helpful' or 'material to the defense' is [] within the district court's discretion." *Aref*, 533 F.3d at 80.

Fourth, if the information is helpful or material to the defense, the Court must then balance the "public interest in protecting the flow of information against the individual's right to prepare his defense." *United States v. Mostafa*, 992 F. Supp. 2d 335, 338 (S.D.N.Y. 2014) (quoting *Roviaro*, 353 U.S. at 62). The evidence "need not necessarily be produced in its original form." *Hernandez*, 2023 WL 8804958, at *3. The Court may authorize the Government to "substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. app. 3 § 4. In evaluating substitutions, courts consider whether the substitutions provide the defendant "with substantially the same ability to make their defenses as would disclosure of the specific classified information." *Schulte*, 2019 WL 3764662, at *5.

Although *ex parte* hearings are generally disfavored, "[b]oth CIPA section 4 and Rule 16(d)(1) authorize *ex parte* submissions." *Aref*, 533 F.3d at 81 (citing Fed. R. Crim. P. 16(d)(1); 18 U.S.C. app. 3 § 4). As the Second Circuit has explained, where the Government seeks to withhold classified information from a defendant, "an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." *Id*. Here, "because of the national security interests involved and the highly sensitive nature of the material at issue in this case," the Court concluded that *ex parte* proceedings were appropriate. *El-Hanafi*, 2012 WL 603649, at *2.

## DISCUSSION

The Court has carefully reviewed, *in camera*, the Government's CIPA motion and exhibits, filed on December 22, 2023; its four supplemental submissions, filed on February 5, March 21, April 8, and April 15, 2024; and the declarations of the relevant U.S. government officials.[1] As an initial matter, the Court finds that the declarations submitted by the government officials properly lodge the state-secrets privilege: they "satisfactorily identify specific facts that (a) render the materials here at issue classified and (b) support the conclusion that disclosure of those materials would pose a risk to national security." *Abu-Jihaad*, 630 F.3d at 141. Many of the materials identified for deletion in the CIPA motion are not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, or Federal Rule of Criminal Procedure 16. These materials are also neither material nor helpful to the defense; accordingly, they are properly withheld from discovery.

By *ex parte* order dated February 21, 2024, the Court identified a subset of the materials—described in pages 60 to 71, 113 to 117, and 127 to 129 of the CIPA motion—as "relevant and helpful" to the defense and directed the Government to file a supplemental brief.

---

[1] The Court recognizes that its discussion of the Government's submissions and the underlying materials is "necessarily circumspect," *Abu-Jihaad*, 630 F.3d at 130, and "will not be illuminating to the Defendants or to the public," *El-Hanafi*, 2012 WL 603649, at *4.

By *ex parte* order dated April 2, 2024, the Court approved the Government's proposed redactions to forty-five documents, finding that the redactions omitted information that did not affect Defendants' ability to present their defenses. The Court also approved the Government's proposed substitutions for another subset of materials, holding that the substitutions would provide Defendants with substantially the same ability to present their defenses. And, to address the Court's outstanding concerns about eight remaining classified documents, the Court ordered the Government to appear at an *ex parte* conference on April 9, 2024. After hearing argument on each document, the Court granted the Government's request to delete five of the eight classified documents—determining that they were cumulative of unclassified discovery—and directed the Government to propose substitutions as to the remaining three. *See generally* CIPA Hearing Tr.

By *ex parte* order dated April 17, 2024, the Court approved the Government's proposed substitutions, finding that they provided Defendants with substantially the same ability to assert their defenses, and granted the Government's request to delete from discovery the remainder of the classified documents identified in its CIPA motion and supplements.

## CONCLUSION

Accordingly, the Court GRANTS the Government's motion for a protective order. The Government is authorized to withhold the classified materials identified with particularity in its motion. The Government shall produce to defense counsel the proposed substitutions described herein and in the Court's *ex parte* orders. The Government's CIPA submissions are hereby sealed, and shall remain preserved in the custody of the Classified Information Security Officer, in accordance with established court security procedures, until further order of this Court.

SO ORDERED.

Dated: April 18, 2024
New York, New York

ANALISA TORRES
United States District Judge