UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

HO WAN KWOK and YANPING WANG,

Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/24/2024
```

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By sealed motion in limine dated April 9, 2024, the Government requests that the jury in this case be anonymous to the public and partially sequestered—i.e., that they be escorted by U.S. Marshals in and out of the courthouse.[1]  *See* Gov. Letter at 1, ECF No. 304.  Defendants, Ho Wan Kwok and Yanping Wang, do not object to an anonymous, semi-sequestered jury, although they contest the Government's justifications for imposing such precautions.  *See* Kwok Opp. at 87, ECF No. 287 (unredacted version on file with Court); Wang Opp. at 49, ECF No. 291 (unredacted version on file with Court).  For the reasons stated below, the motion is GRANTED.

**LEGAL STANDARD**

The Constitution entitles each criminal defendant to the presumption of innocence and an impartial jury.  U.S. Const. amends. V, VI.  Special jury protectionary measures, such as anonymity and semi-sequestration, may implicate those rights by "remind[ing] the jury each day as they arrive and as they leave that this trial requires special handling."  *United States v. Mostafa*, 7 F. Supp. 3d 334, 338 (S.D.N.Y. 2014).  Still, "when genuinely called for and when

---

[1] The Government requested that its letter and this order be maintained under the seal until after the trial "to avoid the risk of tainting the jury pool."  Gov. Letter at 1.  The request is DENIED.  *See United States v. Khan*, 591 F. Supp. 2d 166, 169 (E.D.N.Y. 2008) (finding "no basis for filing" the Court's anonymity decision under seal).  The Court will instruct the jurors that they are not to independently research the case in any way, minimizing the risk that a juror will be tainted by any of the many public filings in this case.

properly used, anonymous juries" and other precautions "do not infringe a defendant's constitutional rights." *United States v. Quinones*, 511 F.3d 289, 295 (2d Cir. 2007) (citation omitted).  The Court must "(a) conclud[e] that there is strong reason to believe the jury needs protection, and (b) tak[e] reasonable precautions to minimize any prejudicial effects on the defendant[s] and to ensure that [their] fundamental rights are protected." *United States v. Gotti*, 459 F.3d 296, 345 (2d Cir. 2006) (quoting *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir. 1991)).

In determining the need for jury protection measures, the Court may consider "a defendant's willingness to tamper with the judicial process," as well as "the seriousness of the crime." *Quinones*, 511 F.3d at 295–96.  The Court may consider evidence of tampering "by the defendant's co[-]conspirators even in the absence of evidence that the defendant in particular [] sought to obstruct justice." *United States v. Napout*, 963 F.3d 163, 190 (2d Cir. 2020) (cleaned up).  The Court may also consider pretrial publicity "because it can enhance the possibility that jurors' names would become public and thus expose them to intimidation by defendants' friends or enemies, or harassment by the public." *United States v. Vario*, 943 F.2d 236, 240 (2d Cir. 1991) (citation omitted); *accord United States v. Kadir*, 718 F.3d 115, 121 (2d Cir. 2013); *Napout*, 963 F.3d at 189.

If the Court determines that anonymity is warranted, the Court must "conduct[] a careful *voir dire* designed to uncover any bias as to the issues or the defendants and take[] care to give the jurors a plausible and nonprejudicial reason for not disclosing their identities." *United States v. Aulicino*, 44 F.3d 1102, 1116 (2d Cir. 1995); *accord Quinones*, 511 F.3d at 296 (crediting the district court for a "sufficiently detailed" voir dire to "compensate for jury anonymity" and for "couch[ing] its jury instruction regarding anonymity in such a way as to avoid intimating that

defendants posed any risk to persons or to the judicial process"). For example, the Circuit has approvingly cited a jury instruction that informed jurors that "anonymity would protect the jurors' rights of privacy and assist them in discharging their responsibility as jurors independently, fairly and impartially." *Kadir*, 718 F.3d at 120–21 (cleaned up).

## DISCUSSION

I.    Need for the Jury's Protection

The Government contends that an anonymous, semi-sequestered jury is appropriate in this case because of Kwok's history of "us[ing] his organization to harass and threaten those who dare to criticize and oppose him," his "extensive obstructive conduct," and the "substantial media attention" this case has garnered. Gov. Letter at 2–3. Kwok agrees that the jury should remain anonymous to the public and semi-sequestered, but contends that "these protective measures are justified by the actions and potential actions of the [Chinese Communist Party (the "CCP")], who has not hesitated to use each and every means at its disposal to attack" him. Kwok Opp. at 87–88. Similarly, Wang does not oppose the Government's suggested measures, but argues that they are justified by "the CCP's undisputed targeting of her" and "prior invasions of her privacy." Wang Opp. at 49.

The Government has carried its burden in showing that the risk to judicial integrity and the likelihood of public attention merit special jury protections in this case.[2] First, as this Court has previously found, Kwok has demonstrated a willingness to tamper with judicial proceedings. *See* Bail Order at 11, ECF No. 51. Kwok has "posted videos and social media posts encouraging his followers to 'persevere' with protests at the homes and offices of the [bankruptcy trustee] and his counsel," resulting in "threats" and "harassment" against the trustee and his associates. *Id.* at

---

[2] Because the Government's rationale is sufficient, the Court does not address whether Kwok and Wang's concerns about CCP targeting would independently justify special jury protections.

9; *see also* ECF No. 255 at 9–11 (detailing violent threats received by the bankruptcy trustee and others). The Government has also asserted that Kwok has threatened victims—potential witnesses—"who have sought reimbursements or complained about his fraud." ECF No. 255 at 9. After one individual expressed on social media his belief that Kwok misled and defrauded his followers, for example, Kwok "publicly brand[ed] that person as a 'demon' and a CCP spy, . . . turning Kwok's thousands of followers against that person." *Id.* The possibility that Kwok's large network of loyal followers will harass jurors en masse if their identities are known weighs in favor of keeping jurors' names anonymous to the public and semi-sequestration.

Further, the Government has established that the substantial public attention to this case—both in the mainstream media and on Kwok's own media platforms—justifies protective measures. The Government notes that Qidong Xia, "the current leader of the [D]efendants' organization," expressed on one of Kwok's media channels his intent to "liquidate[]" those who "hurt" Kwok's political movement. Gov. Letter at 3–4. Proceedings in this matter have garnered substantial attendance, and the Court expects that media and public attention will ramp up as trial approaches. This degree of pretrial publicity militates in favor of protecting the jurors' names from widespread dissemination. And, as to the seriousness of the crime, there is no question that the charges in this case—although not involving violence—are sufficiently serious. *See Napout*, 963 F.3d at 190 (ordering jury protections in a fraud case).

Accordingly, the Government has established that the jury requires special protections.

II.     Scope of Protections

The identities of the venire members and sworn jurors will be kept from the public. To mitigate the burden on Defendants' constitutional rights, the identities will be known to Defendants and their attorneys, the Government's attorneys, and the Court. *See Napout*, 963

F.3d at 189 ("[T]he district court protected the appellants' fundamental rights by ensuring that the jury was not anonymous with respect to any of the parties."). **<u>The parties and their attorneys are forbidden from disclosing the names of the jurors to any person who is not a member of the attorney team, including after the close of the case</u>.**

The Court's voir dire will examine the venire members for any potential bias. In addition, the Court will give the jurors a neutral explanation for the precautionary measures that does not implicate Defendants. *See id.* (approving court's explanation that anonymity and semi-sequestration measures were "'not unusual' and were 'being taken to ensure [their] privacy and impartiality in light of the media and public attention this trial is likely to receive'").

The jury will convene at a secondary location each morning of trial and be transported by van to the courthouse, accompanied by U.S. Marshals. Following each day's proceedings, the Marshals will escort the jurors from the courthouse and transport them back to the secondary location.

The Clerk of Court is directed to terminate the motion at ECF No. 304.

SO ORDERED.

Dated: April 24, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge