|  |  |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> YVETTE WANG, <br>    a/k/a "Yanping," <br>    a/k/a "Y," <br><br>                      Defendant. | **SUPERSEDING INFORMATION** <br><br> S4 23 Cr. 118 (AT) |

## COUNT ONE
**(Conspiracy to Commit Wire Fraud)**

The United States Attorney charges:

1. From in or about 2018 through on or about March 15, 2023, in the Southern District of New York and elsewhere, YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

2. It was a part and an object of the conspiracy that YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, WANG, and others known and unknown, fraudulently induced victims to send money through entities or organizations including GTV Media Group, Inc. ("GTV"), the Himalaya Farm Alliance, G|CLUBS, and the Himalaya Exchange, by providing materially false and misleading information

and representations.

## Overt Acts

3. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. From at least in or about 2018 until at least on or about March 15, 2023, coconspirators made false representations to investors that they would receive stock in exchange for their investments in GTV, the Himalaya Farm Alliance organizations, and G|CLUBS, and that they would receive cryptocurrency in exchange for their investments into the Himalaya Exchange. Through the fraud scheme, YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, and her coconspirators, including Miles Guo, induced investors to invest more than $1 billion into entities Guo controlled.

    b. From at least in or about 2018 until at least in or about March 15, 2023, WANG operated as a "chief of staff" for various entities Guo controlled, including but not limited to G|CLUBS, and helped run the day-to-day operations of those entities.

    c. On or about April 21, 2020, Guo posted, and caused to be posted, a video on social media announcing the unregistered offering of GTV stock via the GTV Private Placement.

(Title 18, United States Code, Section 371)

## COUNT TWO
**(Conspiracy to Commit Money Laundering)**

The United States Attorney further charges:

4. From at least in or about 2018 through on or about March 15, 2023, in the Southern District of New York and elsewhere, YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and

agreed together and with each other to commit an offense against the United States, to wit, money laundering, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

5. It was a part and an object of the conspiracy that YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, and others known and unknown, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions, which transactions affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, proceeds of the wire-fraud scheme alleged in Count One of this Information, in violation Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

**Overt Acts**

6. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about May 20, 2020, YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, opened a particular bank account in the name of GTV and, in documents submitted to the bank, indicated that the intended balance of the account would be between $25,000 to $50,000. On or about June 2, 2020, WANG transferred approximately $200 million into that account.

    b. On or about June 5, 2020, WANG, while located in the Southern District of New York, authorized a wire transfer of $100 million from GTV's parent company, Saraca Media

3

Group, Inc., to a high-risk hedge fund, for the benefit of Saraca and its ultimate beneficial owner, Guo's son. The $100 million transferred to the high-risk hedge fund consisted of funds obtained from investors based on materially false representations.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATION**

7. As a result of committing the wire fraud offense alleged in Count One of this Superseding Information, YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense.

8. As a result of committing the money laundering offense alleged in Count Two of this Information, YVETTE WANG, a/k/a "Yanping," a/k/a "Y," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

Substitute Asset Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Sections 853; and
Title 28, United States Code, Section 2461.)

*Damian Williams*
DAMIAN WILLIAMS
United States Attorney
Southern District of New York