

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

September 19, 2024

**VIA ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Miles Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

    The Government writes in opposition to the defendant's motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure Rule 29(c). (Dkt. 464.)

    **A. Legal Standard**

    To prevail on an insufficiency of the evidence claim under Rule 29, a defendant bears the "heavy burden" of showing that "no rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt." *United States v. Caracappa*, 614 F.3d 30, 43 (2d Cir. 2010); *see also United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (noting the defendant's "heavy burden" in a Rule 29 motion); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (explaining that a jury's verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.").

    When evaluating a Rule 29 motion, the Court should "review all of the evidence presented at trial in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government." *United States v. Walker*, 191 F.3d 326, 333 (2d Cir. 1999) (internal quotation marks omitted); *accord United States v. Martinez*, 54 F.3d 1040, 1042 (2d Cir. 1995). Even where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the Court] must let the jury decide the matter." *United States v. Cuti*, 720 F.3d 453, 461 (2d Cir. 2013) (quoting *United States v. Temple*, 447 F.3d 130, 137 (2d Cir. 2006)). Thus, "[t]he task of choosing among the permissible competing inferences that can be drawn from the evidence is for the jury, not a reviewing court." *United States v. Salemo*, 499 F. App'x 110, 112 (2d Cir. 2012) (quoting *United States v. Coppola*, 671 F.3d 220, 239 (2d Cir. 2010)); *United States v. Ulloa*, 511 F. App'x 105, 107 (2d Cir. 2013) (reasoning that a conviction must be affirmed, after "credit[ing] every inference that could have been drawn in the government's favor, … so long as, from the inferences reasonably drawn from the record as a whole, the jury might fairly have concluded that the defendant was guilty beyond a reasonable doubt" (quoting *United States v. Reifler*, 446 F.3d 65, 94 (2d Cir. 2006))).

Moreover, in a sufficiency analysis, the Court is not tasked with evaluating the quantum of evidence as to any element. Indeed, it is "well-settled that a conviction may be sustained on the basis of the testimony of a single witness, so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 112 (2d Cir. 2008). And, of course, the assessment of witness credibility is "the province of a jury properly instructed" and the "proper place for a challenge to a witness's credibility is in cross-examination and in subsequent argument to the jury," not in a motion based on the alleged insufficiency of the evidence. *United States v. Truman*, 688 F.3d 129, 139–40 (2d Cir. 2012) (quoting *United States v. Roman*, 870 F.2d 65, 71 (2d Cir. 1989)).

### B. Discussion

The defendant's one-sentence motion should be summarily denied. The defendant raises no specific argument or issues and merely asks the Court to enter a judgment of acquittal for reasons "previously stated." (Dkt. 464); *see also United States v. Thompkins*, No. 04 Cr. 645 (LTS), 2007 WL 1161234, at *2 (S.D.N.Y. Apr. 18, 2007) (denying "conclusory and speculative" Rule 29 motion that failed to "proffer[] any specific record references or legal authority" or "discuss any pertinent facts of the case"). The reasons "previously stated" by the defendant at trial, were, and still are, woefully insufficient for the defendant to overcome his heavy burden. (Trial Tr. at 4826 (denying defendant's conclusory Rule 29 argument that the Government had failed to prove the elements and offenses); Trial Tr. at 5772 (denying defendant's renewed Rule 29 motion)). The defendant's post-trial motion similarly should be denied. *See United States v. Jiau*, 734 F.3d 147, 152 (2d Cir. 2013) ("'[a] judgment of acquittal' is warranted 'only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'") (quoting *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004)).)

### C. Conclusion

The defendant's motion should be denied.

    Respectfully submitted,

    DAMIAN WILLIAMS
    United States Attorney

By: /s/ _____
    Micah F. Fergenson / Ryan B. Finkel /
    Justin Horton / Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2314 / 2276