USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    1/7/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

         - v. -

YVETTE WANG,
  a/k/a "Yanping,"
  a/k/a "Y,"

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

S4 23 Cr. 118 (AT)

WHEREAS, on or about May 2, 2024, YVETTE WANG (the "Defendant"), was

charged in a two-count Superseding Information, S4 23 Cr. 118 (AT) (the "Information"), with

conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count

One); and conspiracy to commit money laundering, in violation of Title 18, United States Code,

Section 371 (Count Two);

WHEREAS, the Information included a forfeiture allegation as to Count One of the

Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code,

Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property,

real and personal, that constitutes or is derived from proceeds traceable to the commission of the

offense charged in Count One of the Information;

WHEREAS, the Information included a forfeiture allegation as to Count Two of

the Information, seeking forfeiture to the United States pursuant to Title 18, United States Code,

Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in

Count Two of the Information, or any property traceable to such property, including but not limited

to a sum of money in United States currency representing the amount of property involved in the

offense charged in Count Two of the Information;

WHEREAS, on or about May 3, 2024, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and Title 28, United States Code, Section 2461(c): a sum of money equal to approximately $1.4 billion in United States currency, representing (i) the proceeds traceable to the commission of the offense charged in Count One of the Information; and (ii) the property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,400,000,000 in United States currency representing (i) the proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained; and (ii) the property involved in the offense charged in Count Two of the Information, for which the Defendant is jointly and severally liable with co-defendant, Miles Guo (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Defendant further consents to the forfeiture of all her right, title and interest in the following assets:

a.  $64,826.87 in United States currency formerly on deposit in Account Number 5090037713 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

b.  $75,000,000.00 in United States currency formerly on deposit in Account Number 5090037705 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

c.  $467,343.00 in United States currency formerly on deposit in Account Number 5090037754 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

d.  $89,992,861.75 in United States currency formerly on deposit in Account Number 5090042770 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

e.  $1,683,077.40 in United States currency formerly on deposit in Account Number 5090042762 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

f.  $85,899,889.20 in United States currency formerly on deposit in Account Number 5090042853 at Silvergate Bank held in the name of "Hamilton Opportunity Funds SPC," seized by the Government on or about September 18, 2022;

g.  $48,230,709.62 in United States currency formerly on deposit in Account Number 5090030288 at Silvergate Bank held in the name of "Hamilton Investment Management" Ltd., seized by the Government on or about September 18, 2022;

h.  $1,800,000.00 in United States currency formerly on deposit in Account Number 5090037739 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

i.  $4,643,744.70 in United States currency formerly on deposit in Account Number 7801000590 at FV Bank held in the name of "Himalaya International Reserves, Ltd.," seized by the Government on or about September 20, 2022;

j.  $14,599,257.25 in United States currency formerly on deposit in Account Number 7801000254 at FV Bank held in the name of "Himalaya International Clearing, Ltd.," seized by the Government on or about September 20, 2022;

k.  $12,620,625.39 in United States currency formerly on deposit in Account Number MBI10103-0000 at Mercantile Bank International held in the name of "G Club International Ltd.," seized by the Government on or about October 16, 2022;

l.      $10,008,284.04 in United States currency formerly on deposit in Account Number MBI10133-0000 at Mercantile Bank International held in the name of "Himalaya International Clearing Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023;

m.      $3,090,856.54 in United States currency formerly on deposit in Account Number MBI10137-0000 at Mercantile Bank International held in the name of "Hamilton Capital Holding Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023;

n.      $272,350,429.22 in United States currency formerly on deposit in Account Number MBI10138-0000 at Mercantile Bank International held in the name of "Himalaya International Reserves Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023;

o.      $310,594.31 in United States currency formerly on deposit in Account Number MBI10139-0000 at Mercantile Bank International held in the name of "Himalaya International Financial Group Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023;

p.      $1,187,278.87 in United States currency formerly on deposit in Account Number MBI10171-0000 at Mercantile Bank International held in the name of "Hamilton Investment Management Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023;

q.      $47,888.50 in United States currency formerly on deposit in Account Number MBI10172-0000 at Mercantile Bank International held in the name of "G Fashion International Limited," seized by the Government on or about October 16, 2022;

r.      $7,715.00, in United States currency formerly on deposit in Account Number 7801000589 at FV Bank held in the name of "Himalaya International Financial Group, Ltd.," seized by the Government on or about September 20, 2022;

s.      $176,983.37 in United States currency formerly on deposit in Account Number MBI10183-0000 at Mercantile Bank International held in the name of "Himalaya Currency Clearing Pty Ltd.," seized by the Government on or about October 16, 2022;

t.      $2,745,377.75 in United States currency formerly on deposit in Account Number 9878904409 at Manufacturers & Traders Trust Co. held in the name of "GETTR USA, Inc.," seized by the Government on or about September 18, 2022;

u.      $9,899,659.19 in United States currency formerly on deposit in Account Number 157525208185 at US Bank held in the name of "G Fashion," seized by the Government on or about September 18, 2022;

v.      £3,005 in pounds sterling currency seized from the Defendant's apartment by the Government on or about March 15, 2023;

w.      $1,180 Hong Kong Dollars seized from the Defendant's apartment by the Government on or about March 15, 2023;

x.      ¥600 Chinese Yuan seized from the Defendant's apartment by the Government on or about March 15, 2023;

y.      $138,440.00 in United States currency seized from the Defendant's apartment by the Government on or about March 15, 2023;

z.      All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430, Parcel No. 3300021-03-00001-02 and described as Lot Number: 1.02 Block: 21.03 District: 33 City, Municipality, Township: MAHWAH TWP (the "Subject Property");

aa.     A Bugatti Chiron Super Sport, bearing Vehicle Identification Number VF9SW3V3XNM795047 seized by the Government on or about May 11, 2023;

bb.     A Lamborghini Aventador SVJ Roads, bearing Vehicle Identification Number ZHWUN6ZD2MLA10393 seized by the Government on or about March 15, 2023;

cc.     A Rolls Royce Phantom EWB, bearing Vehicle Identification Number SCATT8C08MU206445 seized by the Government on or about March 20, 2023;

dd.     A 46m 2014 Feadship superyacht "Lady May" (ex Como), bearing IMO Number 112359, MMSI Number 319059500, and Callsign ZGDQ9;

ee.     The following personal property seized by the Government from the Subject Property on or about March 15, 2023:

i. A Bösendorfer 185VC Porsche #49539 piano with custom bench;

ii. A Railis Design Iceland Contemporary Poseidon Bed with Nightstands, Ebony Veneer, Brass, Velvet;

iii. A Hästens 2000T md mattress;

iv. A Hästens 2000T sf mattress;

v. A Wembe watch storage box;

vi. A Samsung Q900 Series QN98Q900RBF 98" QLED Smart TV – 8K;

vii. A Louis XV Style French Ormolu-Mounted Mahogany Commode by Joseph Émmanuel Zweiner;

viii. A "K'ang Hsi" extension table in etched and patinated pewter and bronze with hand-painted enamel colors by Philip & Kelvin LaVerne;

ix. A "Punto '83" table in stainless steel with mesh tabletop with adjustable height and adjustable petals by Gabriella Crespi, Italy 1982;

x. Philip and Kelvin LaVerne Still Life Musicale 1960s bronze wall plaque with colored enamel;

xi. Philip and Kelvin LaVerne Venus Contemplating 1960s bronze wall plaque with colored enamel;

xii. Philip and Kelvin LaVerne Chinoi Plaque #14 limited edition 1960s bronze and pewter plaque;

xiii. Baroque Style Carved Gilt Wood Frame, late 19th Century 44.75" X 38.5";

xiv. Pair of ormolu-mounted display cabinets in the style of Francois Linke;

xv. Ormolu mounted single door vitrine with curved glass sides and front, resting on hoof feet;

xvi. Ornate wrought iron table with inlaid marble top. Book matched center cartouche, black outline;

xvii. Philip and Kelvin LaVerne Special Eternal Forest Game Table labeled on underside bronze and pewter;

xviii.   Philip and Kelvin LaVerne Marriage Whirl oriental motif boomerang shaped bronze, pewter, and enamel;

xix.    Philip and Kelvin LaVerne Eternal Forest Cocktail Table bronze and pewter with colored enamel;

xx. Pair of Sèvres-style porcelain jardiniere/vases having white ground with gold accents, ormolu mounts;

xxi.    A Sèvres-style porcelain jardiniere/vase having a dark blue ground with gold accents, ormolu mounts;

xxii.    Pair of Louis XVI style giltwood console tables with white marble tops. H-37.5" x W-6;

xxiii.    Pair of octagonal marble pedestals, white with gray veins. H-32" x Diameter-23";

xxiv.    Louis XV style French table desk, ormolu mounted marquetry, with leather top;

xxv.    Philip and Kelvin LaVerne Festival Console with waterfall ends, signed on the top 1960s;

xxvi.    Philip and Kelvin LaVerne Special Festival Console with waterfall ends, signed on the top 1960s;

xxvii.   Philip and Kelvin LaVerne Kuan Su Coffee Table bronze and pewter/silver-tone metal top with floral;

xxviii. Philip and Kelvin LaVerne Chan round bronze, pewter, and enamel table with Chinese motif;

xxix.    Regency style cerule x-base footstools with paw feet, red velvet upholstery, and fringe;

xxx.    Earlier 20th c. Bar Cabinet with sterling silver mounted vertical stiles, cartouches, and ball;

xxxi.    1960s Maison Jansen style French brass, black patina, and smoked glass coffee table;

xxxii.   French ormolu mounted marquetry inlaid table desk with single frieze drawer. Finished front and back;

xxxiii.  Pair of French Empire style gilt and patinated bronze ormolu mounted tables with black marble tops;

xxxiv.  Empire-style center table with book-matched flamed veneer top;

xxxv.  Jansen Style Two-tier Bouillotte Table on fluted tripod pedestal with ormolu mounts, marble top;

xxxvi.  Boulle-style Bureau Plat silver and gold metal scrolling design table desk inlaid with tortoiseshell;

xxxvii. Tabriz, from Iran, modern production. 13' 8" x 20'. Quality: 45 raj. Cotton warp and weft;

xxxviii.  Bidjar, from Iran, first quarter of the 20th c. 14' 5" x 19' 7". Wool weft, cotton warp;

xxxix.  Bidjar, from Iran, late 19th - early 20th c. 12' 3" x 19'. Wool warp and weft, wool face;

xl.  Pair of mid-19th c. Louis XV style paraclose mirrors, floral;

xli.  Italian Tuscan antique giltwood mirror with plume-topped urn finial;

xlii.  Two (2) Regency style giltwood mirrors with urn and floral finial;

xliii.  Giltwood Louis XV style overmantel double mirror;

xliv.  Two (2) Italian Neoclassical giltwood pier mirrors;

xlv.  Pair of Italian Florentine style giltwood mirrors each with a plume;

xlvi.  Italian giltwood mirror with rococo crest with cross-hatched panels;

xlvii.  Pair of French Régence style giltwood mirrors, the crest with a plume;

xlviii.  Pair of giltwood mirrors each with a plumed mask crest;

xlix.  Pair of Empire 19th c. gilt bronze floor torcheres embellished with lion masks draped;

l.    Pair of 18-light Baccarat Torcheres. H-95" x W-26". Dimensions are approximate;

li.    19th c Silver and tortoiseshell mounted table cabinet, with enamel inset;

lii.    Pair of small figural patinated black and gilt bronze candlesticks;

liii. Pair of gilt bronze chenet with obelisk, lion mask, dolphin;

liv. Pair of marble pedestals having a square top, round column;

lv.    Pair of Regency style bronze patinated torcheres, attributed to English lamp manufacturer;

lvi. Late Georgian Chippendale style hexagonal center table with cabriole legs and hairy paw and ball;

lvii.    Philip and Kelvin LaVerne Chan elongated hexagonal table, mottled bronze on the top, bronze;

lviii.    Philip and Kelvin LaVerne Chan hexagonal pedestal, bronze on the top, bronze and pewter Chinese;

lix. Philip and Kelvin LaVerne Les Chine Cocktail Table square mottled bronze top supported;

lx. Persian Silk Tabriz Rug, 7'7" x 11'2" located on 2nd Floor of the Subject Property;

lxi. Louis XV style giltwood pier mirror;

lxii.    Pair of Louis XV style giltwood mirrors;

lxiii.    Italian Tuscan giltwood mirror;

lxiv.    French giltwood paraclose mirror with Louis XVI style floral wreath;

lxv.    Chinese Chippendale Giltwood double parclose mirror;

lxvi.    Louis XV style giltwood paraclose mirror (double frame) with shell and wave crest;

> lxvii.  French Brass Three Panel Firescreen with Empire style swags and wreaths;
>
> lxviii.  Ferdinand Barbedienne (1810 - 1892) French Three-Piece Clock Garniture;
>
> lxix.  Pair of Victorian urn and swag chenet H-18" x W-16" x D-6";
>
> lxx.  Pair of Louis XV style gilt bronze and brass andirons depicting cherubs;
>
> lxxi.  Louis XV style gilt bronze 'log cradle';
>
> lxxii.  Pair of gilt bronze Louis XV style chenets;
>
> lxxiii.  French Tapestry Size 6'8" x 9'5" located on the 3rd Floor of the Subject Property;
>
> lxxiv.  Antique Chinese Export Cast Brass Pair of Foo Dogs;
>
> lxxv.  $9,895.00 in United States currency;
>
> lxxvi.  $1,000.00 in United States currency;
>
> lxxvii.  A ring with box;
>
> lxxviii. A bracelet with box;
>
> lxxix.  $1,300.00 in United States currency;
>
> lxxx.  $394,040.00 in United States currency;
>
> lxxxi.  Yellow coins;
>
> lxxxii.  5,000 Euros;
>
> lxxxiii. $188,050 Hong Kong dollars;
>
> lxxxiv. 250 Chinese Yuan;

ff.  $2,815,502.30 in United States currency formerly held in TD Bank N.A. account 440-5491468; and

gg.  $4,357,924.95 in United States currency formerly held in TD Bank N.A. account 440-5492044;

(a. through gg., collectively, the "Specific Property"), as constituting proceeds of the offenses charged in Count One that the Defendant personally obtained and/or property involved in the offense charged in Count Two of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Count One of the Information that the Defendant personally obtained and property involved in Count Two of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by Daniel Gitner, Attorney for the United States, Acting under Authority Conferred by 28 U.S.C. § 515, Assistant United States Attorneys Juliana N. Murray, Micah F. Fergenson, Ryan B. Finkel, and Justin R. Horton, of counsel, and the Defendant and his counsel, Brendan Quigley, Esq., that:

1.      As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of approximately $1.4 billion in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the Defendant personally obtained and property involved in the offense charged in Count Two of the

Information, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2.      As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, YVETTE WANG, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14.     The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DANIEL GITNER
Attorney for the United States
Acting under Authority Conferred by 28 U.S.C. § 515

By: _____        1/6/25
        JULIANA N. MURRAY                              DATE
        RYAN B. FINKEL
        MICAH F. FERGENSON
        JUSTIN R. HORTON
        Assistant United States Attorneys
        26 Federal Plaza
        New York, NY 10278
        (212) 637-2314 / -6612 / -2190 / -2276


YVETTE WANG

By: _____        1/6/2025
        YVETTE WANG                                      DATE


By: _____        1/6/25
        BRENDAN QUIGLEY, ESQ.                      DATE
        Attorney for Defendant
        Baker Botts LLP
        30 Rockefeller Plaza
        New York, NY 10112


SO ORDERED:

_____              1/6/2025
HONORABLE ANALISA TORRES                  DATE
UNITED STATES DISTRICT JUDGE