P33EGUOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

      v.                              23 Cr. 118 (AT)

MILES GUO,

                                  Conference
              Defendant.
------------------------------x

                                  New York, N.Y.
                                  March 3, 2025
                                  1:00 p.m.

Before:

                    HON. ANALISA TORRES,

                                  District Judge

                      APPEARANCES

MATTHEW PODOLSKY
     United States Attorney for the
     Southern District of New York
BY:  JUSTIN HORTON
     JULIANA MURRAY
     RYAN FINKEL
     Assistant United States Attorneys

FEDERAL DEFENDERS OF NEW YORK
     Attorneys for Defendant
BY:  SABRINA SHROFF
     SIDHARADHA KAMARAJU
     E. SCOTT SCHIRICK

Also Present:

Tua Wong, Interpreter (Mandarin)

1              (Case called)

2              MR. HORTON:  Good afternoon, your Honor.

3              Justin Horton, Juliana Murray, and Ryan Finkel for the

4    government.

5              MS. SHROFF:  Good afternoon, your Honor.

6              On behalf of Miles Guo, Sabrina Shroff, Sid Kamaraju,

7    and Scott Schirick.

8              THE COURT:  Please be seated.

9              I would like the interpreter to please identify

10   himself.

11             THE INTERPRETER:  Good morning, your Honor.

12             Mandarin interpreter Tua Wong.

13             THE COURT:  And I'd like my law clerk to swear the

14   interpreter, please.

15             (Interpreter sworn)

16             THE COURT:  On December 10 last year, I received a

17   letter from Mr. Guo's attorneys seeking leave to withdraw as

18   counsel.  Following a hearing on the matter on December 20, I

19   received a copy of Mr. Guo's CJA Form 23, Financial Affidavit.

20   I received the affidavit on January 1.

21             By email, dated January 6 of this year, I directed the

22   government to opine on Mr. Guo's financial eligibility for

23   appointment of counsel.  On January 13, I received a letter

24   from the government in which the government stated that it was

25   "unable to take a position on Mr. Guo's eligibility for

1  publicly funded counsel" without first reviewing Mr. Guo's
2  financial affidavit.
3          By email, dated January 14, I disclosed Mr. Guo's
4  financial affidavit to the government pursuant to the Second
5  Circuit's guidance in *United States v. Harris*, 707 F.2d 653,
6  662 (2d Cir. 1983), in which the Second Circuit discouraged the
7  use of sealed *ex parte* proceedings to inquire into a
8  defendant's eligibility for the appointment of counsel.  I then
9  directed the government to opine on Mr. Guo's financial
10 eligibility.  In a letter dated January 21, the government set
11 forth its position to which --
12         MS. SHROFF:  Your Honor, I apologize, but the
13 interpreting equipment is not functioning properly.
14         (Counsel, defendant, and interpreter confer)
15         THE COURT:  So, we're contacting the interpreter's
16 office in order to get functioning equipment.  We'll take a
17 pause.
18         (Recess)
19         (Resumed)
20         THE COURT:  Please be seated.
21         Is the equipment functioning now?
22         THE DEFENDANT:  Yes.
23         THE COURT:  All righty then.
24         By letter dated January 21, the government set forth
25 its position with respect to Mr. Guo's eligibility.  Mr. Guo

1  responded to that letter on January 28.

2  　　　　　The correspondence I've just described has not yet
3  been filed on the public docket.  I would like to hear from the
4  parties as to whether the letters exchanged with the Court from
5  December 10 through January 28, including Mr. Guo's financial
6  affidavit, may be filed on the public docket, and, if so,
7  whether they should be filed publicly or not.

8  　　　　　I'll start with the government.

9  　　　　　MR. HORTON:  Thank you, your Honor.

10 　　　　　These documents should be on the public docket.  They
11 go to a matter of great public concern.  We've included, I
12 think, in all three of our letters our view that they should be
13 docketed.  And in terms of authority, we cited to
14 Judge Furman's opinion in the *Avenatti* case, which goes on at
15 great length about the need for public adversary proceedings
16 for these questions.

17 　　　　　MS. SHROFF:  Your Honor, in keeping with the practice
18 of this courthouse, financial affidavits executed by defendants
19 seeking assigned counsel, as the government knows, are not made
20 public in 99.9 percent of the cases.  To the extent that
21 Mr. Guo's financial affidavit was accompanied by publicly filed
22 documents, we do not have objection to those publicly filed
23 documents being on the docket.

24 　　　　　I would have to go back and look at our January 28
25 filing to see if it's in need of redaction, but to the extent

1  that there is discussion of the law and non-privileged
2  statements made, we would have no objection to filing it on the
3  docket.
4             THE COURT:  So, do you want to make a submission to me
5  then?
6             MS. SHROFF:  Yes, please.
7             THE COURT:  By when?
8             MS. SHROFF:  Within a week.
9             THE COURT:  All right then.
10            All right.  I will now address matters that concern
11 solely Mr. Guo and his attorneys.  Because these are sensitive
12 matters appropriate for *ex parte* proceedings, I will excuse the
13 attorneys for the government and any members of the public who
14 are in the courtroom.  I will invite you to return when the
15 *ex parte* matter is concluded.
16            (Pages 6-7 SEALED)
17            (Continued on next page)

1              (In open court; all parties present)
2              THE COURT:  The *ex parte* portion of today's proceeding
3    has concluded and the attorneys for the government have
4    returned to the courtroom.
5              Defense counsel's motion to withdraw as counsel
6    remains pending, and I am going to resolve that as soon as
7    possible.
8              Sentencing in this matter remains adjourned until
9    further notice.
10             Are there any applications?
11             MR. HORTON:  May I have just one second, your Honor?
12             (Counsel confer)
13             MR. HORTON:  Thank you, your Honor.
14             We'd ask to the extent there is any additional
15   submissions or things that would be helpful for the government
16   to provide the Court, that the Court provide some sense of the
17   process for that today, including so that we can endeavor to
18   make any submissions that we might think would be useful.
19             THE COURT:  I wish I could find a way to make the
20   government useful in this process, but it would not be
21   appropriate.
22             MR. HORTON:  Thank you, your Honor.
23             Anything further from the defense?
24             MS. SHROFF:  No, your Honor.
25             Thank you.

P33EGUOC

1          THE COURT:  All righty.  The matter is adjourned.
2          MR. KAMARAJU:  Thank you, your Honor.
3          Have a good afternoon.
4          (Adjourned)