UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
UNITED STATES OF AMERICA                                  :
                                                          :
                                                          :   VERIFIED PETITION UNDER
                                                          :   FED. R. CRIM. P. 32.2 AND 21
                                                          :   U.S.C. § 853(n) FOR
                                                          :   ADJUDICATION OF
              -v.-                                        :   PETITIONER'S RIGHT
                                                          :   TO SPECIFIC PROPERTY OF
                                                          :   ▇▇▇▇▇▇▇
HO WAN KWOK,                                              :
a/k/a "Miles Guo," a/k/a "Miles Kwok,"                    :
a/k/a "Guo Wengui," a/k/a "Brother Seven,"                :
a/k/a "The Principal,"                                    :
                                                          :
KIN MING JE, a/k/a "William Je," and                      :
YANPING WANG, a/k/a "Yvette,"                             :   S1 23 CR 118 (AT)
                                                          :
                                                          :
Defendants.                                               :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

▇▇▇▇▇▇▇ (the "Petitioner"), pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby respectfully petitions the Court for a determination of the Petitioner's interest in specific property subject to the Court's Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, signed by Your Honor on January 6, 2025 and entered on January 7, 2025, (the "Forfeiture Order") which includes various bank accounts ("Forfeited Accounts"), Dkt. 488, to exclude all property in which the Petitioner has right, title, and interest, namely, ▇▇▇▇▇▇▇ (the "Property"). In support hereof, Petitioner states as follows:

1. I, the Petitioner, transferred US currency to the Forfeited Account as described below.

2. On February 15, 2022, I invested ▇▇▇▇▇▇▇ Upon information and belief, these funds were transferred into Hamilton Investment Management, Ltd, account number 5090042770 at

Silvergate Bank, and seized by the Government on or about September 18, 2022 (Asset ID: 23-FBI-000074).

3. I, the Petitioner, have never received any funds or returns from the investment before they were seized by the Government. Currently, in the digital banking project of Hamilton Investment Management, I have suffered an unrecovered investment loss of ▇▇▇▇▇▇▇▇ (The remittance receipt is attached as Exhibit A.)

4. In 2020, the Petitioner was recruited to invest in G|CLUBS. The Defendant and other related parties repeatedly promised the Petitioner substantial financial returns and other benefits as a result of the investment.

   a. On October 19, 2020, the Petitioner invested ▇▇▇▇▇▇▇▇ in G|CLUBS and made a bank transfer to the G Club Operations LLC account (Account No./BAN 1504005603) to pay for the G|CLUBS premium membership fee. (The remittance receipt is attached as Exhibit B.)
   b. On December 18, 2020, the Petitioner paid an amount in yen equivalent to ▇▇▇▇▇▇▇▇ in cash to the Himalaya Alliance, led by Guo Wengui, Wang Yanping, Yu, and others, as the fee for upgrading to G-CLUB level 5 membership. According to the evidence, these funds were transferred to a Citibank account (Account No. 6867165278) in New York, USA, under the name of CRANE ADVISORY GROUP LLC. The Petitioner has reason to believe that the funds were ultimately transferred into accounts that were seized by the FBI. (The remittance receipt is attached as Exhibit C.)
   c. It is particularly important to note that the Court's forfeiture list includes luxury items purchased by G-CLUB, led by Wang Yanping, using membership fees, such as luxury cars, villas, and estates. Guo Wengui has publicly displayed these items. Therefore, the Petitioner has reason to believe that Guo Wengui used investors' funds to purchase these luxury items, and the payment made by the Petitioner is part of those funds.

5. In March 2023, Defendants Kwok and Wang were arrested. Defendant Je remains at large.

6. Petitioners were unaware of the criminal nature of the Himalaya exchange, Hamilton Fund, G|Clubs, Inc. et al. prior to Respondents' arrest. After his arrest, Petitioner learned that Respondent had been charged with conspiracy to commit wire fraud, securities fraud, bank fraud, and money laundering in violation of 18 U.S.C. § 1349, as well as related substantive counts.

7. On May 3, 2024, Defendant Wang pled guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 pursuant to a plea agreement with the Government, wherein Defendant Wang agreed to forfeit to the United States a sum of money equal to $1.4 Billion

through various accounts and other property, including forfeiting all right, title, and interest of the Property. See Dkt. 325.

8. On May 3, 2024, Defendant Wang consented to the entry of Preliminary Order of Forfeiture as to Specific Property/Money Judgment, including all funds provided byPetitioner into the Forfeited Accounts as detailed above. See Dkt. 329.

9.. On July 18, 2024, Defendant Kwok was convicted after a Jury Trial of Racketeering Conspiracy, Conspiracy to commit, Wire or Bank, Money Laundering and Securities Fraud, as well as related substantive counts. See Dkt. 395.

10. On January 7, 2025, Defendant Wang was sentenced by Your Honor to 120 months imprisonment. See Dkt. 489.

11. On January 7, 2025, Your Honor signed the Order of Forfeiture as to Specific Property/Money Judgment. See Dkt. 488.

12. Petitioner was not consulted prior to the entry of the Forfeiture Order. Petitioner had no knowledge that Defendant Wang consented to forfeit the Property.

13. As a victim of Defendant Wang, Petitioner has an interest in the Property which Defendant Wang had no authority to agree to forfeit. Rather, Petitioner has a superior interest in the Property which cannot be the subject of the Forfeiture Order relating to Defendant Wang.

14. Petitioner was not involved in the aforementioned crimes, except as a victim, nor was he knowledgeable of the Defendants illicit and illegal activities. Accordingly, Petitioner is also an innocent third party pursuant to 21 U.S.C. § 853(n). Any third party "asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may petition the court for a hearing to adjudicate the validity of his alleged interest in the property."

15. 21 U.S.C. § 853(n)(2). The petition, which is sworn and signed by the petitioner, "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and additional facts supporting the petitioner's claim, and the relief sought." Id. § 853(n)(3).

16. Here, Petitioner is the lawful owner of the Property – having been defrauded of the Property by the Defendants.

17. In the alternative, Petitioner is a bona fide purchaser for the value of his interest in the Property under 21 U.S.C. § 853(n)(6)(B), as he provided the Property to Defendants under false and fraudulent pretenses.

18. Petitioner was made aware of the Order of Forfeiture by viewing it at www.forfeiture.gov(which was published from February 6, 2025 through March 7, 2025) noting that: "[p]ursuant to Title 21, United States Code, Section 835(n), persons other than the defendant who wish to assert a legal interest in property that has been ordered forfeited to the United States must file a petition for a hearing to adjudicate the validity of their alleged interest in the property with the Court within thirty (30) days of the final publication of notice, or receipt of actual notice, whichever is earlier."

19. Petitioner has filed this petition within 30 days of the final publication of notice.
WHEREFORE, Petitioner respectfully requests and petitions this Court:

    a. to amend the Forfeiture Order to exclude the Property in which Petitioner has a right, title, and interest as an innocent third party, superior interest, and/or a bona fide purchaser for value;

    b. for a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters;

    c. in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully asserts a claim for compensation for his interest in the Property;

    d. in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully moves this Court to be granted restitution and/or payment of the Property through the remission process;

    e. for such other and further relief as the Court deems just and proper.


Dated:  April 6th, 2025,                                                                      Respectfully Submitted,



VERIFICATION

I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on April 6th, 2025 in ███████████.

