SCHULMANBHATTACHARYA 6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553 email jgavenman@schulmanbh.com

April 8, 2025

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re:* *U.S. v. Wang, U.S. District Court for Southern District of New York, Case No. 23-cr-00118 (AT)*

Dear Judge Torres:

We write respectfully on behalf of a group of individual investor petitioners (the "Individual Petitioners") (*see* ECF Nos. 529-552; 558; 560-567; 570-573; 575; 577-581; 583-594; 598-611; 613-615; 619-642; 645; 647; 649-650; 656-657; 659-661; 664-665; 667-670; 677) and a group of entity petitioners (the "Entity Petitioners") (*see* ECF Nos. 672-674) (collectively, these ECF Nos. are the "Petitions," and the Individual Petitioners and the Entity Petitioners are "Petitioners") in the above-referenced case seeking to challenge the January 7, 2025 Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Forfeiture Order") against Defendant Wang. ECF No. 488. When filing the Petitions, Petitioners redacted key personal, financial, and confidential information from the Petitions. Petitioners file this motion to respectfully request that the Court grant this motion to seal, to allow Petitioners to maintain such redactions on the publicly-filed versions of the Petitions, so as to protect their legitimate confidentiality interests in, *inter alia*, their identities and personal financial information.

In considering whether documents should be filed under seal, the court must: (1) determine if the documents have a presumption of public access, (2) determine the weight of the presumption of that access, and (3) then balance competing considerations against such access. *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The court should take into account whether the subject matter is "traditionally considered private." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). While there is a "presumption" of public access to judicial documents for the purposes of dispositive motions, (*see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)), that presumption "can be overcome if countervailing factors warrant confidentiality." *Lugosh* at 120.

In the instant case, the Petitioners are seeking the Court's approval for minimal redactions to the Petitions; indeed, only their respective names are redacted (as well as anonymized on the docket) in the Petition itself. The exhibits to the Petitions are redacted as well, as they consist of extensive personal, financial, and confidential information. Notably, as the exhibits confirm the wire information and information regarding private investment decisions, they should not be considered

judicial documents that enjoy the presumption of public access. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that the public's right to access is "outweighed by non-parties' interests in privacy and the protection of proprietary business information." In approving redactions of certain information concerning individuals' participation in an investment opportunity, the Court specifically noted that "[p]rotecting such private financial dealings is a recognized and protectable privacy interest").

Furthermore, even if they did enjoy such a presumption, certainly, the countervailing factors warrant confidentiality for the exhibits, as well as for the Petitioner's name. As a threshold matter, Petitioners fear the consequences of what is likely to occur in the event that their identities are made public and it is revealed that they invested money in an organization with a stated purpose of fighting against the Chinese Communist Party (the "CCP"). It has been well-publicized (including in the context of this case) that the CCP has a history of retaliating against individuals that they deem to be dissidents.[1,2] It is important to note that Petitioners have never been accused of engaging in any wrongdoing whatsoever and did not choose to be involved in this case. Instead, as demonstrated in the Petitions, Petitioners were forced to take action because the United States Government improperly took possession of Petitioners' property in violation of the relevant legal standards. In these circumstances, Petitioners' well-founded fear of potential reprisals from the CCP justifies allowing them to redact their identities from the Petitions. *See J.M.H. v. Freden*, No. 24-CV-875(LJV), 2025 WL 81919, at *4 (W.D.N.Y. Jan. 13, 2025) ("the potential harm of disclosing J.M.H.'s identity—including the fact that it could cause her to be subject to persecution and harassment—outweighs the public's interest in disclosure under both the common law and First Amendment standards").

Moreover, additional redactions are warranted because the Petitions, in setting forth the facts required to challenge the Forfeiture Order, reveal personal financial information about the Petitioners that they do not wish to be made public. Specifically, the Petitions contain information about the Petitioners' bank accounts, their financial transactions and their financial resources. This information is unquestionably personal in nature and the type of information in which the Petitioners have a strong privacy interest. *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (granting motion to seal and explaining that "[t]hese documents also consist largely of Mr. Monstrey's private financial information in which he has significant privacy interests"). Moreover, for the same fear of reprisals identified above, Petitioners are concerned that the public dissemination of information concerning their financial transactions and resources would provide additional means for the CCP or other related parties to punish Petitioners for their activity as it pertains to this case.

Finally, the remaining redactions to the exhibits, including the Entity Petitioners' exhibits, contain confidential business and financial information which, if disclosed, may harm the Entity

---

[1] https://www.propublica.org/article/operation-fox-hunt-how-china-exports-repression-using-a-network-of-spies-hidden-in-plain-sight (last visited April 8, 2025).

[2] https://www.propublica.org/article/even-on-us-campuses-china-cracks-down-on-students-who-speak-out (last visited April 8, 2025).

SCHULMANBHATTACHARYA



Petitioners' competitive position, negatively impact their privacy interests, or contravene an obligation of confidentiality to a third person. *See Fairstein v. Netflix, Inc.,* No. 20-CV-8042 (PKC), 2023 WL 6164293, at *4 (S.D.N.Y. Sept. 21, 2023) (granting request to seal "proprietary and confidential materials about business operations").

Based on the foregoing, Petitioners respectfully request that their motion to seal be granted in its entirety.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman