**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8551

JEFFREY S. GAVENMAN
direct dial 240.356.8553   email jgavenman@schulmanbh.com

August 15, 2025

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>U.S. v. Wang, U.S. District Court for Southern District of New York, Case No. 23-cr-00118 (AT)</u>

Dear Judge Torres:

We write respectfully on behalf of a petitioner identified as "Senxuanx Yaxg" on the docket (the "Petitioner"). On April 3, 2025, on behalf of the Petitioner, we filed an ancillary petition (the "Petition") (ECF No. 536) challenging the January 7, 2025 Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment against Defendant Wang. Contemporaneously with the Petition, we also filed a motion to seal (ECF No. 683) in order to redact and protect from public access certain sensitive confidential information, given the risk of reprisal against the Petitioner by the Chinese Communist Party (the "CCP"). The grounds for that motion were substantially similar to those discussed below.

Petitioner now desires to withdraw the Petition. Accordingly, the Petitioner filed a Notice of Voluntary Dismissal of the Petition (the "Notice") (ECF No. 721). Petitioner's name is redacted from the Notice. The Petitioner now files this motion to respectfully request that the Court grant this motion to seal, to allow Petitioner to maintain such redactions on the publicly-filed versions of the Notice, so as to protect Petitioner's legitimate confidentiality interests in Petitioner's identity.

In considering whether documents should be filed under seal, the court must: (1) determine if the documents have a presumption of public access, (2) determine the weight of the presumption of that access, and (3) then balance competing considerations against such access. *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The court should take into account whether the subject matter is "traditionally considered private." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). While there is a "presumption" of public access to judicial documents for the purposes of dispositive motions, (*see Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)), that presumption "can be overcome if countervailing factors warrant confidentiality." *Lugosh* at 120.

In the instant case, the Petitioner is seeking the Court's approval for minimal redactions to the Notice; indeed, only Petitioner's name is redacted (as well as anonymized on the docket) in the

Notice itself. This minimal redaction—only the Petitioner's name—should not be considered a judicial document that enjoys the presumption of public access. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that the public's right to access is "outweighed by non-parties' interests in privacy").

Furthermore, even if the Notice did enjoy such a presumption, certainly, the countervailing factors warrant confidentiality for the Petitioner's name. As a threshold matter, there exists a reasonable fear of what retribution is likely to occur in the event that Petitioner's identity is made public and it is revealed that Petitioner invested money in an organization with a stated purpose of fighting against the CCP. It has been well-publicized (including in the context of this case) that the CCP has a history of retaliating against individuals that they deem to be dissidents.[1,2] It is important to note that Petitioner has never been accused of engaging in any wrongdoing whatsoever and has no role in the underlying criminal case. In these circumstances, the well-founded fear of potential reprisals from the CCP justifies allowing Petitioner to redact his identity from the Notice. *See J.M.H. v. Freden*, No. 24-CV-875(LJV), 2025 WL 81919, at *4 (W.D.N.Y. Jan. 13, 2025) ("the potential harm of disclosing J.M.H.'s identity—including the fact that it could cause her to be subject to persecution and harassment—outweighs the public's interest in disclosure under both the common law and First Amendment standards").

Based on the foregoing, Petitioner respectfully requests that Petitioner's motion to seal be granted in its entirety.

Respectfully,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman

---

[1] https://www.propublica.org/article/operation-fox-hunt-how-china-exports-repression-using-a-network-of-spies-hidden-in-plain-sight (last visited August 15, 2025).

[2] https://www.propublica.org/article/even-on-us-campuses-china-cracks-down-on-students-who-speak-out (last visited August 15, 2025).