UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
United States of America,
v. Case No. 1:23-cr-00118-AT
Ho Wan Kwok a/k/a Miles Guo, et al., Defendants.
PETITION OF THIRD-PARTY CLAIMANT PURSUANT TO 21 U.S.C. § 853(n) WITH
REQUEST FOR PRIVACY PROTECTION UNDER FED. R. CRIM. P. 49.1

Petitioner ▨▨▨▨▨▨, pro se, pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2, respectfully submits this Petition to assert a legal interest in certain property subject to forfeiture in the above-captioned case. Petitioner also requests protection of personal identifying information under Federal Rule of Criminal Procedure 49.1 due to safety and harassment concerns. Petitioner states as follows:

I. Background

1. Petitioner is a resident of [Chongqing of China], qualified under 21 U.S.C. § 853(n)(2) to assert a legal interest in property subject to forfeiture in this case.

2. Petitioner asserts a legal interest in the following property subject to forfeiture:

a. Some invested in the Farm Loan Program, for the purpose of earning interest (see Exhibit 2).

b. $10,000 for the purchase of one G Club membership card, for the purpose of accessing G Club membership benefits (see Exhibit 3).

c. $10,000 deposited into the Himalaya Exchange, resulting in 10,000 HDO stablecoins (see Exhibit 4).

3. This case involves Defendants Ho Wan Kwok (a/k/a Miles Guo), Kin Ming Je, and Yanping Wang, charged with defrauding over $1 billion through fraudulent investment schemes, including GTV Media Group, Farm Loan Program, G Club, and Himalaya Exchange. The Government has seized approximately $634 million in assets and seeks forfeiture (see ECF No. 19).

4. Petitioner has learned that certain forfeited property may be distributed through bankruptcy proceedings or other claims processes to unqualified claimants, including Defendants' creditors or entities/individuals suspected of conspiring with Defendants. Such distribution, based on procedurally invalid bankruptcy orders or fraudulent claims, would prejudice Petitioner's legitimate interests.

II. Legal Basis

5. Pursuant to 21 U.S.C. § 853(n), any third party asserting a legal interest in forfeited property may petition the Court for a hearing to adjudicate the validity of their interest. Federal Rule of Criminal Procedure 32.2 governs the procedures for such ancillary proceedings.

6. Petitioner asserts that their legal interest in the described property is superior to the Government's forfeiture claim and should not be prejudiced by unqualified claimants or procedurally invalid court orders.

III. Grounds for Petition

A. Invalidity of Bankruptcy Court Orders Due to Lack of Due Process

7. Petitioner has learned that certain claimants, including Defendants' creditors, rely on orders issued by the United States Bankruptcy Court for the District of Connecticut (

Case No. 22-50073.) to assert claims against the property at issue. These orders erroneously classified certain property, including the "G series" assets (e.g., GTV Media Group stock, Himalaya Exchange accounts), as the

personal property of Defendant Ho Wan Kwok. However, the bankruptcy proceedings suffered from significant procedural deficiencies, including:

a. Defendant Ho Wan Kwok was deprived of meaningful participation or an opportunity to be heard in the bankruptcy proceedings;

b. The Bankruptcy Court, absent proper adversarial proceedings, erroneously classified contested property as Defendant's personal property;

c. The orders failed to adequately consider the legitimate interests of third parties, such as Petitioner, in violation of due process principles under the Fifth Amendment and 11 U.S.C. § 541.

8. Accordingly, any claims relying on these Bankruptcy Court orders lack legal validity. Petitioner requests that the Court exclude all claims based on such orders. Petitioner further requests that the Court review the docket of the United States Bankruptcy Court for the District of Connecticut (Case No.22-50073) to verify the procedural deficiencies.

B. Exclusion of Claims by Suspected Conspirators

9. According to the Government's filings (ECF Nos. 382, 388, 395), the Himalaya Alliance and Himalaya Farms are alleged to be instrumentalities of Defendants' fraudulent schemes, with violations of the Racketeer Influenced and Corrupt Organizations Act (RICO, 18 U.S.C. § 1962) as the primary charge. Entities such as the Himalaya Farms Alliance Committee, Himalaya New York Vanilla Mountain Farm, and Himalaya New York Rock Farm are identified as conspirators or suspected conspirators. Petitioner asserts that certain claimants or entities organized by these groups have submitted claims to seize forfeited property through fraudulent means, as follows:

a. These conspirators, as participants in the fraudulent schemes, organized purported "victims" or "creditors" to submit claims, in violation of judicial ethics;

b. Recent updates by the Bankruptcy Trustee, Luc A. Despins, significantly reduced the creditor claims, indicating either bad faith by the Trustee or widespread fraudulent or invalid registrations in prior submissions;

c. The creditor registrations organized by these conspirators are fraudulent or invalid, constituting a continuation of their fraudulent conduct to unlawfully seize the property at issue.

10. Petitioner requests that the Court review the legitimacy of all claims organized by these conspirators or their entities, including but not limited to creditors, beneficiaries, or other claimants. If it is illegal, petitioner requests that the court to exclude it.

C. Request for Review of the Government's Claim Review Process

11. Based on the Government's filings (ECF Nos. 382, 388, 395), the Himalaya Alliance and Himalaya Farms are alleged to be instrumentalities of Defendants' fraud, with RICO violations as the primary charge. Despite this, the corporate representatives or key personnel of these entities (e.g., Himalaya Farms Alliance Committee, Himalaya New York Vanilla Mountain Farm, Himalaya New York Rock Farm) have not been arrested, and fraudulent activities, such as suspected fraudulent creditor registrations, have continued post-arrest. The Government has failed to adequately pursue criminal liability against these

suspected conspirators, allowing fraudulent registrations to unlawfully encroach on forfeited property. Petitioner requests that the Court review whether the Government's process for reviewing claims in this case complies with due process, particularly whether the Government has adequately scrutinized claims organized by suspected conspirators or their corporate representatives.

IV. Request for Privacy Protection Under Fed. R. Crim. P. 49.1

12. Pursuant to Federal Rule of Criminal Procedure 49.1, Petitioner respectfully requests that the Court redact or seal Petitioner's personal identifying information, including full name, address, email address, phone number, and financial account details in Exhibits 2, 3, and 4, from the public docket. Disclosure of such information could expose Petitioner to harassment, identity theft, or personal safety risks due to the high-profile nature of this case and Petitioner's social environment.

V. Relief Sought

Based on the foregoing, Petitioner respectfully requests that the Court issue the following orders:

a. Exclude all claims relying on orders issued by the United States Bankruptcy Court for the District of Connecticut (Case No. 22-50073), as such orders are procedurally invalid due to lack of due process;

b. Exclude all claims organized by Defendants Ho Wan Kwok, Kin Ming Je, Yanping Wang, or their associated conspiratorial entities, including creditors, beneficiaries, or other claimants;

c. Review whether the Government's process for reviewing claims in this case complies with due process, particularly with respect to claims organized by suspected conspirators or their corporate representatives;

d. Grant any other relief the Court deems just and proper.

Petitioner requests that the Court rule on this Petition based on the submitted materials or, if necessary, schedule a hearing pursuant to 21 U.S.C. § 853(n) to further adjudicate the claims.

VI. Conclusion

Petitioner seeks to protect their legitimate interests in the forfeited property and prevent unqualified claimants or procedurally invalid orders from prejudicing their rights. Failure to consider Petitioner's interests would cause irreparable harm and violate due process principles.

Res ectfull  submitted,





Date: August 28, 2025

VERIFICATION

I attest and declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on August 28, 2025, in XXXXXXXXX

