UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

HO WAN KWOK,

a/k/a "Miles Guo,"

a/k/a "Miles Kwok,"

a/k/a "Guo Wengui,"

a/k/a "Brother Seven,"

a/k/a "The Principal,"

KIN MING JE,

a/k/a "William Je," and

YANPING WANG, a/k/a "Yvette,"

Defendants.


Case No. 1:23-CR-118 (AT)


**THIRD-PARTY PETITION PURSUANT TO 21 U.S.C. § 853(n) AND FEDERAL RULE OF CRIMINAL PROCEDURE 32.2TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE:**

I, Jason Zen, a pro se petitioner, respectfully submit this third-party petition pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), asserting my legal interest in certain property subject to forfeiture in the above-captioned case. As a lawful user of the Himalaya Exchange and an investor in the G-series entities associated with Defendant Ho Wan Kwok, I seek to protect my legitimate investments from forfeiture and distribution. I strongly oppose any claims or representations by Trustee Luc A. Despins ("Luc") in the related bankruptcy case (Case No. 22-50073) or by Attorney Geyer of the FormerFedsGroup law firm on behalf of purported victims, as such claims may result in the illegal seizure or dilution of my assets. This petition is timely filed within the applicable period following any preliminary order of forfeiture or notice thereof.

**BACKGROUND AND STATEMENT OF INTEREST**

1. I am Jason Zen, a resident of mainland China, submitting this petition under my English name for personal safety reasons. I am a legitimate user of the Himalaya Exchange with HID: TJ9KT8Z. As evidence, I reference Attachment A (screenshot of the email received from the Himalaya Exchange confirming my HID), Attachment B (screenshot showing my holdings of 228,788.44 HDO and 5,255.099 HCN stored in Hpay), and Attachment C (screenshot of 30,000 HCN frozen in accordance with Himalaya Exchange regulations).

2. I am also an investor in the G-series entities, with total investments (excluding those in the Himalaya Exchange) amounting to $61,292.46(At the time, I was in mainland China, where government restrictions prevented direct foreign investment. As a result, I had to rely on the assistance of the Himalaya Alliance farms to process my investments, and therefore, I am temporarily unable to provide accurate investment information), of

which $11,292.46 is currently awaiting refund from the U.S. Securities and Exchange Commission (SEC). These investments were made in good faith and represent my legitimate property interests.

3. The property in which I claim an interest includes, but is not limited to, any funds, cryptocurrencies (such as HDO, HCN, or related digital assets), or other assets associated with the Himalaya Exchange, G-series investments, or entities forfeited or potentially forfeited in this criminal case, including those seized by the U.S. Department of Justice (DOJ) on allegations of fraud. My interest in this property is vested and superior to any forfeited interest of the Defendants, as I acquired it lawfully prior to the commission of any alleged criminal acts and without knowledge of any illegality. Pursuant to 21 U.S.C. § 853(n)(6)(A), my interest is superior because it existed before the Defendants' interest became forfeitable. Alternatively, under 21 U.S.C. § 853(n)(6)(B), I am a bona fide purchaser for value without reasonable cause to believe the property was subject to forfeiture.

4. Out of respect for the fairness of the U.S. judicial system, I firmly believe the Court will protect the legitimate interests of all parties. As a third-party stakeholder in this case, I assert my right to defend my investments and oppose any unlawful seizure, distribution, or sharing of my assets with others.

**OPPOSITION TO CLAIMS BY TRUSTEE LUC A. DESPINS AND ATTORNEY GEYER**

5. I strongly oppose any distribution or recognition of claims represented by Trustee Luc A. Despins in the related bankruptcy proceeding (Case No. 22-50073) or by Attorney Geyer on behalf of purported Himalaya Exchange users or victims. These representatives' actions appear to facilitate the illegal seizure of my legitimate investments through potentially fraudulent or conspiratorial means, which would violate my due process rights under the Fifth Amendment and property rights under applicable law. Allowing such claims would unlawfully dilute or seize my superior interest.

6. Regarding Trustee Luc A. Despins:

    - In Document 26 of the Ho Wan Kwok case, the government selectively quoted portions of the Defendant's livestream videos while omitting parts favorable to the Defendant. In the January 23, 2023 livestream (see: https://gettr.com/post/p25ynjx5391, starting at 01:51:22), the Defendant stated that in his bankruptcy case (Case No. 22-50073), Trustee Luc Despins had already accepted false creditor claims from individuals such as "Gongzu" and "Julia," and therefore must also accept registrations from his followers. In the January 10, 2023 livestream (see: https://gettr.com/post/p24kcei1a11, starting at 2:47), the Defendant had already pointed out that "Gongzu" was involved in false creditor registrations. In the January 11, 2023 livestream (see: https://gettr.com/post/p24pcg5518d, starting at 1:26:16), the Defendant further accused "Gongzu" of having discussed false creditor registrations with Luc. These statements indicate that, before the Defendant encouraged or suggested his supporters to register as creditors in bankruptcy court, Trustee Luc had already accepted certain false creditor claims from G-series investors. The prosecution's opposition to the Defendant's bail did not mention this at all. I

therefore suspect that the prosecution used evidence that fails to present the full facts, in violation of the Fourth Amendment, and that it used such evidence to secure repeated bail denials resulting in the Defendant's ongoing detention, in violation of the Fifth Amendment.

- In the bankruptcy case, Document 1191 (page 12, paragraph 2), Trustee Luc explicitly sent notice of his motion to the U.S. Attorney's Office for the Southern District of New York, indicating coordination with prosecutors on creditor registrations.

- Trustee Luc never raised the issue of false claims in creditor registrations in bankruptcy court until the June 11, 2025 bankruptcy hearing, when he moved to reduce false creditor claims from the Defendant's creditor registry.

- Despite knowing that supporters of Defendant Ho Wan Kwok were encouraged to register as creditors, Luc accepted all such registrations and represented these creditors in proceedings that adversely affected the Defendant in this criminal case.

- Meanwhile, the Himalaya Alliance and affiliated "farms" (alleged co-conspirators with the Defendants, as noted in this criminal case's Document 382, page 7, and confirmed by the Court in Document 388, page 7) have actively encouraged high-value claims by G-series investors.

- I have reason to believe Trustee Luc may have conspired with the prosecution, the Himalaya Alliance, and the "farms" to defraud legitimate investors like myself, rendering any claims he represents invalid and ineligible for distribution from forfeited property. Allowing such claims would unlawfully dilute or seize my superior interest.

7. Regarding Attorney Geyer:

- On July 6, 2023, I received an email from the Himalaya Exchange informing me that due to the DOJ's seizure of funds, the exchange could not process normal withdrawal transactions. The DOJ claimed the seizure was based on alleged fraudulent activities by the exchange. The email also recommended Attorney Geyer of the FormerFedsGroup law firm and included a link to authorize him to represent Himalaya Exchange users in this matter. On July 18, 2023, the Himalaya Alliance issued an announcement (Attachment D) stating that this authorization was intended to empower Geyer to file a class action lawsuit on behalf of verified Himalaya Exchange users to prove our legitimacy as clients and recover the funds frozen by the DOJ. The announcement explicitly stated that Geyer was authorized to pursue civil litigation.

- However, in practice, Attorney Geyer has filed multiple motions in this criminal case (e.g., Documents 186-1 and 478), repeatedly using the term "victim" and directly citing the Crime Victims' Rights Act in Document 478, page 2, paragraph 2. Despite Geyer not explicitly stating that his clients are victims of Mr. Kwok, I have strong reasons to suspect that he has conspired with the prosecution to falsely portray Himalaya Exchange users as victims of Mr. Kwok. If true, this would mean the prosecution fabricated victim claims in violation of the Fourth Amendment.

- To date, Geyer has not initiated any civil or criminal litigation against the Department of Justice, which contradicts the Himalaya Alliance's announcement and Geyer's promises made in livestream videos (see: https://x.com/nnpiana/status/1739294278596341805?s=46).
- I, along with many others who participated in the Himalaya Exchange registration represented by Geyer, do not consider ourselves victims of Ho Wan Kwok. We believe we are victims of the U.S. Department of Justice's freezing of Himalaya Exchange funds. This conclusion can easily be verified through surveys from the Ho Wan Kwok supporter community.
- I hereby reaffirm that I have sent a letter to Attorney Geyer revoking all authorizations granted to him related to the Himalaya Exchange. Attorney Geyer has confirmed via email that he has removed me from his client list. (See Attachment E).
- 

**PETITION OPPOSING INVALID CLAIMS ORGANIZED BY THE HIMALAYA ALLIANCE FARMS**

8. As noted in this case's Document 382 (page 7), the Himalaya Alliance and farm leaders are alleged co-conspirators with the Defendants, confirmed by the Court in Document 388 (page 7). Any claims organized by them, including those by Geyer, Luc, or others (e.g., Gavenman for digital bank claims or government forfeiture petitions), should be deemed If the prosecution cannot prove that its alleged victims are unrelated to these participants, I suspect that the prosecution has engaged in fabricating false victims, in violation of the Fourth and Fifth Amendments, which directly threatens the security of my legitimate investments.

9. Permitting distribution to claimants represented by Luc or Geyer would unlawfully forfeit my property without due process, as their claims are tainted by suspected fraud, conspiracy, and conflicts. Under 21 U.S.C. § 853(n)(2), I assert that my interest is not subject to forfeiture and must be protected.

**REQUEST FOR RELIEF**

10. Pursuant to 21 U.S.C. § 853(n)(3) and Fed. R. Crim. P. 32.2(c), I request that the Court:
    - Amend any preliminary or final order of forfeiture to exclude my legitimate investment property from the scope of forfeiture, in order to accommodate my legal interest in the property.
    - Hold an ancillary proceeding or hearing to adjudicate the validity of my petition and the invalidity of opposing claims by Luc and Geyer.
    - Require the prosecution to prove whether the thousands of victims mentioned in its indictment are related to the registrants in the creditor registrations, Himalaya Exchange registrations, digital bank registrations, and government forfeiture petition registrations organized by the Himalaya Alliance. If related, since the Himalaya Alliance has been deemed by the Court as co-conspirators with the Defendants (see Court Document 388), the various registrations organized by it should be deemed invalid; accordingly, the victims in the prosecution's indictment should also be deemed invalid, the prosecution's

charges against the Defendant should be deemed invalid, and the arrest of the Defendant should be deemed a wrongful arrest. If related, the Himalaya Alliance and farms, Luc, and Geyer are all suspected of conspiring with the prosecution to fabricate victims for the Defendant.

- Deny any distribution of forfeited property to claimants represented by Luc and Geyer, as their representations are invalid and would result in the illegal seizure and dilution of my investments.
- Deny any distribution of forfeited property to digital bank claimants and those participating in government forfeiture petitions, as their claims are organized by the Himalaya Alliance, which is a co-conspirator with the Defendants, making them invalid claims that would result in the illegal seizure and dilution of my investments.
- Should my petition be denied, I respectfully request that the Court provide a written explanation of the reasons for the denial to assist me in refining any future submissions. I also respectfully reserve all available legal remedies, including the right to appeal, as permitted under applicable law.
- Grant any other relief as the Court deems just and proper.

**DECLARATION**

Under penalty of perjury, pursuant to 28 U.S.C. § 1746, I declare that this petition is not interposed for any improper purpose, such as harassment or delay, and that the factual contentions herein have evidentiary support or will likely have such support after reasonable investigation. The information provided in support of this petition is true, accurate, and complete to the best of my knowledge and belief.

Dated: August 27, 2025
Respectfully submitted,
**Jason Zen**

Jason Zen

Himalaya Exchange User (HID: TJ9KT8Z)