**PUBLIC VERSION – REDACTED**

**Pursuant to Fed. R. Crim. P. 49.1 and CVRA, 18 U.S.C. § 3771**

This letter contains sensitive victim information. I respectfully request redaction and sealing, and further request that my identity and contents herein **not be disclosed to the defendant or his counsel under any circumstances**.

TO:

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** Opposition to Motion 724 and Abuse of §853(n) Proceedings by False Third Parties; Victim Submission Regarding Sentencing and Forfeiture.
**Case: United States v. Ho Wan Kwok, No. 1:23-cr-00118 (AT)**

To the Honorable Court :

In this case, I am but one of thousands of victims. I am an investor in HCN, G-Club, and farm-loan schemes for GTV shares—projects that have already been expressly adjudicated by the jury as fraudulent schemes.

In February 2025, I successfully submitted my Petition for Remission and received an official reference number. In that application, I provided all truthful information in support of compensation and submitted under penalty of perjury.

My sole purpose here is to lawfully invoke my rights under the **Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771(a)(6)–(7)**:

- to demand timely sentencing;
- to ensure the lawful execution of forfeiture;
- and to receive victim compensation through the Remission process.

As a victim, I am entitled to these **basic guarantees of justice** within the judicial system.

**I. Background and Legal Framework**

1

### 1. Document 495 (Filed Feb 26, 2025)

- Citation:
  *"Conclusion Accordingly, the Government requests that the Court order victim compensation through remission as an alternative to restitution. Respectfully."*

- Significance: The Court has already established **Remission as the sole lawful mechanism**. All victims must obtain compensation exclusively through this process.

### 2. Limitations of 21 U.S.C. § 853(n)

- Standing is limited to:
  (A) pre-crime independent property owners; or
  (B) bona fide purchasers for value.

- Case law:

  - *United States v. Ribadeneira*, 105 F.3d 833 (2d Cir. 1997)

  - *United States v. Watts*, 786 F.3d 152 (2d Cir. 2015)

- Conclusion: Investors in G-Club and HCN have already been adjudicated by the jury as fraud victims → they lack standing to transform themselves into "third-party property owners."

### 3. Legal Basis for Substitute and Tracing Forfeiture

- Statutory authority: 21 U.S.C. § 853(p) & Fed. R. Crim. P. 32.2(e)(1)(B).

- Case law:

  - *United States v. Alamoudi*, 452 F.3d 310 (4th Cir. 2006)

  - *United States v. Awad*, 598 F.3d 76 (2d Cir. 2010)

- Conclusion: Even if assets are hidden, transferred, or commingled, forfeiture **must still be executed**. The claim of "complexity" is not a lawful excuse.

## II. Core Issue Concerning Motion 724 — Defendant Lacks Standing to Re-Litigate Asset Ownership

## A. Defendant Has Disclaimed Ownership and Legally Lacks Standing, Yet Seeks to Improperly Manipulate §853(n) Proceedings

### 1. Defendant Lacks Standing

- In Document 710, the Defendant expressly **disclaimed any ownership interest** in the forfeited assets.

- Under 21 U.S.C. § 853(n)(2), ancillary proceedings are strictly limited to "any person other than the defendant."

- Accordingly, the Defendant has no standing to indirectly reopen questions of "asset ownership" through Motion 724

## 2. The Court Has Already Established the Sole Lawful Pathway

- In Document 495, the Court ruled: "the Court order victim compensation through remission as an alternative to restitution."

- This ruling established Remission as the exclusive lawful avenue for all victims to obtain compensation, under DOJ and MLARS procedures.

- Any attempt to bypass Remission constitutes not only a direct challenge to the Court's own ruling, but also a violation of the statutory scheme under 18 U.S.C. § 3771.

## 3. Bankruptcy and Criminal Forfeiture Are Legally Distinct

- Criminal forfeiture is an exercise of the government's police power, exempt from bankruptcy's automatic stay (11 U.S.C. § 362(b)(1), (4)).

- Even if assets are hidden or transferred, the Court may still pursue tracing or substitute forfeiture (21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2).

- Accordingly, reliance on "complex bankruptcy asset disputes" as a justification to delay criminal forfeiture has no legal validity.

## Summary
Since the Defendant has already disclaimed, "this is mine," he has no standing to argue, "this belongs to someone else."
Section 853(n) expressly excludes the Defendant from participating in ancillary proceedings.
Victim compensation has already been determined by Document 495 and placed under DOJ/MLARS authority; bankruptcy disputes do not create an obstacle.
Motion 724 should therefore be denied on the grounds of lack of standing and conflict with Document 495.

## B. Defendant's Motion 724 Attempts to Exploit "Bankruptcy Disputes" and "Third Parties" as a Backdoor to Overturn Jury Findings

## 1. Core Intentions:

- To forcibly drag criminal forfeiture into bankruptcy proceedings;

- To manufacture a false conflict of "creditors vs. victims";

- To indirectly undermine the jury's factual determinations concerning G-Club and HCN as fraudulent enterprises.

## C. Evidence of "Third Party" Coordinated Actions

**1,** Ryan Bai / Ryan Xiaoge, "Ryan Bai, a listed victim in Doc. 733, who has publicly declared that his primary role is to undertake all necessary work to overturn Guo Wengui's conviction."

**Own Public Admissions (Collected Statements)**

(this individual, on November 24, 2024, publicly threatened online to "kill the 126 Long Island victims" who had submitted victim impact statements to the Judge.)

Ryan, by his own public admissions, self-described as the defendant's "shadow lawyer," and acknowledged having direct discussions with Guo Wengui's counsel regarding retrial strategies. He further circulated a so-called "Guo Wengui Retrial Report," declaring his intention to mobilize others to file as purported "third-party claimants" after the forfeiture process, with the stated aim of challenging forfeiture, delaying sentencing, and supporting the defendant's efforts to overturn the jury's verdict.

**(July 18, 2025 – Public Statements)**

- "I am the only one who has met with Mr. Guo's lawyers! I handed over Chunk Chyi (Luo Si Ge)'s retrial strategy to the lawyers… the lawyers showed great interest! … The lawyers are following my strategy!!"

- "After the forfeiture process, third-party motions must be filed. I will use the motions to drag out Luc's so-called procedural injustices! Without resolving the third-party disputes, there can be no sentencing!"

- "Next, Guo's lawyers and the third-party claimants will all be brought in."

- "We will use the third-party motions to expose all the procedural injustices, and the judge will have no way to stop us! Guo's lawyers will also take our motions as leverage (English meaning: as a handle)."

- "The prosecutors… the court still dreams of issuing a forfeiture order and proceeding to sentencing? Dream on! … Without asking us, that is absolutely impossible… Once the forfeiture order is issued, wait for the legal storm we will unleash!"

**(September 6, 2025 – Public Statements)**

4

- "I will officially serve as Mr. Guo's shadow lead attorney outside the court, until he is acquitted and released or his appeal begins."

- "The staged retrial report for Guo Wengui is already prepared… Everyone can use it freely… Even submitting it to the court is fine!!!"

## 2. Substantive Nature of Motions 723, 725, 726, 729, 730, 731, 732, 733, 734,735

### (1) Shared Identity and Funding Sources

The individuals filing these motions all call themselves "comrades" ("战友"), are closely connected, and share the same funding sources: G-Club membership fees, HCN, and farm-loan schemes. These projects have already been adjudicated by the jury as fraudulent. By law, they are victims and must seek relief through Remission, not by disguising themselves as "independent third parties."

### (2) Coordination in Timing and Content

All of these motions appeared right after Document 724 and present nearly identical claims. Such synchronized timing and uniform content show that these are not spontaneous filings by independent third parties, but rather organized, premeditated collective actions.

### (3) Direct Ties to the Defendant

For example, Ryan Bai ("Ryan Xiaoge") publicly admitted that he:

- Met directly with the Defendant's counsel to discuss reversal strategies;

- Drafted and circulated "reversal templates";

- Declared himself a "shadow outside counsel," using third-party motions to aid the Defendant;

- Explicitly vowed to exploit §853(n) to block forfeiture and delay sentencing.

These admissions make clear that the motions are not bona fide third-party claims, but proxy actions on behalf of the Defendant's interest group.

### (4) Legal Impropriety and Harm

- §853(n) was intended to protect truly independent, bona fide property interests, not to be misused by the Defendant or his proxies.

- Allowing such false third parties to intervene would violate Document 495 (which established Remission as the sole victim pathway) and effectively overturn the jury's verdict and prior court orders.

- Worse, such disguised interventions directly delay sentencing and restitution, causing secondary harm to genuine victims.

**Conclusion:**

5

The filers of Motions 723,725, 726, 729, 730, 731, 732, 733,  734,735 together with individuals such as Bei Bei Zhu and Chunk Chyi — already declared by the Court in Document 596 to be malicious litigants — are in fact continuing the same abusive pattern.

It must be understood as representing the Defendant's interests, rather than as a lawful petition submitted under §853(n).

 Accordingly, these motions should be immediately denied, and those who filed under false pretenses or engaged in abusive litigation should be investigated and sanctioned, in order to protect the integrity of the criminal forfeiture and Remission process.

I have preserved all relevant facts and evidence, and I will submit them to the other federal departments for further review to ensure that the judicial process is not manipulated any further.

**D. DOJ's Own Warning — Document 511**

- **Document 511 (Filed Mar. 25, 2025)** divided victims into two categories:

    o *Group One*: those who recognized the fraud, bravely spoke out, and lawfully await compensation;

    o *Group Two*: those who deny being defrauded, attack Group One, and spread disinformation.

- **Quote from Document 511:**

    "Those who recognized the fraud and bravely spoke out are now under attack… causing Group One to suffer double harm."

- **Present Reality:**
    The so-called "false third parties" currently attempting to intervene are exactly *Group Two*. They are misusing §853(n) as a weapon to inflict secondary harm on genuine victims in Group One. At the same time, they are deliberately delaying forfeiture and coordinating with Motion 724 to assist in overturning the jury's verdict.

**Summary:**
If Motion 724 is accepted, or even allowed to linger unresolved, it will directly paralyze the victim compensation process once again. This constitutes a violation of the rights guaranteed to victims under the **Crime Victims' Rights Act (CVRA, 18 U.S.C. § 3771).**

**III. Risks and Harms of False Third Parties Entering §853(n) Proceedings**

**A. Malicious Procedural Abuse by False Third Parties Claiming Ownership under §853(n)**
Pursuant to 21 U.S.C. §853(n), only third parties who are *completely independent of the crime*

6

and can *demonstrate bona fide and lawful ownership* have standing to intervene in forfeiture proceedings.

For investors in HCN, G-Club, and other projects already adjudicated by the jury as fraudulent schemes, their funds are inherently criminal proceeds. They must be recognized as *victims*, not independent property holders. Their sole avenue of relief is through the **Remission process**, not through §853(n) ownership claims.

## B. Constitutional Concerns Triggered by Abuse of §853(n)

### 1. Equal Protection Risks (Fourteenth Amendment)

- If some victims are permitted to bypass Remission by disguising themselves as "third parties" to claim priority, while other law-abiding victims must wait in line, this creates disparate treatment among similarly situated victims.

- Within the constitutional framework, such differential treatment lacks legitimate justification and **may constitute a violation of Equal Protection, or at minimum raises serious constitutional concerns.**

### 2. Potential Infringement of the Crime Victims' Rights Act (CVRA, 18 U.S.C. §3771)

- The CVRA expressly guarantees victims the "right to full and timely restitution" (§3771(a)(6)).

- Document 495 has already established Remission as the exclusive lawful mechanism to implement this right.

- Allowing false third parties to bypass Remission **may effectively deprive genuine victims of their right to compensation through lawful procedures, raising serious concerns under the CVRA.**

### 3. Undermining the Authority of Jury Verdicts (Sixth Amendment)

- The jury has already determined that HCN, G-Club, and related projects constitute criminal assets.

- If investors in those schemes are permitted to intervene as "third parties," it effectively denies or unsettles the jury's factual determinations.

- Such an approach **may undermine the finality and authority of the jury's verdict, raising serious constitutional concerns under the Sixth Amendment.**

**Accordingly, all investors in fraud projects already adjudicated by the jury must be barred from re-entering forfeiture proceedings as "third parties." Furthermore, any individuals who submit false identities or false statements in §853(n) proceedings must bear the legal consequences of perjury under oath.**

## IV. Reaffirmation and Victim's Position

I must reaffirm: pursuant to Document 495, *"the Court order victim compensation through remission as an alternative to restitution"*—this is the sole lawful pathway already established by

7

the Court. Any individual disguising themselves as a "third party" and abusing the §853(n) process in an attempt to overturn the jury's findings constitutes a direct affront to judicial authority.

Though I stand alone, I represent countless victims who remain silent—whether due to language barriers or the relentless delays in this process. Ignoring my voice is tantamount to ignoring the collective voice of all victims who have strictly complied with the law.

**Conclusion**

The pursuit of justice in this case has already been severely delayed. If the Court allows large numbers of organized false third parties to enter §853(n) proceedings, the entire framework of forfeiture and compensation will collapse, subjecting true victims to repeated secondary and tertiary harm.

I also emphasize once more: this criminal case is by its nature a global RICO conspiracy. At the very time Defendant filed Motion 724, his co-conspirator attorney Zhang Yongbing openly admitted to meeting with him at MDC. This, along with other evidence, confirms that the organized criminal activity at the heart of this case has never ceased.

Accordingly, I respectfully urge the Court and oversight authorities to take immediate action to safeguard the integrity of the judicial process, to protect genuine victims, and to prevent the defendant and his associates from exploiting the "third party" mechanism to obstruct forfeiture, delay Remission compensation, or engineer a backdoor challenge to the jury's verdict during sentencing. Such continued obstruction would constitute further violations of the Crime Victims' Rights Act (CVRA, 18 U.S.C. §3771).

**This submission also expressly preserves my right to petition the Second Circuit Court of Appeals under 18 U.S.C. §3771(d)(3), to ensure that the rights guaranteed by the CVRA are fully respected and enforced.**

**Respectfully submitted,**



Remission Filling Tracking Number ▓▓▓▓▓▓▓▓▓▓▓▓
Date: September 10, 2025

**CONFIDENTIALITY NOTICE (CVRA)**
This submission is made pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771. I respectfully request that my personal identity and any sensitive victim information be redacted and sealed, and that no disclosure be made to the defendant or defense counsel.