TO: The United States District Court for the Southern District of New York The Honorable Analisa Torres, U.S. District Judge

**RE:** United States of America v. Ho Wan Kwok, et al. **Case No.:** 1:23-cr-00118-AT

**SUPPLEMENT TO THE PETITION OF THIRD-PARTY CLAIMANT DOMENICO TANG (DOC. 738)**

**I. Introduction**

1. I, Domenico Tang ("Petitioner"), appearing pro se, previously filed a Third-Party Petition on 2025,09,09 (Doc. 738, "Initial Petition").

2. This filing serves as a supplement to the Initial Petition. Since that filing, Petitioner's further research into the public record has uncovered additional evidence and analysis that substantiates the core argument of the Initial Petition: that this case is tainted by a systemic fraud upon the court.

3. This supplement is intended to bring these new findings to the Court's attention to ensure a just adjudication of Petitioner's property interests based on the most complete information available.

**II. Newly Discovered Evidence and Argumentation**

**A. Supplemental Argument 1: Allegation of Co-Conspirator Control Behind Attorney Geyer's Representation**

1. The Initial Petition argued that Attorney Geyer's representation constituted a "bait-and-switch" fraud. New evidence further reveals this representation was initiated by an organization the government itself has identified as a co-conspirator.

2. In court document 202, Trustee Luc Despins noted that a person named **"Little Sara,"** a key leader of the **Himalaya Farm Alliance,** publicly introduced Attorney Geyer to investors. This proves that Geyer's representation was orchestrated by a conflicted organization, not by the investors themselves.

3. **Conclusion:** This chain of conduct—a co-conspirator organization introducing a lawyer, who then uses a false pretense of "vindicating rights" to gain authorization, only to re-characterize his clients as "victims"—strongly suggests a **conspiracy among the Himalaya Farm Alliance, Attorney Geyer, and potentially the prosecution to manipulate the judicial process.** The prosecution has a duty to inform the Court whether it was aware of this relationship and whether it conducted the necessary *Brady* inquiry.

### B. Supplemental Argument 2: Further Proof of Brady Violations and Fraud Upon the Court

1. The Initial Petition identified several *Brady* violations. Further analysis reveals more exculpatory evidence deliberately concealed by the prosecution:

    - **Concealment of Defendant's Opposition to Protests:** While accusing the defendant's supporters of obstruction of justice, the prosecution concealed video evidence where the defendant **expressly and publicly spoke out against any form of harassment or violent protest.**

    - **Reiteration of the "Mansion Timeline" Fraud:** One of the most egregious examples of the prosecution's effort to mislead is its repeated use of the New Jersey mansion as evidence of spending investor funds. The publicly verifiable fact is that this mansion was purchased in **2015**, five years before the alleged schemes began in 2020. The prosecution's knowing use of this chronologically false information to build its narrative constitutes a fraud upon the court.

### C. Supplemental Argument 3: Allegation of Unchecked Judicial Interference by Co-Conspirators Outside MDC

1. The prosecution has acknowledged in its own filings that "co-conspirators" remain active outside the MDC. However, the prosecution has ignored their ongoing and serious interference with the judicial process of this case.

2. **Specific Conduct:** These individuals are using allegedly false or unverified "jail calls" and "visitation notes," and even impersonating the defendant's daughter, to disseminate information and organize activities online, which constitutes a **serious obstruction of justice.**

3. **Prosecutorial Dereliction of Duty:** With the defendant detained for over two years, the only channel for investors to receive information is controlled by these same alleged "co-conspirators." The prosecution, with its vast investigative resources, has sat idly by while its own identified "co-conspirators" potentially defraud investors and interfere with this case. This is a gross dereliction of duty that calls the prosecution's neutrality and impartiality into serious question.

4. **More seriously, the Alliance is suspected of fabricating, altering, or taking out of context the defendant's external communications from MDC (including telephone and visitation records), as well as by impersonating his family members (such as his daughter), to defraud and mislead investors,**

and to further frame the defendant. To clarify the facts and stop these co-conspirators from continuously interfering with the judicial process of this case, it is necessary to verify the defendant's authentic external communications.

### III. Reaffirmation and Supplement to Prayer for Relief

1. Based on the foregoing supplemental evidence and argumentation, Petitioner reaffirms and strengthens all requests for relief made in the Initial Petition.

2. Petitioner adds the following specific requests, asking the Court to order:

    - **That Attorney Geyer, Luc Despins, and other third parties suspected of misconduct provide a detailed explanation** of their agency process, creditor-claim-review procedures, and their communications with the Himalaya Farm Alliance and the prosecution.

    - **That the prosecution submits all Brady material it possesses but has not yet disclosed,** particularly the videos showing the defendant opposing violent protests, and any information regarding its investigation into the ongoing activities of the Himalaya Farm Alliance.

    - **That the Defense and the Himalaya Farm Alliance disclose all external communication records, telephone logs, and visitation records** that purport to have originated from the defendant during his detention at MDC, for the Court to verify their authenticity and to ascertain whether the Alliance has engaged in fabricating information to interfere with the judicial process.

### IV. Conclusion

For the foregoing reasons, Petitioner respectfully requests that the Court accept this supplement and consider it in conjunction with the Initial Petition to fully understand the systemic procedural injustice present in this case.

**Date:** 2025,09,10