UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
United States of America,
v.
Ho Wan Kwok, a/k/a Miles Guo, et al.,
Defendants.
Case No. 1:23-cr-00118-AT

**Emergency Response: Ryan Bai's Response to ECF No. 739, 742 And Miscellaneous Relief**

I, Ryan Bai, respectfully submit this Response to address allegations raised in ECF No. 739, 742 filed on September 10, 2025, which speculates without evidence that I am an internet persona known as "Ruien Xiaoge" and further suggests that recent third-party motions are the product of coordinated online activity.

These claims are baseless and irrelevant. Courts adjudicate on facts and law, not on internet rumor or conjecture. My standing rests on documented investments totaling $23,000 in G Club, Himalaya Exchange, A10, and the Farm Loan Program — which establish my victim status under 18 U.S.C. § 3771. Whether I am called Ryan Bai, John Doe, or any other name is immaterial; the fact of my financial injury is uncontroverted.

These identity-based attacks serve no legitimate purpose. Instead, they are transparent attempts to distract this Court from the real issue — documented fraud upon the court by the prosecution and the Trustee. By resorting to rumor-mongering rather than addressing the substance of the fraud allegations, the opposing filer effectively underscores their gravity. Efforts to delegitimize me through irrelevant speculation do not weaken the fraud claims; they aggravate them, amplifying the appearance that fraud is now being actively shielded.

**Moreover, the assertion in ECF No. 739, that I am not an "independent victim" , raises a troubling implication. If this logic holds, it could suggest that all individuals in similar circumstances — potentially thousands of claimed victims — are also not independent, thereby labeling them as Guo Wengui's supporters and negating the legitimacy of any victim. Such an absurd conclusion lacks factual support and appears to be a contrived attempt to overturn Guo's case. This unreasonable reasoning casts doubt on the filer's motives, suggesting possible alignment with Guo's interests, which warrants further judicial scrutiny.**

**More ridiculously, in ECF NO. 742 page 4, the petitioner accused me, Ryan Bai, is the same person as Ryan Xiaoge, claiming my goal is to overturn Guo's case. I firmly reject these baseless accusations in this filing. First, there is no evidence to**

**support the claim that Ryan Bai is any online persona. Second, like Document 739, this motion suggests that as a victim, I seek to overturn Guo Wengui's case. If this logic holds, then the thousands of others who invested in Guo's schemes, sharing my circumstances, could also be accused of the same motive. This absurd intent is clearly designed to taint the entire victim list, covertly interfering with judicial proceedings. In truth, it is the filer who aims to overturn Guo's conviction through this tactic.**

**I consider such conduct to border on victim intimidation, potentially under 18 U.S.C. § 1512, as it seeks to silence me as a victim or deter my exposure of prosecutorial misconduct through baseless personal attacks. This compounds the fraud already before the Court.**

For these reasons, I respectfully request

1: The Court disregards the identity-based allegations as immaterial and recognizes them for what they are: a bad-faith attempt to suppress legitimate fraud-on-the-court claims. If the Court were to entertain such rumor-mongering, it would risk becoming complicit in the very fraud I have alleged.

2: Pursuant to Fed. R. Crim. P. 49.1, file the attached public version of this motion on the public docket, omitting additional personal identifying information beyond that previously disclosed, and maintain the signed version under seal in the court record for full consideration.

3: Investigate the filers and motives behind ECF Nos. 739 and 742 both submitted on September 10, 2025, to determine if they align with or inadvertently support the defendant's interests in **interfering with judicial proceedings**. At the same time, review subsequent court filings to ensure that the **defendant's suspected co-conspirators are not allowed to appear** *pro se* **in court filings.**

4: **I respectfully reiterate the relief I sought in ECF No. 733. Given that multiple filings have revealed fraud upon the court in the underlying proceedings, any forfeiture process built on such a foundation exposes victims to heightened risk with each additional day it continues. Extending the forfeiture proceedings even by one day therefore compounds that risk. If the Court finds that declaring the forfeiture orders void and null ab initio is too drastic at this stage, I respectfully request, in the alternative, that the forfeiture proceedings be stayed pending resolution of the disputes concerning the alleged fraud. Once those issues are resolved, the forfeiture process may then be reopened, if appropriate.**

Respectfully submitted,
Ryan Bai
Date: September 10, 2025