LAW OFFICES OF
# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK  10006
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS                                                SAMANTHA ENGST-MANSILLA
—                                                                                    *Paralegal*
AMY E. GREER
JACOB C. EISENMANN

January 27, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *United States v. Ho Wan Kwok (Miles Guo)*,
23 Cr. 118 (AT)

Dear Judge Torres:

This letter is respectfully submitted on behalf of defendant Ho Wan Kwok (Miles Guo), whom John F. Kaley, Esq., Melinda Sarafa, Esq., and I represent in the above-entitled case, in reply to the government's January 21, 2026, letter opposition (Dkt. 793) ("*Gov't Opp.*")  to Mr. Guo's January 5, 2026, letter motion for review of classified materials provided to the Court by the government in 2023 pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3 (2000) (Dkt. 783) ("*CIPA Motion*").

As a threshold matter, the government's first point is entirely a straw man argument.  Mr. Guo is not seeking "discovery" pursuant to Rule 16, Fed.R.Crim.P., or any other authority.  *See Gov't Opp.*, at 1-2.  Rather, as Mr. Guo's motion makes clear, he requests, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and CIPA, material and information that is helpful or material to him with respect to sentencing.  *See also CIPA Motion*, at 2-3.
3
Nor is Mr. Guo asking for "production" of materials.  *See Gov't Opp.*, at 1-2.  The materials at issue have *already* been provided to the Court.  However, the Court has not previously been asked to review the materials for relevance to *sentencing*, but only with respect to trial – a far more limited context.  *See CIPA Motion*, at 1.

<table>
<tr><td>

LAW OFFICES OF

**DRATEL & LEWIS**

</td><td>

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 27, 2026
Page 2 of 3

</td></tr>
</table>

It is inconceivable that the government misapprehends the material difference between trial relevance and relevance to sentencing. As a result, its steadfast refusal to engage on that issue demonstrates an unwillingness to confront the implications of that distinction. That alone amplifies the importance of *the Court* making the review for sentencing purposes. Indeed, the CIPA Section 4 process as it currently operates, by making the Court the arbiter in identifying (and ordering disclosure of) *Brady* material located within the Section 4 materials, effectively delegates to the Court the fulfillment of the government's *Brady* obligations.

Nor, contrary to another attempted government deflection, is Mr. Guo seeking "reconsideration" – "implicit" or otherwise – of the Court's prior decision(s), which, again, were directed at determining relevance at *trial*, not sentencing. As a result, Mr. Guo is neither pointing to anything the Court "overlooked," not "re-litigating" issues already resolved. Nor, again, does it present a Rule 16 issue. *See Gov't Opp.*, at 2-3.

Rather, the presence of *Brady* material, helpful or material to Mr. Guo in the sentencing context, within the Section 4 materials is a new, unresolved issue in this case, but no less crucial to Mr. Guo. *See CIPA Motion*, at 2-3.

The *ex parte* conference defense counsel requests with the Court is also vitally important to communicating to the Court the nature of the *Brady* material (for sentencing) that is contained within the Section 4 material. That all the other such conferences cited in the *CIPA Motion*, at 5 & n.1, occurred pretrial does not diminish the necessity and importance of a conference in the sentencing context. Mr. Guo in turn does not object to the government's request for a reciprocal *ex parte* audience with the Court. *See Gov't Opp.*, at 2 n.2.

In addition, Mr. Guo objects to the government filing a classified submission – it is unknown whether it consists of classified information, legal argument, or both – noted in the government's one-sentence letter publicly filed January 22, 2026, letter (Dkt 795). Mr. Guo respectfully requests that his security-cleared counsel be granted access to that submission to vindicate the principles underlying the adversary process. *See, e.g., Alderman v. United States*, 394 U.S. 165, 184 (1969) ("[i]n our adversary system, it is enough for judges to judge. The determination of what be useful to the defense can properly and effectively be made only by an advocate"). *See also United States v. James Daniel Good Real Property, et. al.*, 510 U.S. 43, at 55 (1993) ("'[f]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights. . . . No better instrument has been devised for arriving at truth than to give a person in jeopardy of serious loss notice of the case against him and opportunity to meet it'") (*quoting Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 170-72 (1951) (Frankfurter, J., *concurring*)).

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 27, 2026
Page 3 of 3

   Accordingly, for all the reasons set forth above, as well as in the *CIPA Motion*, it is respectfully requested that the Court (1)  conduct a review of the information and materials previously provided by the government pursuant to CIPA Section 4 and determine which of that information and materials are relevant to sentencing, and order their disclosure to the defense (either in classified form to security-cleared counsel, or, if declassified, to all counsel);  and (2) permit defense counsel the opportunity, an *in camera ex parte* conference, to brief the Court on what materials and information counsel anticipates would be favorable to Mr. Guo with respect to sentencing, and which counsel has a good-faith reason to believe is (or should be) included in the Section 4 material.

        Respectfully submitted,

        Joshua L. Dratel
        John F. Kaley
        Melinda Sarafa

        *Attorneys for Defendant*
        *Ho Wan Kwok*

JLD/