```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                           23 Cr. 118 (AT)

MILES GUO,

              Defendant.               Conference

------------------------------x

                                       New York, N.Y.
                                       January 20, 2026
                                       10:05 a.m.

Before:

                    HON. ANALISA TORRES,

                                       District Judge


                         APPEARANCES


JAY CLAYTON
     United States Attorney for the
     Southern District of New York
RYAN B. FINKEL
JULIANA N. MURRAY
MICAH F. FERGENSON
JUSTIN HORTON
     Assistant United States Attorneys

MELINDA M. SARAFA
JOHN F. KALEY
JOSHUA L. DRATEL
     Attorneys for Defendant


Also Present:  Tuo Huang, Interpreter (Mandarin)
```

THE COURT:  Good morning.

we're here in the matter of *United States v. Miles Guo*.

Would you make your appearances, please.

MR. FINKEL:  Good morning, your Honor.

Ryan Finkel, Juliana Murray, Micah Fergenson, and Justin Horton, for the government.

THE COURT:  Would the interpreter please make their appearance.

THE INTERPRETER:  Good morning, your Honor.

Federal court professionally qualified interpreter Tuo Huang.

THE COURT:  And now the defense.

MS. SARAFA:  Good morning, your Honor.

Melinda Sarafa, John Kaley, and Joshua Dratel, for Miles Guo.

THE COURT:  Please be seated.

Many individuals who believe they are victims of Mr. Guo's fraudulent scheme have asked for the return of their money.  Some have contacted the prosecution and some have contacted the Court.  Apparently, there is confusion about how the process of reimbursement works.

I'm going to address two types of claims concerning the forfeited assets linked to Mr. Guo's illegal conduct in this case.

1           First, under 21, United States Code, Section
2    853(i)(1), and 28 Code of Federal Regulations 9, a victim may
3    submit to the prosecution what is known as a petition for
4    remission.  A petition for remission asks the government to
5    return assets to the victims of a defendant's crimes.  The
6    government will evaluate these petitions following the
7    procedures described in Title 28 of the Code of Federal
8    Regulations, Part 9.
9           In a letter to the Court dated January 9th of this
10   year, the government states that, in evaluating such petitions,
11   it will consider whether a victim alleges a monetary loss that
12   was directly caused by the criminal conduct, whether the
13   allegations are supported by documentary evidence and whether
14   the victim did not knowingly contribute to, participate in,
15   benefit from, or act in a willfully blind manner to the events.
16          There is a second type of claim.  Under Title 21,
17   United States Code 853(n), an individual can seek return of
18   their assets if they show a stronger legal claim to the
19   forfeited asset than the government does.  One way a claimant
20   can do that is by showing that they have superior title to an
21   asset as of the date the asset was forfeited to the government.
22   In other words, the claimant must show that he or she had a
23   stronger legal right to the asset than the defendant at the
24   time of the criminal offense.
25          For example, if a defendant were to borrow someone's

car, and then use it to commit a crime, the car owner may be able to successfully assert that they have a superior legal interest in the car under Section 853(n)(6)(A).

Another way a claimant can meet this standard is by showing that they were a *bona fide* purchaser for value of an interest in the forfeited asset. In other words, that he or she bought the forfeited asset from the defendant in good faith after his criminal acts, but with no knowledge of his criminal activity.

A person who believes that they have such a claim can seek to recover their money by filing a Section 853(n) claim with the Court. However, I want to emphasize that victims of Mr. Guo's fraudulent scheme may be viewed under the law as general creditors and may not, therefore, be able to recover their money under Section 853(n). In other words, Section 853(n) claims are not interchangeable with petitions for remission.

Submissions received by the Court that do not reference Section 853(n), but which the Court has instead determined to be petitions for remission, have been referred to the government for its consideration. Those submissions have not been placed on the docket and will not be placed on the docket.

The Court is in the process of considering and docketing a large volume of submissions which name Section

853(n).  Individuals who are represented by attorneys have been added to the docket as interested parties so that they may file their submissions directly on the docket.  Individuals who are not represented by attorneys have not been added as interested parties on the docket.  But the Court has received and is processing their petitions and will docket them as needed in due course.  The Court may direct that the petitions be redacted or filed under seal to protect the claimants' personally identifiable or other sensitive information.

In addition, the Court has received miscellaneous petitions making various complaints.  Those submissions are being evaluated on an individual basis.

The Court has called this status conference to discuss these matters with the parties in order to expedite the Court's consideration of the large volume of Section 853(n) petitions which number over 100.  The Court has also asked for the parties' views on the appointment of a special master under Federal Rule of Civil Procedure 53, which permits a master to perform duties consented to by the parties or to address post-trial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge in the district.

I've reviewed the government's letter dated January 9th and the defendant's letter dated January 16th, both of this year.  The parties recommend that the Court appoint a special

1    master to assist in evaluating Section 853(n) petitions, and in
2    administering ancillary proceedings in this case as needed.
3             Compensation for a special master is limited by
4    Federal Rule of Civil Procedure 53(g)(2), which states that:
5    Compensation must be paid either by a party or parties or from
6    a fund or subject matter of the action within the Court's
7    control.
8             How does the government propose that the special
9    master be compensated?
10            MR. FINKEL:  Your Honor, the government doesn't have a
11   specific proposal with respect to that issue, but can certainly
12   consider it and file a letter with the Court.
13            Obviously the government is mindful of the assets that
14   it has acquired through forfeiture and wants to retain as much
15   as possible for victims.
16            THE COURT:  Is the government aware of other courts
17   nationally where a special master has been appointed to handle
18   Section 853(n) petitions?
19            MR. FINKEL:  Standing here today, your Honor, I am
20   not.  That's not to say that it hasn't happened.  I don't know
21   if it has.
22            THE COURT:  I'd like you to look into that and report
23   back to me.
24            MR. FINKEL:  We will do that.
25            THE COURT:  Is there anything from the defense?

1          MS. SARAFA:  Your Honor, I think our view is very
2     similar to that articulated by the government.  We would like
3     to see as much of the seized assets preserved and returned to
4     the investors and customers of the entities involved in this
5     case.  And I'm not aware of any authority, standing here today,
6     regarding sources of funds for compensation of a special
7     master.
8          THE COURT:  Federal Rule of Civil Procedure 53(b)(1)
9     requires that prior to appointing a special master, the Court
10    must give the parties notice and an opportunity to be heard;
11    and that any party may suggest candidates for appointment.
12         Therefore, by February 10th of this year, the parties
13    shall confer and jointly file a letter recommending candidates
14    to serve as special master under Rule 53(b)(1), and a
15    recommendation as to the terms of compensation.  Of course, the
16    letter should also discuss the specific scope of the special
17    master's appointment.
18         Mr. Guo, you've been understanding what the
19    interpreter has said; correct?
20         THE DEFENDANT:  (In English) Yes, your Honor.
21         THE COURT:  All righty.  Is there anything further?
22         MR. FINKEL:  Not from the government.
23         THE COURT:  All righty.  The matter is adjourned.
24         MS. SARAFA:  Thank you, your Honor.
25                          *   *   *