UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MILES GUO,

Defendant.

<div style="border:1px solid black">
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/10/2026__
</div>

23 Cr. 118-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By letter dated February 24, 2026, Defendant, Miles Guo, moved to adjourn his sentencing for "approximately 30 days." *See* ECF No. 807 at 1; *see also* ECF No. 808 (Government's objection). Sentencing in this matter is ADJOURNED to **April 27, 2026**, at **12:00 p.m.**, in **Courtroom 15D** of the United States Courthouse, 500 Pearl Street, New York, New York 10007.

By *ex parte* letter submitted under seal and dated November 12, 2025, Guo applied to this Court for the issuance of a Rule 17(c) subpoena. By *ex parte* order dated January 13, 2026, the Court directed Guo to provide a supplemental submission, which Guo provided in an *ex parte* letter dated January 27, 2026.

By letter dated February 27, 2026, the Government objected to Guo's request to adjourn sentencing and to the continued adjudication of Guo's subpoena request *ex parte*. *See* ECF No. 808 at 1–2; *see United States v. Ray*, 337 F.R.D. 561, 572 (S.D.N.Y. 2020). The Court agrees with the Government that there is not good cause, on these facts, for proceeding with the Rule 17(c) subpoena request *ex parte*. First, Guo's application occurs during sentencing proceedings, not trial. Therefore, disclosure of the subpoena application will not disclose Guo's "defense strategy, given that term's customary meaning." *See U.S. v. Becton*, 241 F.R.D. 433, 435 (S.D.N.Y. 2006). Second, the arguments Guo makes in his January 27, 2026 letter largely reference material that the Government either turned over in discovery or material of which the Government should already be aware. *See* Jan. 27, 2026 Ltr. at 2 (arguing that the material sought will help counsel develop an understanding of Guo's relationship with the Federal Bureau of Investigation ("FBI")). Third, the Court notes that Guo's application seeks information related to his "contacts with members of the FBI and other U.S. intelligence community officials," *see* Jan. 27, 2026 Ltr. at 1, and the Government should be provided with an opportunity to argue whether such an application affects its legitimate interests. *Ray*, 337 F.R.D. at 571 (holding that the Government may move to quash a subpoena "only on the basis of the Government's own legitimate interests"). For these reasons, the Court finds that the application should not proceed *ex parte*.

Accordingly, by **March 11, 2026**, Guo shall serve his letters, dated November 12, 2025, and January 27, 2026, the Court's *ex parte* order dated January 13, 2026, and his proposed subpoena, on the Government. By **March 13, 2026**, Guo shall file his letters on the docket. If Guo believes redactions are necessary prior to filing his submissions on the docket, then he shall

set forth the basis of any redactions in a separate submission by that same date.  By **March 17, 2026**, the Government shall respond to Guo's application for a subpoena.

By **March 20, 2026**, Guo shall file his sentencing submission.  By **March 27, 2026**, the Government shall file its submission.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 807, 808, and 811.

SO ORDERED.

Dated: March 10, 2026
        New York, New York

                         ANALISA TORRES
               United States District Judge