# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>**HO WAN KWOK, a/k/a  "Miles Guo," "Miles Kwok," "Guo Wengui," "Brother Seven," or  "The Principal,"**<br><br>and<br><br>**KIN MING JE, a/k/a "William Je,"**<br><br>and<br><br>**YANPING WANG, a/k/a "Yvette,"**<br><br>Defendants. | Restitution of Seized Funds<br>Criminal No.:  23-cr-118 (AT)<br><br><br>**RESPONSE IN OPPOSITION TO ZHUBEIBEI / BEIBEI ZHU'S SUPPLEMENTAL NOTICE OF VICTIM DAMAGES, OBJECTION TO PROCEDURAL FRAUD, AND MOTION FOR SANCTIONS; AND CROSS-MOTION FOR SANCTIONS UNDER COURT's INHERENT AUTHORITY UNDER FED. R. CIV. P. 11**<br><br><br>Assigned to the Honorable U.S. District Court Judge Analisa Torres, Presiding Judge |

**RESPONSE IN OPPOSITION TO ZHUBEIBEI / BEIBEI ZHU'S SUPPLEMENTAL NOTICE OF VICTIM DAMAGES, OBJECTION TO PROCEDURAL FRAUD, AND MOTION FOR SANCTIONS; AND CROSS-MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND THE COURT'S INHERENT AUTHORITY**

**TO THE HONORABLE ANALISA TORRES, UNITED STATES DISTRICT JUDGE:**

Undersigned counsel, Bradford L. Geyer, respectfully submits this Response in Opposition to the frivolous, vexatious, and bad-faith "Supplemental Notice of Victim Damages, Objection to Procedural Fraud, and Motion for Sanctions" filed by Zhubeibei / Beibei Zhu on or about March 21–22, 2026. This motion and subsequent letter motions filed through the pro se filing system on March 26, April 2, April 4, and April 6, 2026, are recycled, meritless attacks that was already rejected by this Court's prior proceedings. It should be denied in full, stricken

1

from the record, and met with sanctions against the movant for abuse of process and Rule 11 violations.

## I. **PRELIMINARY STATEMENT**

This is not a legitimate victim claim. It is a deliberate, bad-faith disruption tactic designed to harass undersigned counsel, smear legitimate victim advocacy, and delay restitution for thousands of bona fide Himalaya Exchange customers whose assets were seized by the Government. Movant voluntarily registered as a client on December 22, 2023, affirmatively consented to representation, and was included in the sealed master roster. When she later objected, counsel immediately terminated the relationship (see ECF 712). That should have ended the matter.

Instead, movant has launched a campaign of repetitive, inflammatory filings (ECF 709, now this Supplemental Motion) that recycle the same debunked allegations while escalating demands to half a million dollars in punitive damages. This is classic vexatious litigation. The motion contains zero new evidence, relies on inflammatory rhetoric ("procedural predatory behavior," "administrative hijacking," "secondary plunder"), and ignores the documented record. It is an abuse of the Court's process and should be met with sanctions.

## II. **FACTUAL BACKGROUND**

Movant affirmatively consented to representation on December 22, 2023, at 9:20 a.m., Beibei Zhu registered as a client of FormerFedsGroup.Com LLC and expressly requested representation in connection with the seized Himalaya Exchange assets. She was added to the

master client roster (filed under seal) and was one of the initial 3,345+ customers on whose behalf the Rule 41(g) Motion for Return of Property was filed on December 6, 2023 (ECF 186). Her consent was written and voluntary.

The December 2023 motion protected victims — It did not "hijack" anything. The ECF 186 motion (and supporting memorandum, ECF 186-1) was filed to return customer property seized by the Government. It was not an "inducement motion" or "false representation." It was victim advocacy filed in direct response to the Government's forfeiture allegations. Movant's claim that counsel somehow "locked" her assets is a fabrication that ignores the procedural history and the Government's independent seizure actions (see ECF 188, 189). Counsel Terminated Representation Upon Objection In June 2025, after movant filed her first meritless motion (ECF 709), counsel promptly reviewed her file, confirmed the registration, and terminated the attorney-client relationship in the Response filed June 30, 2025 (ECF 712). Movant has been removed from all client lists and is free to represent herself or retain other counsel. There is no ongoing representation, no retainer agreement in dispute, and no basis for any damages claim.

## III. ARGUMENT

### A.  The Motion Is Frivolous and Repetitive

Movant's claims of "false representation," "perjury," and "procedural fraud" are identical to those already addressed in ECF 709 and ECF 712. She offers no new evidence — no retainer agreement dispute, no proof of lack of consent, no documentation of any "hijacking." Instead, she recycles conspiracy-laden rhetoric and demands $500,000 in sanctions and damages without

any legal or factual support. This violates Fed. R. Civ. P. 11(b)(1)–(3). The motion should be denied outright.

### B.  There Was No Unauthorized Representation — Movant Consented

The record is undisputed: movant registered, requested representation, and was treated exactly as every other consenting customer. Her sudden reversal months later does not retroactively create "fraud." Counsel's termination of the relationship in ECF 712 moots any claim for ongoing harm.

### C.  The Trustee and Government Actions Are Irrelevant to Counsel

Movant's attacks on Trustee Luc A. Despins and the Government's forfeiture positions (ECF 188, 189) have nothing to do with undersigned counsel. Counsel did not file those documents, does not control the Trustee, and has no fiduciary duty to the bankruptcy estate. Attempting to drag counsel into a collateral dispute with the Trustee is a transparent attempt to manufacture liability where none exists.

### D.  This Filing Harms Legitimate Victims

While movant files inflammatory supplemental motions demanding personal windfalls, over thousands of verified customers (and thousands more) wait for the return of their lawfully held assets. This pattern of vexatious filings wastes Court resources and delays justice for real victims. The Court's inherent authority and Rule 11 exist precisely to deter such conduct.

## IV. **CROSS-MOTION FOR SANCTIONS**

Pursuant to Fed. R. Civ. P. 11(c) and the Court's inherent authority (see Chambers v. NASCO, Inc., 501 U.S. 32 (1991)), undersigned counsel respectfully requests that the Court:

*Strike the Supplemental Motions in their entirety as frivolous and vexatious;*

*Impose monetary sanctions on movant Beibei Zhu / Zhubeibei in an amount the Court deems appropriate to deter future abuse;*

*Issue a formal warning or pre-filing injunction against further repetitive, baseless filings in this matter without leave of Court; and*

*Grant such other relief as the Court deems just and proper.*

## V. **CONCLUSION**

The Supplemental Motion is a meritless, bad-faith attack by a former client who voluntarily sought representation, later changed her mind, and now seeks to punish counsel for performing victim advocacy on behalf of thousands of others. It should be denied with prejudice, and sanctions should be imposed on the movant.

Dated:  April 6, 2026                    RESPECTFULLY SUBMITTED

/s/ Brad Geyer
Bradford L. Geyer, PHV
NJ 022751991
Suite 141 Route 130 S.  303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 6, 2026, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the Southern District of New York.

<u>/s/ Brad Geyer</u>
Bradford L. Geyer, PHV
NJ 022751991
Suite 141 Route 130 S.  303
Cinnaminson, NJ 08077
<u>Brad@FormerFedsGroup.Com</u>
(856) 607-5708