Date:              January 12, 2026

From:              Bangzhi Jiang
Address:           JINAN, SHANDONG, CHINA
Telephone:         86-183-5376-7019
Email:             jiang781118@protonmail.com

To:                Clerk of Court
                   United States Court of Appeals
                   2ND Circuit
                   40 Foley Square New York, NY 10007

**Re: Petition for Writ of Mandamus**
Petitioner:        Bangzhi Jiang
Case:              United States v. Kwok, et al.1:23-CR-118-1(AT)

Dear Clerk of the 2nd Circuit Court,

Enclosed please find a Petition for Writ of Mandamus, filed by Bangzhi

Jiang, a Pro Se Petitioner in United States v. Kwok, et al 1:23-CR-

118-1(AT), under 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2(c), Non-

Victim Status (CVRA), Investment Purpose and Fed. R. Crim. P. 49.1.


Enclosed are:

AFFIDAVIT FOR PERMISSION IN FORMA PAUPERIS

Exhibit A - 10/16/2025 Pro Se Petition Filed with SDNY District Court

Exhibit B - Proof of Delivery of the 10/16/2025 Document to SDNY Court

Exhibit C - Proof of Requests to the District Court for Docketing

(12/12/2025 Motion to Compel Docketing and 12/26/2025 Email Request)

Exhibit D - 2nd Circuit Rejection Letter of Petitioner's 1st Writ

Exhibit E - Petitioner's 1st Writ of Mandamus


Respectfully submitted,

Name: *bangzhijiang* Bangzhi Jiang

United States Court of Appeals

for the

Second Circuit

RECEIVED
U.S. COURT OF APPEALS
2026 JAN 16 PM 4:19

In Re: Bangzhi Jiang, 3rd Party in United States v. Kwok, et al. 1:23-cr-00118-1(AT), Petitioner.

**PETITION FOR A WRIT OF MANDAMUS RELATING TO US DISTRICT COURT SDNY**

STATEMENT OF JURISDICTION

This Court has authority to issue a writ of mandamus pursuant to the All-Writs Act, 28 U.S.C. § 1651(a), because the underlying action is "within its appellate jurisdiction".

STATEMENT OF RELIEF SOUGHT

Petitioner is a 3rd party Pro Se under 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2(c) asserting property right, stating investment purpose and non-CVRA. Petitioner has timely filed a petition with the SDNY District Court, but the District Court suppresses Petitioner's legitimate claims and refuses to docket it after Petitioner's multiple requests. Petitioner has nowhere to go but to come back here and ask this Court to address the District Court's judicial suppression and allows Petitioner's Petition to be docketed.

STATEMENT OF THE FACTS AND ISSUES

Petitioner is an innocent investor who has lawfully purchased two $50,000 G-club memberships, but the money was seized by the DOJ SEC (the Government) in or around 2022 – 2023 for alleged fraud committed by Kwok (aka Miles Guo) (United States v. Kwok, et al. 1:23-cr-00118-AT). According to the Government's indictment (Document 2), business activities such as bank transfers, merchandise and real estate purchases etc. constitute illegal activities. But to Petitioner's information and belief, Kwok did not deceive or defraud any G-club members, and no money was missing or unaccounted for. The Government's unjust seizure has severely harmed Petitioner's interest and caused extreme hardship to the Petitioner.

In accordance with 21 U.S.C. § 853(n), on August 11, 2025, Judge Analisa Torres ordered (Document 720) the Government to give 3rd party 60 day-notice (deadline was in or around October 22nd, 2025) to assert interest in this case. Petitioner duly filed a petition asserting

interest and stating non-CVRA status in the petition within the 60 days period. However, Petitioner's petition is not docketed without given a reason while petitions filed by the others who are represented by attorneys are docketed.

Here is the timeline of the Petitioner's petition:

1) On October 16, 2025, Petitioner filed the petition with the District Court. Petitioner received an email receipt/confirmation from the District Court. But nothing happened afterward: no docketing, no reasoning, no hearing, and no ruling.

2) On November 19, 2025, Petitioner filed a Writ of Mandamus with this Court due to the District Court's deprivation of the Petitioner's rights: no docketing, no reasoning, no hearing, and no ruling. But the Writ was rejected by this Court (see the Exhibit).

3) On December 12, 2025, Petitioner filed a Motion to Compel Docketing with the District Court (see the Exhibit). Petitioner received an email receipt/confirmation but still nothing happened: no docketing, no reasoning, no hearing and no ruling.

4) On December 26, 2025, Petitioner emailed the District Court again asking docketing status. Petitioner received an email receipt/confirmation from the District Court. But nothing happened: no docketing, no reasoning, no hearing, and no ruling.

Adding salt to the wound, not only did Judge Torres refuse to docket 3rd party Pro Se petitions, on December 16, 2025, Judge Torres issued a special order, Document 775, allowing a man from Vietnam who is represented by a former SDNY prosecutor to enter into this case, almost two months passed the 60 days deadline. This man claims 21 U.S.C. § 853(n) status, as the same as the Petitioner.

Petitioner is simply asking the District Court to docket the Petitioner's petition, recognizing Petitioner's legal rights under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c). Petitioner should have equal rights as those who are represented by attorneys. Document 775 is just one of the many examples of the judicial bias and procedural irregularities committed by the Judge Torres Court.

For the past two years, Petitioner has witnessed the Defendant's rights being violated in Judge Torres' Court, namely:

A) **Deprive the Defendant's Right to Confrontation**

Bankruptcy trustee Luc. A. Despins of Paul Hastings, (Trustee Case No. 22-50073, U.S. Bankruptcy Court, District of CT) accepted exaggerated victim claims from claimants Gongzhu and Julia, opened the doors to the other 1600 people in staggering $32 billion victim claims (Document 724). The Government then used these unverified victim claims as basis to arrest, indict and convict Kwok. The Government and trustee Luc had an obligation to investigate the validity of those

victim claims before the indictment of Kwok, but they didn't. Judge Torres allowed the Government to present the unverified "thousands of victims" claims to the juries. The Defendant requested to confront trustee Luc in court (Document 700), but trustee Luc did not appear in court and Judge Torres allowed trustee Luc to remain unquestioned. The victim claimants that trustee Luc represented were the main reason that the Defendant got indicted and convicted, but Judge Torres was silent on the Defendant's request to confront trustee Luc. Judge Torres' silence showed that she was partial and complicit of the Government and trustee Luc.

B) **Violate the Defendant's Due Process Right & Fraud Upon the Court**

Bankruptcy Judge Manning had never fully ruled on Bankruptcy Court Motion 1345, but the Government pretended that it was ruled entirely, used it as matter of fact (Document 7, 26, 192), and presented as the Defendant's crime, wrongly accusing the defendant of violating Judge Manning Bankruptcy Court order. **The Government had committed fraud upon the Court** and also violated the Defendant's due process right.

C) **Brady Violations**

Trustee Luc A. Despins notified bankruptcy Judge Manning of his intent to reduce the exaggerate $32 billion dollars victim claims but he did not disclose this information to the District Court (criminal court) and the Government failed to disclose the fact that trustee Luc's claimants' claims were questionable. The juries could have reached a different verdict if this fact was disclosed.

The Defendant is known for exposing the Chinese government corruptions. The Pras Michel trial revealed that the Chinese government had spent billions of dollars attempting to repatriate the Defendant back to China. Judge Torres did not allow the Defendant to use the CCP related evidences as defense (Document 319).

Another significant piece of information is, trustee Luc A. Despins works for Paul Hastings. Paul Hastings has an office in Beijing (Beijing Office | Paul Hastings LLP). Paul Hastings rakes in billions of dollars from the Chinese government (Alibaba, Tic Tok deals etc.). Any evidence or information presented by trustee Luc A. Despins of Paul Hastings should be questioned. The juries were not told about trustee Luc's potential conflicts of interests.

REASON WHY THE WRIT SHOULD ISSUE

The All-Writs Act empowers this Court to issue a writ of mandamus directing the District Court to docket all petitions to all parties, including 3rd party Pro Se petitioners under 21 U.S.C. § 853(n). This Court should issue a writ of mandamus because Petitioner has a clear

and indisputable right to the writ. No other alternative remedies are available to Petitioner. Mandamus is the only avenue by which Petitioners can obtain relief.

CONCLUSION

Petitioners respectfully requests that this Court issues a writ of mandamus directing the District Court to docket Petitioner's petition, giving equal rights to the Pro Se petitioners as to those represented by attorneys, and addressing Petitioner's requests in the petition. Petitioner also respectfully requests this Court to look into procedural irregularities of the District Court, defend the judicial system integrity by correcting the District Court's lawlessness acts, and set the wrongs right.

PRIVACY

Petitioner respectfully requests to file this petition in redacted public form with personal & financial data redacted. A redacted set of the documents is provided.

Date: January 13, 2026
Respectfully submitted

The undersigned, Bangzhi Jiang, declares under penalty of perjury the foregoing is true and correct to the best of Petitioner's knowledge and belief.

Signature:       bangzhi jiang

## Certificate of Service

Petitioner certifies that on January 13, 2026, Petitioner submitted this filing to the following parties:

Via USPS with proof of delivery:
The Hon. Analisa Torres, SDNY District Court
500 Pearl Street, New York, NY 10007 -1312

Via email only:
US Attorney's Office SDNY

- ryan.finkel@usdoj.gov (Ryan Finkel, Assistant US Attorney)
- justin.horton@usdoj.gov
- micah.fergenson@usdoj.gov

Via email only:
Counsels for the Defendant

- msarafa@sarafalaw.com
- jdratel@dratellewis.com
- jkaley@doarlaw.com

Signature: *bang zhi jiang*

EXHIBITS


EXHIBIT A – 10/16/2025 Pro Se Petition Filed with SDNY District Court

Case S4:23-cr-00118-AT

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

HO WAN KWOK (A/K/A MILES GUO, MILES KWOK, WENGUI GUO AND BROTHER SEVEN),

Yvette Wang,

Defendants.

) PRO SE 3RD PARTY PETITION OF NON-
) VICTIM STATUS, AND INVESTMENT
) PURPOSE, AND ASSERT INTEREST IN
) CERTAIN GOVERNMENT FROZEN PROPERTY -
) BY BANGZHI JIANG

## I. BACKGROUND AND IDENTITY DECLARATION

1. Petitioner's Identity and Appearance.

Petitioner BANGZHI JIANG, appearing pro se, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c), respectfully petitions the Court to adjudicate Petitioner interests in certain property identified in the forfeiture proceedings in this case. Petitioner simultaneously requests privacy protection under Fed. R. Crim. P. 49.1, and will provide an unredacted identity declaration under seal.

2. Declaration of Non-Victim Status and Investment Purpose.

Petitioner is not a victim in this criminal matter and does not invoke any rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771. Petitioner appears solely as a third-party property claimant under 21 U.S.C. § 853(n).

Petitioner invested lawfully and in good faith for long-term value; funds came from legitimate sources and, at the time of each transaction, Petitioner had no knowledge and no reason to believe that the property was subject to seizure and forfeiture. Petitioner seeks adjudication and exclusion of Petitioner's property interests from any forfeiture orders, consistent with § 853(n)(6), and Petitioner seeks to void any unauthorized CVRA filings.

## II. STATEMENT OF FACTS AND POSITION.

Petitioner states as follows:

1. Petitioner has participated in the G-series investment offerings, including GTV, Farm Loans, G-Club, G-Coin(H-Coin), A10.

2. Petitioner's investments were lawful and made in good faith for long-term value; funds came from legitimate sources and, at the time of each transaction, Petitioner had no reason to believe the property was subject to seizure and forfeiture.

3. Petitioner seeks an adjudication under 21 U.S.C. § 853(n) excluding Petitioner's property from any forfeiture orders.

4. The Government's seizure of Petitioner's legitimate investments has caused great harm to Petitioner and family; Petitioner reserves all civil claims for damages against any responsible party, without prejudice to this petition.

5. Petitioner remains a long-term investor and requests protection of Petitioner's rights as a bona fide purchaser for value under § 853(n)(6).

6. Petitioner is not CVRA victim of Miles Guo. Petitioner requests removal from any unauthorized CVRA notice or restitution lists.

## III. PROPERTY/INVESTMENT/ASSETS INTERESTS (EXHIBIT II)

- G-Club Memberships $100,000 USD - Asserted

## IV. GROUNDS FOR RELIEF

1. Innocent Owner: The Government's broad seizures have prevented G-series entities from functioning, harming bona fide investors like Petitioner. Petitioner's investments were made lawfully prior to Miles Guo's March 2023 indictment. Petitioner had no knowledge of or participation in the defendants' alleged crimes. Under 18 U.S.C. § 983(d), Petitioner qualifies as an innocent owner, entitled to property return.

2. None CVRA "victim" status: Petitioner is not a victim of Miles Guo. No facts support such claim.

## V. PRAYER FOR RELIEF

Petitioner respectfully requests that the Court enter orders that:

1. Adjudicate and exclude Petitioner's investment from any forfeiture order pursuant to 21 U.S.C.§ 853(n)(6)

2. Note on the docket that Petitioner proceeds solely under § 853(n) and is not a CVRA "victim," and strike or disregard any filing purporting to represent Petitioner or to assert CVRA rights on Petitioner's behalf without Petitioner's informed written consent;

3. Grant privacy protection under Fed. R. Crim. P. 49.1, permitting Petitioner to file an Unredacted Identity Declaration and to maintain this petition in redacted public form; and

4. Grant such other and further relief as the Court deems just and proper.

## VI. PRIVACY / SEALING REQUEST UNDER FED. R. CRIM. P. 49.1

PETITION OF NON-VICTIM STATUS 3

Petitioner respectfully requests to file this petition in redacted public form (redacting name, address, email, phone, financial data) and sealing Petitioner government ID information such as name, address, DOB, ID#.

## VII. VERIFICATION

The undersigned, BANGZHI JIANG declares under penalty of perjury that the foregoing is true and correct to the best of Petitioner's knowledge and belief.

Executed on October 15, 2025, in China.

Pro Se Petitioner

## VIII. CERTIFICATE OF SERVICE

Petitioner certifies that on October 15, 2025, Petitioner submitted this filing to the Court's Pro Se Intake for docketing via email ProSe@nysd.uscourts.gov,

Date: October 15, 2025

## IX. EXHIBITS INDEX

    a. Exhibit 1 - Unredacted Identity Declaration (Filed under seal)

    b. Exhibit 2 - Property/Investment/Assets Records (Redacted public set)

PETITION OF NON-VICTIM STATUS 4

Respectfully submitted,

Signature   *bangzhi jiang*

Print Name   BANGZHI JIANG

Address   JINAN, SHANDONG, CHINA

Telephone   86-183-5376-7019

Email   jiang781118@protonmail.com

Pro Se Petitioner

Date   October 14, 2025

# EXHIBITS

EXHIBIT I        COPY OF ID

EXHIBIT II       PROOF OF INVESTMENTS

Exhibit I ①



Exhibit II (1)

# G|CLUBS

≡

蒋芝君
jiang781118@protonmail.com

订单号
NG21111191206091

下单日期
2021年11月19日 EST

支付详情

购买内容
New Membership Application - Tier 5

没有续费的卡

会员期限
十一月, 2021 - 十一月, 2022

支付方式
HDollar

$50,000

金额
$50,000.00 USD

EXHIBIT 2

**HIMALAYA EXCHANGE.**

**Himalaya Pay**

转账申请表格

付款人全名：Jian Zhong Hu

出生日期（日/月/年）：22 / 12 / 1980

GTCLUBS 会员 ID /订单号码：N021111912000091

GTCLUBS 会员名字（如与付款人不同）：郭芝蒋

GTCLUBS 会员邮箱：hmj70111@brokonmail.com

我愿意仅从本人的 Himalaya Exchange 账户如付转账以下代币/货币：

| 汇款人<br>Himalaya Exchange 里系电邮地址 | jian_hu66@hormail.com huro |
| 收款人<br>商家用户 ID | GTCLUBS pika64@gclubs.com) |
| 代币/虚拟货币 | HDO |
| 金额 | 50000 |

我明白转账一旦发送的，即交易作不能取消的。

日期：15 / 12 / 2021

签字

$50,000

**Office Use Only (仅供我司团使用)**

| | Name | Initial | Date |
|---|---|---|---|
| Processed by | | | |
| Checked by | | | |

Exhibit II (3)

无SIM卡 🛜 VPN          19:36          ⊡ ☐
gclubs.com

# G|CLUBS          ≡

我的账户

蒋 女士

Tier 5 会员

会员卡

6422610020111627

会员有效期

有效期至 2023年3月18日

会员权益

GIFASHION 50% VIP优惠

G|CLUBS 手册

By clicking "Accept All Cookies", you agree to the storing of cookies on your device to enhance site navigation, analyze site usage, and assist in our marketing efforts.

Accept All Cookies

Cookies Settings

EXHIBIT II ④



EXHIBITS

Exhibit B – Proof of Delivery of the 10/16/2025 Document to SDNY Court



**UNITED STATES POSTAL SERVICE.**

SKYWAY
7633 S 126TH ST
SEATTLE, WA 98178-9998
www.usps.com

10/16/2025                           01:10 PM

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACKING NUMBERS
70220410000321132996

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)



- - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $2.17 |

New York, NY 10007
Weight: 0 lb 2.60 oz
Estimated Delivery Date
Tue 10/21/2025

| Certified Mail® | | | $5.30 |
|---|---|---|---|

Tracking #:
70220410000321132996

| Total | | | $7.47 |
|---|---|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Grand Total:                          $7.47

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

Credit Card Remit                     $7.47
   Card Name: VISA
   Account #: XXXXXXXXXXXX1164
   Approval #: 76124G
   Transaction #: 255
   AID: A0000000031010          Chip
   AL: VISA CREDIT
   PIN: Not Required

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

TO REPORT AN ISSUE



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com

New York, NY 10007

OFFICIAL USE

| Certified Mail Fee | $5.30 | | 0038 |
|---|---|---|---|
| $ | | $0.00 | 31 |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $0.00
☐ Return Receipt (electronic)        $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required           $0.00
☐ Adult Signature Restricted Delivery $

Postage                              $2.17
$

Total Postage and Fees
$7.47

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark Here
10/16/2025

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

EXHIBITS

Exhibit C - Proof of Requests to the District Court for Docketing

(12/12/2025 Motion to Compel Docketing and 12/26/2025 Email Request)

Case 1:23-cr-00118-AT


UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,                )
                                         )
Plaintiff,                               )  **MOTION TO COMPEL DOCKETING**
                                         )  RE: 10/15/2025 PRO SE 3ᴿᴰ PARTY
                                         )  PETITION OF NON-VICTIM STATUS, AND
                                         )  INVESTMENT PURPOSE, AND ASSERT
v.                                       )  INTEREST IN CERTAIN GOVERNMENT FROZEN
                                         )  PROPERTY - BY BANGZHI JIANG
                                         )
                                         )
HO WAN KWOK (A/K/A MILES GUO, MILES      )
                                         )
KWOK, WENGUI GUO AND BROTHER SEVEN),     )
                                         )
Yvette Wang,                             )
                                         )
Defendants.                              )


# MOTION TO COMPEL DOCKETING

On October 15, 2025, Petitioner appearing pro se asserting interest in the above case in according to 21 U.S.C. § 853(n) & Order Docket 720 within the 60 days period. Petitioner legitimately claims "NON-VICTIM STATUS, AND INVESTMENT PURPOSE, AND ASSERT INTEREST IN CERTAIN GOVERNMENT FROZEN PROPERTY" in the Petition.

As of today, the Court of SDNY has not docket Petitioner's 10/15/2025 Petition. Petitioner respectfully asks this Court to give a reason for not docketing. Petitioner respectfully request the Court to docket the Petitioner's 10/15/2025 Petition. If the Court fails to docket Petitioner's

MOTION TO COMPEL DOCKETING 1

Petition, Petitioner will be forced to request the higher court's intervention.

**DECLARATION**

The undersigned, Petitioner declares under penalty of perjury that the foregoing is true and correct to the best of Petitioner's knowledge and belief. Executed on December 12, 2025.

**CERTIFICATE OF SERVICE**

Petitioner certifies that on December 12, 2025, Petitioner submitted this filing to the Court's Pro Se Intake for docketing via email ProSe@nysd.uscourts.gov

US Attorney's Office SDNY:
- ryan.finkel@usdoj.gov (Ryan Finkel, Assistant US Attorney)
- justin.horton@usdoj.gov
- micah.fergenson@usdoj.gov

Defense counsel:
- msarafa@sarafalaw.com
- jdratel@dratellewis.com
- jkaley@doarlaw.com

**ATTACHMENT:** 10/15/2025 PRO SE PETITION

**Respectfully submitted,**

Signature *bangzhijiang*

Print Name BANGZHI JIANG, Pro Se Petitioner

Address JINAN, SHANDONG, CHINA

Telephone 86-183-5376-7019

Email jiang781118@protonmail.com

Date December 12, 2025

MOTION TO COMPEL DOCKETING 2



在 2025/12/12 下午1:09，Pro Se Filing 写道：

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

·     Documents must be attached to the email in PDF format, no larger than 15 megabytes;

·     The complaint must be signed by the filing party;

  ▪     Fee requirements and instructions:

  ▪     **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**

·     Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007**.

·     Your payment must include the docket number, which you can learn by calling (212) 805-0175.

·     If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.

·     If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

·     Documents must be attached to the email in PDF format, no larger than 10 megabytes;

·       The email and attached document must contain the docket number, filer's name, address, and telephone number;

·       Documents must be signed by the filing party;

·       Any additional comments, questions, or other messages in the email will be disregarded;

·       Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- Complete filing instructions

- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.

- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**



在 2025/12/26 下午1:58，Pro Se Filing 写道：

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

· Documents must be attached to the email in PDF format, no larger than 15 megabytes;

· The complaint must be signed by the filing party;

▪ Fee requirements and instructions:

▪ **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**

· Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007**.

· Your payment must include the docket number, which you can learn by calling (212) 805-0175.

· If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.

· If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed in forma pauperis.

Filing Documents in an Existing Case by Email:

· Documents must be attached to the email in PDF format, no larger than 10 megabytes;

·       The email and attached document must contain the docket number, filer's name, address, and telephone number;

·       Documents must be signed by the filing party;

·       Any additional comments, questions, or other messages in the email will be disregarded;

·       Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- Complete filing instructions

- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.

- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**

EXHIBITS


Exhibit D - 2nd Circuit Rejection Letter of Petitioner's 1st Writ

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA A. LIVINGSTON**
CHIEF JUDGE

Date: December 1, 2025
To: Bangzhi Jiang
Address: 8530 S. 114th Street
Seattle, WA  98178

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Short Title: USA v. Ho Wan
Kwok et al.
Docket#: ----
Dist Ct. 23-cr-118

**NOTICE OF MOTION FOR WRIT OF MANDAMUS WITH ATTACHED**
**CHECK IN THE AMOUNT OF $600.00**

The attached Motion for Writ of Mandamus was received in our Court on November 25, 2025.

A review of the district court docket in United States of America v. Kwok 23-cr-118, indicates you have not filed a motion for relief under the CVRA statute in the district court.

The papers are being returned to you in the belief that you intended to file the papers as a motion in the United States District Court for the Southern District of New York in USA v. Kwok 23-cr-118.

If the district court denies you relief you request, then you can file a petition for a writ of mandamus at the court of appeals.

In view of the foregoing please be advised that no further action will be taken by this office with respect to your recent filing until you can demonstrate that you have a valid appeal or proceeding before this Court.

Inquiries regarding this case may be directed to 212-857-8500.

EXHIBITS


Exhibit E – Petitioner's 1st Writ of Mandamus

Case: 26-1192, 05/01/2026, DktEntry: 8.1, Page 31 of 35

Case 1:23-cr-00118-AT   Document 845   Filed 05/01/26   Page 31 of 35

# United States Court of Appeals
## for the
### Second Circuit

In Re: Bangzhi Jiang, 3rd Party in United States v. Kwok, et al. 1:23-cr-00118-1(AT), Petitioner.

## PETITION FOR A WRIT OF MANDAMUS RELATING TO US DISTRICT COURT SDNY

### STATEMENT OF JURISDICTION

This Court has authority to issue a writ of mandamus pursuant to the All-Writs Act, 28 U.S.C. § 1651(a), because the underlying action is "within its appellate jurisdiction".

### STATEMENT OF RELIEF SOUGHT

Petitioner is a 3rd party Pro Se under 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2(c) asserting property right, stating investment purpose and non-CVRA. Petitioner has timely filed a petition with the SDNY District Court, but the District Court suppresses Petitioner's legitimate claims and refuses to docket it. Petitioner asks this Court to address the District Court's judicial bias and suppression and allows Petitioner's issued to be addressed.

### STATEMENT OF THE FACTS AND ISSUES

Petitioner is an innocent investor who has lawfully purchased two $50,000 G-club memberships, but the money was seized by the DOJ SEC (the Government) in or around 2022 – 2023 for alleged fraud committed by Kwok (aka Miles Guo) (United States v. Kwok, et al. 1:23-cr-00118-AT). According to the Government's indictment (Document 2), business activities such as bank transfers, merchandise and real estate purchases etc. constitute illegal activities. But to Petitioner's information and belief, Kwok did not deceive or defraud any G-club members, and no money was missing or unaccounted for. The Government's unjust seizure has severely harmed Petitioner's interest.

In accordance with 21 U.S.C. § 853(n), on August 11, 2025, Judge Analisa Torres ordered (Document 720) the Government to give 3rd party 60 day-notice to assert interest in this case. Petitioner duly filed a petition asserting interest and stating non-CVRA status in the petition within the 60 days period. However, Petitioner's petition is not docketed without given a reason while petitions filed by "victims" who are represented by attorneys are

Page 1 of 4

docketed. Petitioner believes the reason that Petitioner's petition is not docketed is because Petitioner's non-CVRA status statement does not fit into the Government and the District Court's narratives. For over two years, Petitioner sees the Defendant's rights being violated, namely:

A) **Deprive the Defendant's Right to Confrontation**

Bankruptcy trustee Luc. A. Despins of Paul Hastings, (Trustee Case No. 22-50073, U.S. Bankruptcy Court, District of CT) accepted exaggerated victim claims from claimants Gongzhu and Julia, opened the doors to the other 1600 people in staggering $32 billion victim claims (Document 724). The Government used these unverified victim claims as basis to arrest, indict and convict Kwok. The Government and trustee Luc had an obligation to investigate the validity of those victim claims before the indictment of Kwok, but they didn't. Judge Torres allowed the Government to present the unverified "thousands of victims" claims to the juries. The Defendant requested to confront trustee Luc in court (Document 700), but trustee Luc did not appear in court. The victim claimants that trustee Luc represented were the main reason that the Defendant got indicted and convicted, but Judge Torres was silent on the Defendant's request to confront trustee Luc. Judge Torres' silence showed that she was partial and complicit of the Government and Luc.

B) **Violate the Defendant's Due Process Right & Fraud of the Court**

Bankruptcy Judge Manning had never fully ruled on Bankruptcy Court Motion 1345, but the Government pretended that it was ruled entirely, used it as matter of fact (Document 7, 26, 192), and presented as the Defendant's crime, wrongly accusing the defendant of violating Judge Manning Bankruptcy Court order. **The Government had committed fraud of the Court** and also violated the Defendant's due process right.

C) **Brady Violations**

Trustee Luc A. Despins notified bankruptcy Judge Manning of his intent to reduce the exaggerate $32 billion dollars victim claims but he did not disclose this information to the District Court (criminal court) and the Government failed to disclose the fact that Luc's claimants' claims were questionable. The juries could have reached a different verdict if this fact was disclosed.

The Defendant is known for exposing the Chinese government corruptions. The Pras Michel trial revealed that the Chinese government had spent billions of dollars attempting to repatriate the Defendant back to China. Judge Torres did not allow the Defendant to use the CCP related evidences as defense (Document 319).

Another significant piece of information is, Luc A. Despins works for Paul Hastings. Paul Hastings has an office in Beijing (Beijing Office | Paul Hastings LLP). Paul Hastings rakes in billions of dollars from the Chinese government (Alibaba, Tic Tok deals etc.). Any evidence or information presented by Luc A. Despins of Paul Hastings should be questioned. The juries were not told about Luc's potential conflicts of interests.

ARGUMENT

The All-Writs Act empowers this Court to issue a writ of mandamus directing the District Court to be responsive to all parties. This Court should issue a writ of mandamus because Petitioner has a clear and indisputable right to the writ. No other alternative remedies are available to Petitioner. Mandamus is the only avenue by which Petitioners can obtain relief.

CONCLUSION

Petitioners respectfully requests that this Court issues a writ of mandamus directing the District Court to docket Petitioner's petition, giving equal rights to Pro Se petitioners as to those represented by attorneys, and addressing Petitioner's requests in the petition. Petitioner also respectfully requests this Court to look into the lawlessness of the District Court, defend the judicial system integrity by correcting the District Court's lawlessness acts, and set the wrongs right.

PRIVACY

Petitioner respectfully requests to file this petition in redacted public form with personal & financial data redacted. A redacted set of the documents is provided.

Date: November 19 2025
Respectfully submitted

The undersigned, Bangzhi Jiang, declares under penalty of perjury the foregoing is true and correct to the best of Petitioner's knowledge and belief.

Signature: *bangzhijiang*

## Certificate of Service

Petitioner certifies that on November 19, 2025, Petitioner submitted this filing to the following parties:

Via USPS with proof of delivery:
The Honorable Analisa Torres, SDNY District Court
500 Pearl Street, New York, NY 10007 -1312

Via email only:
US Attorney's Office SDNY

- ryan.finkel@usdoj.gov (Ryan Finkel, Assistant US Attorney)
- justin.horton@usdoj.gov
- micah.fergenson@usdoj.gov


Via email only:
Counsels for the Defendant

- msarafa@sarafalaw.com
- jdratel@dratellewis.com

NOV 2 5 2025



**UNITED STATES POSTAL SERVICE**

**PRIORITY MAIL**
FLAT RATE PADDED ENVELOPE
POSTAGE REQUIRED

**PRIORITY MAIL**

**UNITED STATES POSTAL SERVICE.**

Retail ®

**US POSTAGE PAID**

**$12.85**

Origin: 98178
01/13/26
5476390038-7

**PRIORITY MAIL®**

2 Lb 3.20 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 01/17/26

C099

SHIP TO:
40 FOLEY SQ
NEW YORK NY 10007-1502

**USPS TRACKING® #**

9505 5159 0751 6013 8029 52



PS00001000016

Padded Flat Rate Envelope
EP14PE July 2022
ID: 9.5 x 12.5



FROM:

Bangzhi Jiang
8830 S 114th ST
Seattle WA 98178



TO:

Clerk of Court
US Court of Appeal 2nd C.
Thurgood Marshall Court
40 Foley Square
New York, NY 10007

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuses may be a violation of federal law.
This package is not for resale. EP14PE © U.S. Postal Service; July 2022; All rights reserved.