July 19, 2026

From: JO[redacted]
Address: [redacted]
Phone nu[redacted]
Email: [redacted]

To:
Clerk of Court
United States Court of Appeals
2ND Circuit
40 Foley Square New York, NY 10007

**Re: Petition for Writ of Mandamus**
Petitioner: J[redacted]
Case: SDNY - United States v. Kwok, et al. 1 :23-CR-118-1 (AT)

Dear Clerk of the 2nd Circuit Court,

Enclosed please find a Petition for Writ of Mandamus, filed by J[redacted]as a Pro Se Petitioner in United States v. Kwok, et al 1 :23-CR-118-1 (AT), under 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2(c), claiming Non-Victim Status, Investment Purpose and Fed. R. Crim. P. 49.1.

Enclosed:

1) Motion Information Statement Form 1080 and Supporting Papers for the motion.
2) AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS.
3) A redacted version of the Writ and 4 unredacted versions.
   (Certificate of Service is embedded in the Writ document)

Respectfully submitted,

Name: [redacted]

Signature: [redacted]

United States Court of Appeals
for the
Second Circuit

Court of Appeals For The Second Circuit
RECEIVED
JUN 2 3 2026
BY:

In Re: JO[redacted] Pro Se 3rd Party Petitioner

In United States v. Kwok, et al. 1:23-cr-00118-1(AT)

**PETITION FOR A WRIT OF MANDAMUS RELATING TO SDNY DISTRICT COURT**

**STATEMENT OF JURISDICTION**

This Court has authority to issue a writ of mandamus pursuant to the All-Writs Act, 28 U.S.C. § 1651(a), because the underlying action is "within its appellate jurisdiction".

**STATEMENT OF RELIEF SOUGHT**

Petitioner is an innocent G-Series investor who is not a victim of the Defendant. Petitioner possesses no other adequate legal avenue to formally address foundational issues in this case. Petitioner respectfully requests that this Court exercise its supervisory authority and issue a Writ of Mandamus directing the District Court and the Respondent-Prosecution to:

1. **Vacate the June 29, 2026 Sentencing and Forfeiture Orders:** Mandate the vacation of the premature sentencing and forfeiture judgments due to systemic, unaddressed procedural and evidentiary defects. The District Court structuralized its final judgments upon a record contaminated by unsubstantiated foreign-adversary influence, specifically, actively orchestrated, coerced and falsified claims by the Ministry of State Security (MSS) of the People's Republic of China which directly corrupted the integrity of the basis of this entire case.

2. **Order an Evidentiary Hearing to Purge the Tainted Victim List:** Direct the District Court to conduct a formal, adversarial evidentiary hearing regarding the prosecution's victim list (SDNY Docket Document 833). The court must require the government to substantiate the identity, validity, and voluntary nature of each of the 225 listed claimants, ensuring that the final victim calculations are not derived from stolen identities, coerced foreign statements, or state-sponsored manipulation.

3. **Stay All Forfeiture Proceedings Pending Geopolitical Integrity Verification:** Enjoin the permanent forfeiture or transfer of the restrained *res* until the District

Court conducts a thorough, on-the-record assessment of whether the judicial process and asset pool have been actively subverted and weaponized by foreign intelligence organs targeting political dissidents.

**STATEMENT OF FACTS**

Petitioner's investment in the G-Series was an act of peaceful political conscience. Having spent decades navigating the harsh realities of a one-party dictatorship including the enduring trauma of the Cultural Revolution which forced Petitioner'[redacted]to end his own life under torture, Petitioner possesses a profound, personal understanding of life devoid of the rule of law. This systemic disregard for human dignity is manifested today in a pervasive state surveillance apparatus that fails to prevent the rampant abduction of children, while the state itself remains heavily implicated in internationally documented, profit-driven forced organ harvesting operations targeting the young people and political dissidents. Desiring a future for the Chinese people defined by equality, freedom, and dignity, Petitioner actively aligns with the Defendant's anti-totalitarian stands. Petitioner's investment of hard-earned capital into the G-Series was a direct, peaceful attempt to help dismantle authoritarian structures and support the establishment of a democratic society governed by law in China.

Petitioner has invested abou[redacted]n G-Series[redacted] VOG,[redacted]n A10 and[redacted] in G-Club. The vast majority of Petitioner's investment capital was transferred via intermediaries. However, o[redacted] a single, direct transaction of[redacted] (**Exhibit 1**) was wired directly fro[redacted] Sara Wei (aka 魏麗紅, Wei Lihong), the former CEO of Arizona Phoenix Farm, who was in charge of the VOG investments and was designated as a "co-conspirator" by the prosecution. This[redacted] transaction exposed Petitioner's highly sensitive personal data, including full name, home address, phone number, national identity number, and bank account details. This exposure triggered a systematic, years-long campaign of state-sponsored coercion and evidentiary fabrication:

- [redacted] questioning, officers explicitly raised the name of the Defendant, Mr. Guo, before being abruptly silenced by a supervising officer.

- [redacted] home. They brought their own [redacted] They collected and searched Petitioner's electronic devices, interrogated Petitioner fo[redacted]hours, recorded the entire proceeding, and departed with a strict directive of secrecy, warned Petitioner not to disclose the interrogation even to family members.

  Throughout th[redacted]our interrogation, the operatives explicitly stated that Mr. Guo was a political dissident operating against the Chinese Communist Party and the state, labeling his activities as fraudulent. This extra-judicial operation marked the beginning of the state-sponsored duress used to weaponize Petitioner's identity against the Mr. Guo.

- [redacted]

- [redacted]

- [redacted] **Fraudulent "Victim" Classification and Denied Redress):** In early June 2026, Petitioner discovered through an independent source that the prosecution might have included Petitioner's online moniker on its "Victim Impact Statement"

lis[redacted]days prior to sentencing, Petitioner filed a formal Person[redacted]ment with the District Court and the prosecution explicitly disclaiming "victim" status, demanding the removal of Petitioner's name, and requesting an investigation into this case of identity theft (**Exhibit 4**). Proceeding in a complete procedural vacuum, neither the District Court nor the prosecution responded to Petitioner's filing. Instead, the court rushed to finalize the June 29, 2026 sentencing while leaving this material factual dispute entirely unresolved.

**STATEMENT OF ISSUES PRESENTED FOR REVIEW**

**1. Sentencing Disputes & Due Process Violations (Fed. R. Crim. P. 32)**

**Whether the District Court committed reversible procedural and constitutional error under Federal Rule of Criminal Procedure 32(i)(3)(B) and the Fifth Amendment by adopting a contested victim database without conducting mandatory adversarial testing or an evidentiary hearing.**

As established by the record (Docket 26-1626, Doc. Entry 8.1, p. 14 and SDNY Doc. 853), a vast class of Chinese national investors had their sensitive personal data compromised by designated co-conspirator Sara Wei, enabling targeted, state-sponsored coercion. Despite documented evidence that at least 108 investors were interrogated by the CCP, 35 were coerced into signing false fraud acknowledgments, and 7 were forced to file false complaints, the District Court summarily adopted the prosecution's unverified 225-person "Victim Impact Statement" roster (SDNY Doc. 833). Did the District Court abuse its discretion and violate the Defendant's Fifth Amendment Due Process rights by denying an evidentiary hearing to determine whether these individuals were genuine claimants or victims of state-coerced identity theft?

**2. Forfeiture Defects & Deprivation of Property (Fed. R. Crim. P. 32.2 & 21 U.S.C. § 853(n))**

**Whether the District Court violated Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n) by finalizing criminal forfeiture orders while systematically failing to docket, adjudicate, or verify legitimate third-party property claims.**

The District Court calculated the final fraud loss and forfeiture metrics by sweeping all seized capital into a singular pool of "fraud proceeds," explicitly ignoring independent property disclaimers and claims filed by legitimate investors. By failing to hold mandatory ancillary proceedings to purge the victim roster of fabricated, MSS-coerced identities, the court ensured that legitimate property owners would suffer an irreversible dilution of their recovery from a finite asset pool. Did the District Court commit a structural error of law by converting a U.S. federal court into an instrument that divests true asset owners of their property in favor of unverified, foreign-manufactured claimants?

**3. Evidentiary Unreliability & Foreign Coercion (18 U.S.C. § 3661)**
**Whether a sentencing judgment must be vacated as a matter of law under 18 U.S.C. § 3661 when the underlying Guideline and loss calculations rely on an evidentiary record shaped under duress by a foreign intelligence adversary.**
A verified block of G-Series investors formally filed disclaimers rejecting "victim" status, asserting that their capital allocations were voluntary political investments. By failing to account for these explicit disclaimers and instead relying on sentencing inputs manufactured under custodial duress by the PRC Ministry of State Security (MSS), including the cyber-hijacking of investor digital identities to forge U.S. regulatory complaints, did the prosecution and the District Court violate the baseline reliability standards required for federal sentencing information?

**4. Constitutional Suppression of the Public Docket (1st & 5th Amendments)**
**Whether the District Court violated the First and Fifth Amendments by systematically refusing to acknowledge, file, or docket third-party submissions challenging the prosecution's evidentiary narrative.**
When affected third-party investors attempted to submit formal disclaimers, evidence of foreign identity theft, and valid property claims, the District Court flatly refused to permit these documents to be formally entered into the public record. By actively blocking these submissions, the court insulated the prosecution's narrative from outside challenge. Did the court commit a structural due process violation by completely denying third parties their fundamental right to petition the court and be heard before their identities and assets were used to finalize a criminal judgment?

**5. Evasion of Appellate Review & Separation of Powers (S.Res. 444)**
**Whether the District Court exceeded its extra-territorial jurisdiction, violated the constitutional separation of powers, and unlawfully evaded appellate review by racing to enter a final judgment on June 29, 2026, while multiple mandamus petitions were actively pending.**
On June 16, 2026, the U.S. Senate passed Senate Resolution 444, an authoritative coordinate-branch finding that the PRC operates via cross-border deception, cyber-warfare, and transnational repression. Concurrently, the PRC government explicitly treats these overseas capital allocations (comprising 80% of the G-Series investments) as political subversion, prosecuting investors under state-security laws (Docket 26-361). Armed with this structural notice, and with full knowledge that its jurisdiction was challenged via outstanding mandamus petitions, the District Court rushed to finalize judgment. Did the court's actions impermissibly intrude upon foreign relations prerogatives

reserved to the political branches under Articles I and II, and divest the Court of Appeals of its supervisory jurisdiction?

**6. Fruit of the Poisonous Tree & Conflicted Cooperating Witness**
**Whether the final judgment and corresponding forfeiture metrics are structurally invalid under the "Fruit of the Poisonous Tree" doctrine due to the prosecution's reliance on a corrupted, foreign-conflicted cooperating co-defendant.**
The prosecution's core narrative relies heavily on the plea and cooperation of co-defendant Yvette Wang. However, public records (**Exhibit 5**) and appellate submissions (Docket 26-1192, Doc. Entry 25) establish that Wang maintained a self-declared, 18-year active membership in the Chinese Communist Party (CCP).

*Chinese Communist Party Members' Constitution, Article 2:*
*"The Party Constitution stipulates that members of the Communist Party of China are vanguard fighters of the Chinese working class who possess communist consciousness; they must serve the people* ***wholeheartedly and dedicate their lives to the cause of communism, even at the expense of their personal interests****."*

Acting under this foreign ideological alignment, Wang impermissibly entered into a plea agreement forfeiting extensive corporate assets over which she possessed no lawful title, while suppressing massive exculpatory evidence that would clear the Defendant's name. Did the District Court commit a structural error by adopting a conviction built entirely upon the non-adversarially tested admissions of a hidden foreign sovereign asset?

## REASON WHY THE WRIT SHOULD BE ISSUED

Petitioners meet the strict criteria for mandamus relief because they possess no other adequate means to attain the requested relief. Because the District Court has completely locked the docket and refused to rule any 3rd party petitions, an extraordinary Writ of Mandamus from this Court is the exclusive mechanism available to compel the lower court to perform its clear legal duty.

## CONCLUSION

For the foregoing reasons, The District Court's final judgment, sentencing orders, and corresponding forfeiture metrics are structurally invalid, built upon a record systematically contaminated by the actively orchestrated, coerced, and falsified manipulation of the Ministry of State Security of the People's Republic of China. The District Court's failure to conduct mandatory adversarial testing under Federal Rule of Criminal Procedure 32(i)(3)(B), its refusal to adjudicate third-party property claims pursuant to 21 U.S.C. §

853(n), and its reliance on an evidentiary record shaped under custodial duress by a foreign intelligence adversary constitute reversible structural errors. Furthermore, by aggressively recharacterizing overseas political transactions in direct conflict with the foreign policy findings of Senate Resolution 444, and by entering final judgment to evade active mandamus review, the District Court exceeded its extra-territorial jurisdiction and violated the constitutional separation of powers.

Accordingly, Petitioner respectfully requests that this Court **VACATE** the judgment of conviction and sentencing order in its entirety; **REMAND** this case to the District Court with instructions to conduct a full, adversarial evidentiary hearing to purge the record of foreign state manipulation and secure the institutional integrity of the judicial process; and **STAY** all forfeiture proceedings, enjoining the permanent transfer of the restrained *res*, pending a comprehensive, on-the-record geopolitical integrity verification to ensure the machinery of the United States judiciary is not weaponized by a foreign intelligence adversary against political dissidents.

In the alternative, should this Court deem an evidentiary hearing insufficient to cure the structural taint: because the entirety of the government's case is built upon the compromised, non-adversarially tested admissions of a hidden foreign sovereign asset, the entire prosecution is irremediably corrupted under the fruit of the poisonous tree doctrine. Where the structural integrity of a federal prosecution has been systematically subverted by a foreign intelligence adversary, piecemeal procedural remedies are legally inadequate. Accordingly, this Court should **DISMISS** the case entirely with prejudice to eradicate the taint of foreign manipulation, vindicate constitutional due process, and preserve the absolute sovereign supremacy and institutional independence of the United States judiciary.

**PRIVACY**

Petitioners respectfully request to file this petition under seal in fear of the Chinese government's harm.

**Certificate of Compliance:** Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby certifies that the foregoing document contains 2565 words, in compliance with the applicable type-volume limitations.

Date: July 18, 2026

Respectfully submitted

The undersigned, declare under penalty of perjury the foregoing is true and correct to the best of Petitioners' knowledge and belief.

Signature: [redacted]

## Certificate of Service

Petitioners certifies that on July 18, 2026, Petitioners submitted this filing to the following parties:

By US Mail:
Nathan Rehn
US Attorney's Office/SDNY
26 Federal Plaza, 37thFloor
NY, NY 10278

Hon. Annalisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Counsels for the Defendant:**
jkaley@doarlaw.com

Signature: [redacted]

**EXHIBIT 1**

[redacted]

# EXHIBIT 2

[redacted]

**EXHIBIT 3** [redacted]









[redacted]



[redacted]

# EXHIBIT 3 – INVESTMENT PROOF/AGREEMEN[redacted]

[redacted]

**EXHIBIT 4 - [redacted] PERSONAL STATEMENT SENT TO THE DISTRICT COURT AND THE PROSECUTION DISCLAIMING VICTIM STATUS AND DEMAND NAME REMOVAL FROM THE 225 "VICTIM IMPACT STATEMENT" LIST**

Case: 26-2102, 07/31/2026, DktEntry: 10.1, Page 20 of 28

Case 1:23-cr-00118-AT

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

HO WAN KWOK (A/K/A MILES GUO, MILES KWOK, WENGUI GUO AND BROTHER SEVEN), Yvette Wang,

Defendants.

Personal Statement, Denying Being Kwok the Defendant's Victim BY [redacted]

---

## Personal Statement

I, [redacted] appearing *pro se*, hereby submit this Personal Statement and formally declare as follows:

1. **Not the Defendant's Victim Status:** I am a legitimate G-Series investor. At no time have I ever been a victim of the Defendant, Ho Wan Kwok. The Defendant did not defraud me, and I maintain that he has always acted with honor and integrity.
2. **Source of Financial Injury:** Any financial loss or deprivation of property I have suffered is directly and proximately caused by the unilateral seizures and enforcement actions of the United States Government

[redacted]

(specifically the SEC and the DOJ), not by any conduct attributable to the Defendant.

3. **Fraudulent Inclusion on Government "Victim" List:** On [redacted] I discovered that my personal digital nickname, "[redacted]" was included without my knowledge or consent on the prosecution's "victims" list, falsely attributing statements to me that accuse the Defendant and Yvette Wang of wrongdoing. I did not authorize this inclusion, I did not make those statements, and I consider the unauthorized use of my identity to be an act of fraud, deception, and malicious misrepresentation.

4. **Formal Demand for Removal and Independent Verification:** I hereby formally demand that the prosecution immediately remove my name and nickname from the "victims" list. I further demand a comprehensive investigation into how my identity was stolen and manipulated into this record. Because the vast majority of entries on the government's list consist of unverified, anonymous nicknames, I request that the Court appoint an independent third party to conduct a rigorous forensic accounting and line-item verification of all purported victim claims to expose any fictitious entities.

5. **Revocation of Prior Authorization If Any:** No individual or entity possesses the authority to represent me or speak on my behalf in this matter. I hereby explicitly void and retract any and all claims, documents, or statements previously submitted under my name or nickname by any third party prior to this date.

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

**CERTIFICATE OF SERVICE**

I certify o[redacted] submitted this filing to the Court's Pro Se Intake for docketing via email ProSe@nysd.uscourts.gov.

US Attorney's Office SDNY:

- ryan.finkel@usdoj.gov (Ryan Finkel, Assistant US Attorney)
- justin.horton@usdoj.gov
- micah.fergenson@usdoj.gov

Defense counsel:

- msarafa@sarafalaw.com
- jdratel@dratellewis.com
- jkaley@doarlaw.com

**Attachment: Personal ID**

**Date**[redacted]

**Respectfully submitted,**

Signatu[redacted]
Addres[redacted]
Teleph[redacted]
Emai[redacted]

姓名

性别

出生

住址

公民身

[redacted]

[redacted]

中华人民共和国

居民身份证

签发机关 [redacted]

有效期限 [redacted]

[redacted]

Case: 26-2102, 07/31/2026, DktEntry: 10.1, Page 25 of 28

发件人： **Pro Se Filing** <pro_se_filing@nysd.uscourts.gov>
日期 [redacted]
主题：IMPORTANT INFORMATION, PLEASE REVIEW
收件人 [redacted]

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 15 megabytes;
- The complaint must be signed by the filing party;
    - Fee requirements and instructions:
    - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007.**
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;

- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court' s night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

# EXHIBIT 5

**On September 5, 2017, in his "Law and Society" #64 of Mingjing, Dr. Chen Xiaoping had an Exclusive Interview with Yvette Wang. In the interview, Wang self-declared a "DEVOTED" communist, maintained a "18-year active membership in the Chinese Communist Party" (CCP).**



Retail

U.S. POSTAGE PAID
PM
[redacted]

10007

$12.90

RDC 03 1 Lb 14.00 Oz S2323A501988-24

PRIORITY
★ MAIL ★

DATE OF DELIVERY SPECIFIED*
USPS TRACKING™ INCLUDED*
INSURANCE INCLUDED*
PICKUP AVAILABLE
* Domestic only

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

USMAILED SDNY

PRESS FIRMLY

EXPECTED DELIVERY DAY: 07/23/26

MAIL REQUIRED

USPS TRACKING® #
[redacted]

FROM:
[redacted]

TO:

Clerk Office
Thurgood Marshall Courthouse
40 Foley Square
NY, NY 10007

EP14F July 2013

VISIT US AT USPS.COM®